
1  **SCHLEIER LAW OFFICES, P.C.**
2  3101 N. Central Avenue
   Suite 1090
3  Phoenix, Arizona 85012
   Telephone:  (602) 277-0157
4  Facsimile:  (602) 230-9250

5  TOD F. SCHLEIER, ESQ.  #004612
   Email: tod@schleierlaw.com
6  BRADLEY H. SCHLEIER, ESQ.  #011696
7  Email: brad@schleierlaw.com
   Attorneys for Plaintiff
8
                    IN THE UNITED STATES DISTRICT COURT
9
                              DISTRICT OF ARIZONA
10

11 | Thomas G. Frazier, a married man,           ) Case No.:
   |                                             )
12 |            Plaintiff,                       )
   | v.                                          ) **COMPLAINT**
13 |                                             )
14 | Honeywell Pension and Savings Plan;         )
   | Honeywell, Inc., a Delaware corporation;    ) (Jury Trial Demanded)
15 | Honeywell Retirement Earnings Plan;         )
   | Honeywell Secured Benefit Plan;  Bendix     )
16 | Salaried Plan; King Radio Plan; Plan        )
17 | Administrator for the Honeywell Pension and )
   | Savings Plan; Plan Administrator for the    )
18 | Honeywell Retirement Earnings Plan; Plan    )
   | Administrator for the Honeywell Secured     )
19 | Benefit Plan; Plan Administrator for the    )
20 | Bendix Salaried Plan; Plan Administrator for)
   | the King Radio Plan,                        )
21 |                                             )
   |            Defendants.                      )
22 |                                             )

23        Plaintiff, by and through counsel, alleges as follows for his claims under the

24 Employee Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001 *et*
25
   *seq.*:

-1-

## JURISDICTION AND VENUE

1. Jurisdiction of this matter is appropriate pursuant to 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331.

2. Venue is proper pursuant to 29 U.S.C. §1132(e) and 28 U.S.C. §1391 as Defendants breached their obligations in Arizona and Plaintiff is a resident of the State of Arizona.

## THE PARTIES

3. Plaintiff Thomas G. Frazier is a married man and currently resides in Maricopa County, Arizona. Plaintiff is and was a Participant in the Bendix Salary Plan and successor Plans within the meaning of §3(7) of ERISA, 29 U.S.C. §1002(7).

4. Defendant Plans are employee pension benefit plans within the meaning of §3(2) of ERISA, 29 U.S.C. §1002(2) which were established and maintained for the purpose of providing retirement benefits for participants and their beneficiaries, including Plaintiff.

5. Defendant Honeywell, Inc is a Delaware corporation currently doing business in the State of Arizona. Defendant Honeywell administers and sponsors the various Defendant Plans named herein pursuant to §3(16) of ERISA, 29 U.S.C. §1002(16).

6. Defendants Plan Administrator for the Honeywell Pension and Savings Plan, Plan Administrator of the Honeywell Retirement Earnings Plan, Plan Administrator for the Honeywell Secured Benefit Plan, Plan Administrator for the Bendix Salaried Plan,

and Plan Administrator for the King Radio Plan are Plan Administrators for the various Plans named herein with in the meaning of §3(16)(1) of ERISA, 29 U.S.C. §1002(16)(a).

## FACTUAL BACKGROUND

7. Plaintiff was hired as a full-time employee of Sundstrand Data Control in 1988.

8. AlliedSignal purchased Sundstrand Data Control from the Sundstrand Corporation in 1994.

9. As part of the purchase agreement, and so that Sundstrand employees received benefits at least equal to the benefits they were entitled to before the merger, Plaintiff was placed in the Bendix Salaried Plan and vested. Plaintiff was led to understand, as a legacy Sundstrand Employee under the terms of the merger and purchase, he was to continue to receive benefits under the Bendix Salaried Plan for the duration of his tenure at AlliedSignal (and subsequently Honeywell).

10. The Bendix Salaried Plan provided that:

> If you transfer within the Company to a location that is **not** covered by this plan, but is covered by another salaried retirement plan that uses final average compensation, you'll continue to earn vesting and credited service under this plan.

11. In 1996, at the company's request, Plaintiff was relocated to Olathe, Kansas. He was given the option to transfer to either the flight operation in Redmond, Washington *or* to Olathe.

12. Plaintiff was provided with no notice in the relocation package or during the move or anytime thereafter that a significant reduction in the rate of future pension benefit accruals would occur if he transferred to Olathe.

13. Had such notice been provided, it was highly unlikely Plaintiff would have chosen to relocate to Olathe, or he would have taken steps to ensure retention of the Bendix Plan benefit would have occurred as part of the move.

14. After moving to Olathe, Plaintiff was involuntarily and without notice switched to the King Radio Plan.  The Bendix Plan provided Plaintiff with nearly four times the retirement benefits found under the King Radio Plan.

