**SCHLEIER LAW OFFICES, P.C.**
**TOD F. SCHLEIER, ESQ.  #004612**
**BRADLEY H. SCHLEIER, ESQ.  #011696**
3101 N. Central Avenue, Suite 1090
Phoenix, Arizona 85012
Telephone:  (602) 277-0157
Facsimile:  (602) 230-9250
Email: tod@schleierlaw.com
Email: brad@schleierlaw.com

**SUSAN MARTIN #014226**
**JENNIFER KROLL #019859**
**MARTIN & BONNETT, P.L.L.C.**
1850 N. Central Ave. Suite 2010
Phoenix, Arizona 85004
Telephone: (602) 240-6900
smartin@martinbonnett.com
jkroll@martinbonnett.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas G. Frazier, a married man, ) | Case No.:  CV 10-01618-PHX-SRB |
| ) | |
| Plaintiff, ) | |
| v. ) | **Plaintiff's Opposition to Defendants'** |
| ) | **Motion for Leave to File** |
| Honeywell Pension and Savings Plan; ) | **Surreply** |
| Honeywell, Inc., a Delaware corporation; ) | |
| Honeywell Retirement Earnings Plan; ) | |
| Honeywell Secured Benefit Plan;  Bendix ) | |
| Salaried Plan; King Radio Plan; Plan ) | |
| Administrator for the Honeywell Pension and ) | |
| Savings Plan; Plan Administrator for the ) | |
| Honeywell Retirement Earnings Plan; Plan ) | |
| Administrator for the Honeywell Secured ) | |
| Benefit Plan; Plan Administrator for the ) | |
| Bendix Salaried Plan; Plan Administrator for ) | |
| the King Radio Plan, ) | |
| ) | |
| Defendants. ) | |

Plaintiff hereby opposes Defendants' Motion for Leave to File a Surreply on Plaintiff's Motion to File the Second Amended Complaint.

Defendants' contention that they should be permitted to file a surreply — because Plaintiff's reply brief purportedly raised a new issue that was not responsive to Defendants' opposition — is contrary to the record and Defendants' own admissions. *See* Doc. 105 p. 1 (conceding that Plaintiff's arguments "were made in response to Defendants' argument that Plaintiff lacked standing to assert claims on behalf of Bendix Plan participants who transferred to plans other than cash balance plans …."). Like their motion to dismiss (that the Court held raised questions of fact inappropriate on a motion on the pleadings, Doc. 71 n.3), Defendants have again disregarded the Federal and Local Rules of Civil Procedure.[1] Defendants' motion is nothing but a transparent effort to bolster their meritless, conclusory argument attacking Plaintiff's standing. Because Plaintiff's arguments on reply were in response to the standing argument raised in Defendants' responsive pleading, Defendants' attempt to re-argue standing (while also meritless), should be summarily denied.

Plaintiff's proposed Second Amended Complaint references and describes numerous provisions of the 1987 Bendix Plan and also expressly states that the King Radio Plan recognizes Service under the Bendix Plan as service for benefit computation purposes- thereby threading the needle on one of several provisions of the 1987 Bendix Plan on which Plaintiff's claims are based. Doc. 87, ¶¶42-44. See Article XIII, Sec. 4 of the 1987 Bendix Plan promising Bendix benefits in the event of a transfer to another location that maintained a plan that "recognizes Service as service for benefit computation purposes." Doc. 93-5, at 47 of 79. Plaintiff's proposed amended complaint sets forth

---

[1] The 1987 Bendix Plan was not provided to Plaintiff until sometime in January 2012 along with thousands of pages of documents. Doc. 97 ¶ 13. While baselessly challenging Plaintiff's timing in moving to amend, Defendants waited 17 days to ask to file a surreply to Plaintiff's reply brief even though reply briefs themselves are due within 7 days of a responsive pleading under LR Civ. 7.2(d), and Plaintiffs must move for class certification by August 10.

classes that include individuals who were harmed by various violations of the 1987 Bendix Plan and ERISA provisions identified in the proposed Second Amended Complaint. The motion to amend likewise asserted that Plaintiff is entitled to benefits under multiple provisions of the 1987 Bendix Plan and ERISA.

