OSBORN
MALEDON

A PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

The Phoenix Plaza
21st Floor
2929 North Central Avenue
Phoenix, Arizona 85012-2793

P.O. Box 36379
Phoenix, Arizona 85067-6379

Telephone   602.640.9000
Facsimile    602.640.9050

David B. Rosenbaum, Atty. No. 009819
Dawn L. Dauphine, Atty. No. 010833
OSBORN MALEDON, P.A.
2929 North Central Avenue, 21st Floor
Phoenix, AZ 85012-2793
(602) 640-9000
drosenbaum@omlaw.com
ddauphine@omlaw.com
Attorneys for Defendants
(Additional counsel for Defendants appear on signature page)

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| Thomas G. Frazier, a married man, | ) |
| :--- | :--- |
| Plaintiff, | ) |
| vs. | ) No. CV-10-01618-PHX-SRB |
| Honeywell Pension and Savings Plan; Honeywell, Inc., a Delaware corporation; Honeywell Retirement Earnings Plan; Honeywell Secured Benefit Plan; Bendix Salaried Plan; King Radio Plan; Plan Administrator for the Honeywell Pension and Savings Plan; Plan Administrator for the Honeywell Retirement Earnings Plan; Plan Administrator for the Honeywell Secured Benefit Plan; Plan Administrator for the Bendix Salaried Plan; Plan Administrator for the King Radio Plan | ) **DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE A SUR-REPLY**  <br><br> (Oral Argument Requested) |
| Defendants. | ) |

Defendants respectfully submit this reply memorandum in further support of their Motion for Leave to File a Sur-Reply in Opposition to Plaintiff's Motion to File a Second Amended Complaint.

Contrary to Plaintiff's assertions, Defendants did not seek leave to file a sur-reply to "re-argue standing" or to raise new issues. (Doc. 107 at 1) To the contrary, as stated in Defendants' motion, Defendants sought leave to file a sur-reply "*not* to rehash the merits or legal arguments already briefed," but for the limited purpose of


advising the Court of Plaintiff's numerous misrepresentations and erroneous characterizations of the King Radio Plan. (Doc. No. 106 at 1.)[1]

Thus, for the reason stated herein, and those stated in Defendants' motion, the Court should disregard Plaintiff's misrepresentations and erroneous characterizations of the King Radio Plan.

DATED this 12th day of July, 2012.

>David B. Rosenbaum
>Dawn L. Dauphine
>OSBORN MALEDON, P.A.
>2929 North Central Avenue, 21st Floor
>Phoenix, AZ  85012-2793
>
>Myron D. Rumeld
>Amy Covert
>Russell L. Hirschhorn
>PROSKAUER ROSE LLP
>Eleven Times Square
>New York, NY  10036-8299
>
>Howard Shapiro
>Kara L. Lincoln
>PROSKAUER ROSE LLP
>Poydras Center
>650 Poydras Street, Suite 1800
>New Orleans, LA  70130-6146
>
>**Attorneys for Defendants**
>
>By: _/s/Dawn L. Dauphine_____

---

[1] Additionally, and contrary to Plaintiff's contention (*see* Doc. 107 at 3), the fact that the 1987 Bendix Plan does not use the words "cash balance plan" does not alter the fact that the King Radio Plan never recognized prior "Service" under the Bendix Plan. (*See* Doc. 93 at 8, 13.)  Defendants' use of "cash balance plan" throughout their opposition brief is merely a short-handed way of characterizing plans that do not recognize service for benefit calculation purposes. *See*, *e.g.*, *Esden v. Bank of Boston*, 229 F.3d 154, 158 & n.4 (2d Cir. 2000) (observing that a cash balance formula is based on pay and interest credits while a conventional defined benefit plan calculates benefits based on compensation and years of service).

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |

I hereby certify that on July 12, 2012, the attached document was electronically transmitted to the Clerk of the Court using the CM/ECF System which will send notification of such filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

By: /s/Andrina Hughes

4298882v1