15. At no time was Plaintiff provided notice that his participation in the Bendix Salaried Plan was terminated.  He received no notice informing him he was being provided benefits under a different plan, the King Radio Plan, which provided significantly less benefits.

16. The Plan Administrators for both plans failed to provide Plaintiff with any information about the termination or the terms of the new plan he was placed in and to date has not seen the detailed plan terms of either pension plan.

17. In fact, it was difficult, if not impossible, for Plaintiff to have any idea he was terminated from the Bendix Salaried Plan and placed into another plan.

18. With no notice from the Plan Administrator of the Bendix Salaried Plan or any new introductory notice from the King Radio Plan, the administrators clearly failed to meet their fiduciary obligations to Plaintiff.

19. Over the time since Plaintiff moved to Olathe, it was Plaintiff's understanding that the King Radio Plan has had five different names including one called the "Bendix/King Avionics" plan.

20. Since no information contrary to his understanding was readily available, Plaintiff reasonably expected no unilateral decision would be made that would change his plan participation, including the fact that upon transfer to other business units employees are subject to the pension benefits of that unit.

21. In fact, Mr. Frazier was not transferred to another pension plan when he was transferred to the Phoenix business unit in March of 2000.

22. Upon information and belief, current employees (his ex-Sundstrand counterparts in Redmond) and Plaintiff who started within a few months of each other in 1988, performed similar jobs for 20 years, but at different locations. The Bendix Plan was never merged with another plan nor was it ever terminated. As the employees remained in Redmond, their participation in the Bendix Salaried Plan continues to this day.

23. Upon information and belief, other employees who transferred at the company's request to sites other than Olathe who are either retired or are still working, continue under the Bendix Salaried Plan.

24. Upon information and belief, Thomas H. LittleJohn and Carl F. Brown were participants in the Bendix Salaried Plan and were moved to Olathe.

25. Like Plaintiff, Defendants took the position their benefits would be provided under the King Radio Plan. However, they appealed the decisions and are currently being provided benefits under the Bendix Salaried Plan.

26. Plaintiff subsequently applied for retirement benefits under the Bendix Salaried Plan.

27. On July 31, 2009, Defendants denied Plaintiff his request for benefits.

28. Plaintiff filed a timely appeal of the benefit decision on September 28, 2009.

29. Defendants failed to respond to the appeal.

30. On March 17, 2010, Plaintiff re-urged his appeal.

31. To date, Defendants have failed to respond to the appeal.

32. Plaintiff has, therefore, exhausted his administrative remedies.

## COUNT ONE
## (VIOLATION OF ERISA--§502(a)(1)(B))

33. By reference, Plaintiff hereby incorporates paragraphs 1-32.

34. That Plaintiff was entitled to benefits under the Bendix Salaried Plan (or any renamed version of that Plan).

35. That Defendants have failed to provide Plaintiff benefits under the Bendix Salaried Plan and therefore violated that plan.

36. The Bendix Salaried Plan is subject to the terms of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§1001 *et. seq.* [hereinafter "ERISA"].

37. Defendants have provided other similarly situated employees benefits under the Bendix Salaried Plan.

38. That Defendants' failure to provide benefits under the Bendix Salaried Plan violates §502 of ERISA, 29 U.S.C. §1132(a).

39. As a direct and proximate result of Defendants' failure to provide Plaintiff benefits under the Bendix Salaried Plan, Plaintiff has sustained damages in the form of lost retirement benefits.

**COUNT TWO**
**(VIOLATION OF ERISA--§502(a)(2) FIDUCIARY DUTY)**

40. By reference hereto, Plaintiff hereby incorporates paragraphs 1-39.

41. Defendants have a fiduciary responsibility to provide Plaintiff any changes in his benefit plans and to adhere to the terms of benefit plans.

42. Defendants breached their fiduciary duty by failing to provide Plaintiff notice of any changes to his benefit plans with regard to Plaintiff's ability to receive benefits or being a participant in the Bendix Salaried Plan.

43. Defendants breached their fiduciary duty to Plaintiff by failing to be consistent with their determinations of those who are able to receive benefits under the Bendix Salaried Plan as Defendants provided benefits to those individual that are similarly situated to Plaintiff.

44. As a result of Defendants' breach of fiduciary duty, Plaintiff has been damaged in the form of not being provided benefits under the Bendix Salaried Plan.

WHEREFORE, Plaintiff requests that Judgment be entered in his favor against Defendants as follows:

1. Payment of all benefits due and owing to Plaintiff under the terms of the Bendix Salaried Plan;

2. An Order requiring Defendants to reinstate Plaintiff's coverage and provide Plaintiff with any and all other benefits due and owing under the Bendix Salaried Plan;

3. An award of costs of suit;

4. Pre-judgment and post-judgment interest; and

5. Any other relief the Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial.

DATED this  30th  day of July, 2010.

                                                  SCHLEIER LAW OFFICES, P.C.

                                                  s/ Bradley H. Schleier
                                                  Bradley H. Schleier
                                                  Attorney for Plaintiff