Defendants already had a full and fair opportunity to respond to Plaintiff's Motion for Leave to File a Second Amended Complaint; their response included a 15 page brief, two declarations and nine exhibits including the 1987 Bendix Plan and the King Radio Plan. Docs. 93-1 through 93-6.  Defendants disputed Plaintiff's standing to raise certain claims. Defendants' standing argument ignored the actual language of the  plan provisions in question including the specific language of the Article XIII Sec. 4 of the 1987 Bendix Plan (which does not mention and in no way excludes cash balance plans as plans that could recognize Bendix Service for benefit computation purposes) as well as the numerous provisions of the King Radio Plan which unambiguously recognize Service under the Bendix Plan for benefit computation purposes under the King Radio Plan. Instead, Defendants' standing argument attempted to draw generalized distinctions between final average pay plans and cash balance plans even though such distinctions have no relevance under the 1987 Bendix Plan.[2]

Plaintiff's reply brief disposed of Defendants' standing argument by demonstrating that Plaintiff had standing to challenge ERISA and Plan violations of  Article XIII, Sec. 4 of  the 1987 Bendix Plan. Plaintiff's reply countered Defendants' standing argument by, *inter alia,* identifying and addressing specific provisions of the King Radio Plan that recognize an employee's service under the Bendix Plan for benefit computation purposes under the King Radio Plan. Plaintiff also pointed out that there is no exclusion for cash

---

[2] Both types of plans are "defined benefit plans" under ERISA and are required to comply with ERISA requirements for such plans. *Berger v. Xerox Corp. Ret. Income Guar. Plan*, 338 F.3d 755, 762-63 (7th Cir. 2003) (cash balance plan could not avoid providing the benefit requirements mandated for defined benefit plans by describing itself as a "hybrid" plan – "so for 'hybrid' read unlawful."); *Miller v. Xerox Corp. Ret. Income Guarantee Plan*, 464 F.3d 871, 875 (9th Cir. 2006).

balance plans under Article XIII Sec. 4 of the 1987 Bendix Plan and that Defendants' attempt to pretend that there was ignored the clear language of the 1987 Bendix Plan.

Based on this record there is simply no basis to assert that Plaintiff's reply raised a new issue justifying a surreply. It was Defendants who chose to oppose amendment of the complaint on standing grounds. Plaintiff was entitled to demonstrate the lack of merit in such argument on reply. The fact that Plaintiff actually addressed the specific plan language and went beyond the inapposite generalities of Defendants' assertions does not entitle Defendants to now re-argue their opposition to the motion to amend.

The Local Rules of this Court contemplate a motion, a response to the motion and a reply. *See* L.R. Civ. 7.2. There is no provision for a surreply. *Spina v. Maricopa County Dept. of Transp.*, CV05-0712-PHX-SMM, 2009 WL 890997 (D. Ariz. Apr. 1, 2009) ("Neither Federal Rule of Civil Procedure 7 nor the local rules of practice for this District provide for the filing of a surreply, and surreplies are not authorized by any other rules of procedure absent express prior leave of the Court."). "Surreplies . . . are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter." *Sims v. Paramount Gold & Silver Corp.*, No. CV10-356-PHX-MHM, 2010 WL 5364783, at *20 (D. Ariz. Dec. 21, 2010) (citations omitted). *See also Spina*, 2009 WL 890997, at *1 (denying leave to file surreply to address argument raised on reply in response to argument in response brief); *Greenawalt v. Sun City W. Fire Dist.*, CV 98-1408 PHX-ROS, 2006 WL 1663540 (D. Ariz. June 10, 2006) (denying leave to file surreply and rejecting contention that new argument was raised on reply). As Defendants conceded, Plaintiff's reply brief addressed an argument raised by Defendants in their responsive brief.

As in *Sims,* Defendants "had a full and fair opportunity to brief the issues in this case in [their] response." 2010 WL 5364783, at *8. Defendants have not provided the Court with any basis to deviate from established motion practice. Defendants' improper attempt to have the last word on Plaintiff's motion to amend should be denied.

Plaintiff also vigorously disputes Defendants' efforts to distort or explain away the King Radio Plan's provisions that recognize Bendix Plan service for benefit computation purposes. For example, the mere fact that Defendants claim that some of the provisions identified by Plaintiff that recognize Bendix Plan service in the computation of King Radio Plan benefits are required or permitted by ERISA or that some are alleged "boilerplate" ERISA provisions does not mean that such provisions can somehow be ignored or written out of the King Radio Plan. ERISA drives many (if not most) of the provisions of all private pension plans. Disregarding King Radio Plan provisions that recognize Bendix Plan Service merely because the provisions might be required or permitted by ERISA makes no sense and is contrary to what the Bendix Plan language provides.[3]

In any event, although likely not intended by Defendants, their belated assertions about the King Radio plan highlight the plausibility of Plaintiff's proposed amendments to the complaint alleging that he was injured by violations of and unlawful amendments to the 1987 Bendix Plan and further underscore that Plaintiff has standing to litigate his claims on the merits. *Bogor v. Am. Pony Exp., Inc.*, CV09-2260-PHX-JAT, 2010 WL 3239387 (D. Ariz. Aug. 16, 2010) ("[t]he party opposing amendment bears the burden of showing …" futility, or one of the other permissible reasons for denying a motion to amend.") (quoting *DCD Programs, LTD v Leighton,* 833 F.2d 183, 187 (9th Cir. 1987)). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Plaintiff has clearly established standing to assert those claims which rely on the Article XIII section 4 of the 1987 Bendix Plan. *See, e.g.*, *Franco v. Connecticut Gen. Life Ins. Co.*, 818 F.

---

[3] Each of Defendants' other proffered arguments in their proposed surreply are equally meritless and fail to satisfy their burden to establish lack of standing. Should Defendants be permitted to supplement their standing arguments with their efforts to write out or misrepresent unambiguous provisions of the King Radio Plan that recognize Service as service for benefit computation purposes, Plaintiff respectfully requests an opportunity to address Defendants' belated and meritless arguments.

Supp. 2d 792, 820 (D.N.J. 2011) (denying motion to dismiss: "The Complaints at issue contain much more than mere conclusory assertions that CIGNA underpaid ONET claims in breach of plan provisions. The factual allegations underpinning the alleged breach are plentiful."). No additional briefing on the motion to amend is appropriate.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Defendants' Motion for Leave to File a Surreply be denied.

RESPECTFULLY SUBMITTED this 9th day of July, 2012.

**MARTIN & BONNETT, P.L.L.C.**

By:   s/Susan Martin
    Susan Martin
    Jennifer L. Kroll
    1850 N. Central Ave. Suite 2010
    Phoenix, AZ 85004

**SCHLEIER LAW OFFICES, P.C.**
Tod F. Schleier, Esq.
Bradley H. Schleier, Esq.
3101 N. Central Avenue
Suite 1090
Phoenix, Arizona 85012

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2012, I electronically filed the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

David B. Rosenbaum
Dawn L. Dauphine
Osborn Maledon, P.A.
2929 North Central Ave., Suite 2100
Phoenix, AZ 85012-2794

Howard Shapiro
Kara L. Lincoln
Nicole A. Eichberger
Proskauer Rose LLP
650 Poydras Street, Suite 1800
New Orleans, LA 70130

Myron D. Rumeld
Amy Covert
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036


<u>s/J. Kroll</u>