**SCHLEIER LAW OFFICES, P.C.**
**TOD F. SCHLEIER, ESQ. #004612**
**BRADLEY H. SCHLEIER, ESQ. #011696**
3101 N. Central Avenue, Suite 1090
Phoenix, Arizona 85012
Telephone: (602) 277-0157
Facsimile: (602) 230-9250
Email: tod@schleierlaw.com
Email: brad@schleierlaw.com

**SUSAN MARTIN #014226**
**JENNIFER KROLL #019859**
**MARTIN & BONNETT, P.L.L.C.**
1850 N. Central Ave. Suite 2010
Phoenix, Arizona 85004
Telephone: (602) 240-6900
smartin@martinbonnett.com
jkroll@martinbonnett.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas G. Frazier, a married man, | Case No.: CV 10-01618-PHX-SRB |
| Plaintiff, | |
| v. | **Plaintiff's Motion for Class Certification** |
| Honeywell Pension and Savings Plan; Honeywell, Inc., a Delaware corporation; Honeywell Retirement Earnings Plan; Honeywell Secured Benefit Plan; Bendix Salaried Plan; King Radio Plan; Plan Administrator for the Honeywell Pension and Savings Plan; Plan Administrator for the Honeywell Retirement Earnings Plan; Plan Administrator for the Honeywell Secured Benefit Plan; Plan Administrator for the Bendix Salaried Plan; Plan Administrator for the King Radio Plan, | **(Oral Argument Requested)** |
| Defendants. | |

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................... 1

FACTS AND PROCEDURAL BACKGROUND ..........................................2

SUMMARY OF CLAIMS ........................................................................ 3

DESCRIPTION OF THE CLASSES ........................................................ 4

A.  Classes 1-3: 1987 Bendix Plan Claims Classes................................ 4

B.  Class 4 and Subclass 4A: 1994 and 1996 Bendix Plan Claims
Class and Subclass ................................................................................ 6

C.  Class 5:  Class Challenging Defendants' Breach of Fiduciary Duty
and Violations of ERISA's Disclosure Requirements ............................7

I.     THE REQUIREMENTS OF RULE 23(a) ARE SATISFIED .................8

A.     Defendants Agree the Numerosity Requirement under Rule 23(a)(1) Is Met.................8

B.     The Commonality Requirement under Rule 23(a)(2) Is Met ..................................... 9

C.     The Typicality Requirement under Rule 23(a)(3) Is Met...................................... 12

D.     Plaintiff Is an Adequate Class Representative under Rule 23(a)(4)........................ 13

E.     Counsel Will Adequately Represent the Interests of the Classes ............................ 14

II.     RULE 23(b)(1) CERTIFICATION IS PROPER......................................... 14

III.  THE CLASSES MAY BE CERTIFIED UNDER RULE 23(b)(2) ………………...15

IV.  THE CLASSES MAY BE CERTIFIED UNDER RULE 23(b)(3) ......................... 16

CONCLUSION ...................................................................................... 17

**TABLE OF AUTHORITIES**

**Cases**

*Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997) ................................................ 16

*Barnes v. AT & T Pension Benefit Plan-Nonbargained Program*, 270 F.R.D. 488 (N.D. Cal. 2010) ........................................................................................................................... 11

*Barnes v. AT & T Pension Ben. Plan-NonBargained Program*, 273 F.R.D. 562 (N.D. Cal. 2011) ........................................................................................................................... 9

*Berger v. Xerox Corp. Ret. Income Guarantee Plan*, 338 F.3d 755 (7th Cir. 2003) .. 10, 16

*Brink v. First Credit Resources*, 185 F.R.D. 567 (D. Ariz. 1999) .............................. 8, 16

*Bunnion v. Consol. Rail Corp.*, NO. CIVA. 97-4877, 1998 WL 372644 (E.D. Pa. May 14, 1998) ............................................................................................................................... 15

*Cigna Corp. v. Amara*, 563 U.S. ___, 131 S.Ct. 1866 (2011) ...................................... 12

*Cobb v. Monarch Finance Corp.*, 913 F.Supp. 1164 (N.D. Ill. 1995) ............................ 13

*DiFelice v. U.S. Airways, Inc.*, 235 F.R.D. 70 (E.D. Va. 2006) .................................... 10

*Ellis v. Costco Wholesale Corp.*, 657 F.3d 970 (9th Cir. 2011) .................................... 13

*Facciola v. Greenberg Traurig LLP*, CV-10-1025-PHX-FJM, 2012 WL 1021071 (D. Ariz. Mar. 20, 2012) ........................................................................................................ 13

*General Telephone Co. v. Falcon*, 457 U.S. 147 (1982) ............................................... 12

*George v. Duke Energy Ret. Cash Balance Plan*, 259 F.R.D. 225 (D.S.C. 2009) ........... 10

*Hanlon v. Chrysler Corp.* 150 F.3d 1011 (9th Cir. 1998) ............................................. 13

*Harris v. Koenig*, 271 F.R.D. 383 (D.D.C. 2010) ....................................................... 15

*Humphrey v. United Way*, No. H-05-0758, 2007 WL 2330933 (S.D. Tex. Aug. 14, 2007) ...................................................................................................................................... 15

*Ilhardt v. A. O. Smith Corp.*, 168 F.R.D. 613 (S.D. Ohio 1996) .................................. 13

*In re Citigroup Pension Plan ERISA Litig.*, 241 F.R.D. 172, 180 (S.D.N.Y. 2006) ......... 15

*In re Ikon Office Solutions, Inc.*, 191 F.R.D. 457 (E.D. Pa. 2000) ................................ 10

*In re J.P. Morgan Chase Cash Balance Litig.*, 242 F.R.D. 265 (S.D.N.Y. 2007) ........... 15

*In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585 (3d Cir. 2009) ....................... 12

*In Re Seagate Technology II Securities Litigation*, 843 F.Supp. 1341 (N.D. Cal. 1994) . 13

*Johnson v. Arizona Hosp. & Healthcare Ass'n*, CV07-1292-PHX-SRB, 2009 WL 5031334 (D. Ariz. July 14, 2009) ................................................................................... 16

*Kennedy v. United Healthcare of Ohio, Inc.*, 206 F.R.D. 191 (S.D. Ohio 2002) ............. 15

ii

*Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152 (9th Cir. 2001) ............................................................ 14, 17

*Lyell v. Farmers Grp. Inc. Empl'ees' Pens. Plan*, No. CV 07-1576-PHX-JAT, 2008 WL 5111113 (D. Ariz. Dec. 3, 2008) ............................................................ 14

*Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581 (9th Cir. 2012) ............................... 9

*Meagher v. International Ass'n of Machinists and Aerospace Workers Pension Plan*, 856 F.2d 1418 (9th Cir. 1988) ............................................................ 12

*Mezyk v. U.S. Bank Pension Plan*, 3:09-CV-384-JPG-DGW, 2011 WL 6729570 (S.D. Ill. Dec. 21, 2011) ............................................................ 16

*Pender v. Bank of Am. Corp.*, 269 F.R.D. 589 (W.D.N.C. 2010) .............................. 10, 15

*Richards v. FleetBoston Fin. Corp.*, 238 F.R.D. 345 (D. Conn. 2006)............................ 10

*Richards v. FleetBoston Fin. Corp.*, 238 F.R.D. 345 (D. Conn. 2006)............................ 15

*Schutte, v. Maleski*, No. CIV A. 93-0961, 1993 WL 218898 (E.D. Pa. Jun. 18, 1993).... 15

*Shaw v. International Ass'n of Machinists and Aerospace Workers Pension Plan*, 750 F.2d 1458 (9th Cir. 1985) ............................................................ 12

*Stewart v. Rubin*, 948 F. Supp. 1077 (D.C. Cir. 1996)........................................ 13

*Sullivan v. DB Investments, Inc.*, 667 F.3d 273 (3d Cir. 2011)................................ 9

*Thomas v. Smith Kline Beecham Corp.*, 201 F.R.D. 386 (E.D. Pa. 2003) ...................... 15

*Wal-Mart Stores, Inc. v. Dukes,* __ U.S. __, 131 S.Ct. 2541 (2011). ............................ 3, 9

*Winkler v. DTE, Inc.,* 205 F.R.D. 235, 241 (D. Ariz. 2001) ............................ 12

*Winnett v. Caterpillar, Inc.*, No. 06-cv-235, 2007 WL 2044098 (M.D. Tenn. Jul. 12, 2007)............................................................ 14

**Statutes**

ERISA § 204(h). 29 U.S.C. § 1054(h)(1994).................................................. 12

ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) .................................................. 12

**Regulations**

29 C.F.R. § 2560.503-1(b)(5).............................................................. 9

**Rules**

Federal Rule of Civil Procedure 23 ...........................................................*passim*

iii

**Other Authorities**

Alba Conte & Herbert Newberg, 1 *Newberg on Class Actions* § 3:5, at p. 247 (4th ed. 2002).................................................................................................. 8

iv

Plaintiff hereby moves for class certification of Classes 1-5 of the proposed Second Amended Complaint or alternatively, such other class as the Court determines is appropriate. This motion is supported by the attached declarations of: James E. Holland Jr. ("Holland Decl."); Thomas G. Frazier ("Frazier Decl."), Susan Martin ("Martin Decl.") and Bradley Schleier ("Schleier Decl.") and the record before this Court.

## INTRODUCTION

Plaintiff has alleged that prior to and at the time of his transfers of employment, the Plan documents and Bendix SPDs promised that all of his service with the Company or an affiliate would be credited. Like Plaintiff, hundreds of Bendix Plan participants transferred from points in Arizona and other places covered by the Bendix Plan to go work for the Company or an affiliate in other locations. At any given time, the same promises contained in the Bendix Plan documents and benefit descriptions contained in the summary plan descriptions were required to be applied uniformly to Bendix Plan participants. The Complaint alleges that Defendants violated the terms of the Bendix Plan documents, including the Bendix Plan documents in effect in 1987, 1994 and 1996. The Complaint also alleges that Defendants violated ERISA's accrual of benefit requirements through amendments of the 1987, 1994 and 1996 Bendix Plan documents that were applied retroactively to reduce accrued benefits and by failing to give the statutorily required notice before any amendment that reduces the rate of future benefit accruals can take effect. The Complaint also alleges that Defendants breached their fiduciary duties to Bendix Plan participants and that Defendants violated ERISA disclosure obligations.

All of the pension plan and ERISA violations at issue are based on the same documents and the same conduct by Defendants. The differences in the proposed classes track the differences in the Bendix Plan provisions and amendments adopted at different points in time. Classes 1-4 include persons who were participants in the Bendix Plan on or after 1987, 1994 and 1996 and who allege Plan and ERISA violations related to the Bendix Plan documents in effect at those times. Plaintiff is a member of all four classes. He began employment under the 1987 Bendix Plan and continues to be a participant

under the Bendix Plan. Under Class 5, Plaintiff and the class assert that Defendants breached their fiduciary duties and failed to give required ERISA disclosures. Plaintiff alleges that he is entitled to benefits under each of the Bendix Plan provisions and that he suffered harm from Defendants' plan and ERISA violations. He is an adequate representative with common and typical claims.

## FACTS AND PROCEDURAL BACKGROUND

In November 1993, Mr. Frazier became a participant in the Salaried Employees Pension Plan of AlliedSignal, Inc. ("Bendix Plan").[1] Honeywell eventually closed the Prescott facility where Mr. Frazier worked and many employees moved to other locations. Mr. Frazier was offered two jobs, one in Redmond, Washington and one in Olathe, Kansas. He agreed to move to Olathe. Many other Bendix Plan participants transferred to a number of other locations within the Company or to affiliates. Plaintiff began working at Olathe in early 1996. In the year 2000, Mr. Frazier was offered and took a job at the Company's Deer Valley location in Arizona.

The Bendix Plan is a defined benefit plan with a pension formula which is significantly better than the King Radio cash balance formula under the King Radio Plan in effect in Olathe.[2] The 1987 and 1992 Bendix Plan Summary Plan Descriptions ("Bendix Plan SPD") contain a provision, immediately preceding an illustration of the benefits formulas that multiply years of service for benefit calculation purposes, that informed Bendix Plan participants that all of their years of service with the Company would count in determining benefits. Doc. 40-8, at FR000843-44. The Bendix Plan SPD also provides that employment with an affiliated company followed by a transfer back to the Company also counts as service. Doc. 40-8, at FR000844.

---

[1] Plaintiff previously set forth the relevant facts in opposition to the motion to dismiss and in the motion to file a second amended complaint and the reply. The facts are summarized here for the convenience of the Court. For purposes of this motion, Plaintiff refers to AlliedSignal and Signal in all references to "Honeywell" or the "Company."

[2] *See* Holland Decl. ¶ 16, explaining why a final average pay plan is generally better than a cash balance plan and why the King Radio Plan is worse than some other cash balance plans.

When Plaintiff went to retire, he was told that he would not receive Bendix Plan benefits for all of his years of service, including his years of service at Olathe and Deer Valley. Instead, Defendants purported to provide Mr. Frazier with credited service under the Bendix Plan solely for the approximately 2.3 years of service he had in Prescott prior to his transfer to Olathe. This calculation resulted in significantly reduced monthly benefits. Holland Decl. ¶ 15. Mr. Frazier submitted a claim to Defendants seeking benefits under the terms of the Bendix Plan. More than a year later, his claim was denied. On Sept. 28, 2009, Plaintiff submitted an appeal from the claim denial. Despite follow-up requests, Plaintiff received no response to his appeal, and accordingly, on July 30, 2010, he filed this lawsuit. On May 6, 2011, more than 9 months after the lawsuit was filed and 19 months after Plaintiff submitted his appeal, Defendants purported to deny Plaintiff's appeal.

The Court denied Defendants' motion to dismiss on Dec. 6, 2011. Doc. 71. On Jan. 23, 2012, Plaintiff began receiving discovery and in Feb. 2012, Plaintiff received, for the first time (despite numerous prior requests), the 1987 Bendix Plan. After analyzing the 1987 Bendix Plan and several thousand other documents that were produced at the same time, Plaintiff moved for leave to file a Second Amended Complaint on April 24, 2012. Doc. 86. That motion is *sub judice*.[3]

## SUMMARY OF CLAIMS

Plaintiff contends that the failure to provide credited service under the Bendix Plan for all of Plaintiff and class members' years of service with the Company and/or affiliated companies violates the terms of the Bendix Plan documents (Count I). Plaintiff also alleges that the Bendix Plan was amended unlawfully to reduce accrued benefits and without notice in violation of ERISA §§ 204(g) and (h) (Count II). In addition, Plaintiff alleges that Defendants' course of conduct violated their fiduciary obligations (Count III).

---

[3] Plaintiff is seeking certification based on the classes set forth in the proposed Second Amended Complaint which refined the classes to set forth with more specificity, the parameters of each group asserting common claims. *See Wal-Mart Stores, Inc. v. Dukes*, __ U.S. __, 131 S.Ct. 2541, 2551 (2011).

Plaintiff has also alleged that Defendants violated the rights of Bendix Plan participants because they failed to provide adequate, timely and updated summary plan descriptions and notices of material modifications as required by ERISA (Count V).

Proof of the claims will entail evidence regarding Defendants' corporate structure, documents and conduct. Proof will not require delving into any individualized issues. Records in Defendants' possession regarding employment history and benefit information will enable identification of the class members. The claims involve common proof.

## DESCRIPTION OF THE CLASSES

The classes are pegged to discrete provisions and dates of the Bendix Plan and include those persons who were injured by the various Plan and ERISA violations. Because there are several iterations of the Bendix Plan documents, each of which was violated in specific ways, Classes 1-3 include persons who were harmed by specific violations of the 1987 Bendix Plan and Class 4, including Subclass 4A, includes persons who were harmed by changes made to the 1994 Bendix Plan and changes made to the 1996 Bendix Plan. Mr. Frazier, whose participation under the Bendix Plan commenced in 1993, was covered by the terms of the 1987 Bendix Plan and continues to be covered as a participant in the Bendix Plan to this day. He is a typical and adequate representative of all of the classes of participants challenging Defendants' violations of the Bendix Plan and ERISA requirements throughout the relevant time frame.

**A. Classes 1-3: 1987 Bendix Plan Claims Classes**

Classes 1-3 include all current and former Bendix Plan participants who at any time were covered under the Bendix Plan in effect in 1987. Classes 1-3 are all based on violations of the 1987 Plan that Plaintiff alleges entitled transferees like Plaintiff to receive benefits computed under the Bendix Plan based on all of their years of service with the Company and/or an affiliated company. Classes 1-3 are alleged to have suffered

the same harm as Plaintiff based on the same proof.[4]  All suffered harm by the failure to provide them with benefits under the 1987 Bendix Plan calculated on the basis of all of their years of service for benefit accrual purposes. Classes 1-3 were harmed by the same violations of ERISA related to the 1987 Bendix Plan.

**Class 1**:  Plaintiff alleges that the 1987 Bendix Plan requires that all of Mr. Frazier's years of service for the Company be counted for accrual of benefit purposes and in calculating the amount of his Bendix Plan benefits. The 1987 Bendix Plan provided that while he was employed by the "Company," Mr. Frazier was entitled to continue to accrue credited service under the Plan.  Plaintiff has alleged that King Radio and other locations to which Bendix Plan participants transferred were part of the "Company" as that term was defined in the 1987 Bendix Plan. Accordingly, Class 1 encompasses all participants who worked for the Company on or after January 1, 1987, transferred to another Company location and were not credited with accrued benefits and service for benefit calculation purposes under the Bendix Plan for all of their years of employment with the Company.

**Class 2**:  Even if Mr. Frazier's employment at King Radio had not been employment with the Company, the 1987 Bendix Plan contains two other provisions entitling Mr. Frazier and similarly situated transferees to benefits under the 1987 Bendix Plan based on all of their years of employment. First, Class 2 alleges that they are entitled to credit for all years because the 1987 Plan provided if an employee  was transferred to an employment classification that was not covered by the Plan or to an affiliated company that had a different pension plan which recognized Bendix Plan service for benefit computation purposes, if, at retirement, benefits for those transferred employees were less under the different plan than they were under the Bendix Plan, then the Bendix Plan would make up the difference. Class 2 members are participants who meet the

---

[4] The classes are narrowly drawn to include only those participants whose benefits at retirement were less than they would have been if their benefits had been calculated under the Bendix Plan based on all of their years of employment.

5

foregoing criteria and whose benefits are less or scheduled to be less than they would have been had they received credit under the Bendix Plan for all of their years of employment.

While denying knowledge of whether Plaintiff's work at King Radio was work for the Company under the 1987 Bendix Plan, Defendants have somehow also denied that King Radio was an affiliated company. For purposes of class certification it makes no difference. All participants who transferred to another location within the Company or to an affiliate and were covered by another plan that counted service under the Bendix Plan for benefit computation purposes were entitled to receive the difference between the benefits they earned under the other plan and the benefits they would have earned under the Bendix Plan for all of their years of employment.

**Class 3**:  The 1987 Bendix Plan also contained a provision entitling Mr. Frazier to benefits under the Bendix Plan regardless of the type of plan maintained at the other location because the Plan provided that if a participant transferred from the Company to an affiliated company and then transferred back, he would receive service credit under the Bendix Plan for all of his years of employment. Class 3 includes all persons who, like Mr. Frazier, were covered by the Bendix Plan, transferred from the Company to an affiliated company and then transferred back to the Company and were not credited with accrued benefits and years of service for benefit calculation purposes under the Bendix Plan for all of their years of employment with the Company and any affiliated company. Class 3 members are participants who meet the foregoing criteria and whose benefits were less or scheduled to be less than they would have been if they received benefits under the Bendix Plan for all of their years of employment.

**B.    Class 4 and Subclass 4A: 1994 and 1996 Bendix Plan Claims Class and Subclass**

Plaintiff also alleges claims for violations of ERISA and the Plan with respect to the 1994 Bendix Plan and a subsequent Bendix Plan document that amended the 1994 Bendix Plan, which was adopted in or around June 1996 (the "1996 Bendix Plan").

Plaintiff alleges that he and other 1994 Bendix Plan participants who transferred to other locations were entitled to continue accruing Bendix Plan benefits based on all of their years of service with the Company. Company is defined under the 1994 Bendix Plan as AlliedSignal, Inc. and Plaintiff alleges that it includes Honeywell's wholly owned subsidiary King Radio.[5] Plaintiff alleges that under the terms of the 1994 Bendix Plan, Plaintiff was entitled to continue to accrue benefits under the Bendix Plan both prior to and after his transfer to Olathe.

Plaintiff has also alleged that under the 1994 and 1996 Bendix Plan documents, participants who transferred to King Radio and other locations that maintained a cash balance plan were in employment classifications to which the Bendix Plan was extended and were therefore entitled to accrued benefits and service credit under the Bendix Plan for all of their years of employment for purposes of calculating the amount of their benefits. Class 4 consists of Bendix Plan participants who transferred to King Radio or other Company or affiliated company locations that maintained a cash balance plan.

Subclass 4A includes all Class 4 Bendix Plan participants who worked for the Company on or after January 1, 1995, the effective amendment date of the 1996 Plan document. The 1996 Plan document § 5.5 requires that benefits for employees under the Bendix Plan who transferred employment from a location covered by the Bendix Plan to a location that has a cash balance plan "be governed by uniform procedures of the Plan Administrator." Plaintiff alleges that the Plan required the Plan Administrator to treat all Plan participants uniformly and that they violated the Plan by not adhering to the Plan's uniformity requirements.

C.   **Class 5:   Class Challenging Defendants' Breach of Fiduciary Duty and Violations of ERISA's Disclosure Requirements**

Plaintiff also contends that Defendants breached their fiduciary duties and failed to

---

[5] Plaintiff also alleges that his work at Honeywell's Deer Valley location was work for the Company as defined under the pertinent Bendix Plan documents and that he was also entitled to accrued benefits calculated based on his years of employment given his transfer to the Deer Valley location.

comply with their ERISA disclosure requirements. As set forth above, the Bendix Plan SPD promised Bendix Plan participants that all of their years of service with the Company count as credited service when computing the amount of their Bendix Plan benefits. They also promised that a transfer to an affiliated company followed by a transfer back to the Company also counts as credited service. Yet, as Defendants admit, Plaintiff and other class members were not provided with accrued benefits and credited Service for benefit calculation purposes for all years of employment with the Company or an affiliated company. Class 5 includes all Bendix Plan participants who transferred to another Company or affiliated company location on or after the date of the Bendix Plan SPD issued on or about 1985 and who did not receive credited service under the Bendix Plan for all of their years of employment and whose benefits are less or are scheduled to be less than they would have been had all of their years of employment been credited under the Bendix Plan.

## I. THE REQUIREMENTS OF RULE 23(a) ARE SATISFIED

To certify a class, the Court must find that the prerequisites of Rule 23(a) are met and that the class meets the requirements of at least one of the provisions of Rule 23(b). Each of the Rule 23(a) requirements are met in this case.

## A. Defendants Agree the Numerosity Requirement under Rule 23(a)(1) Is Met

Defendants have produced documents showing that more than 200 Bendix Plan participants transferred to King Radio in Olathe and did not receive credit for all of their years of service under the Bendix Plan. Defendants further agreed the proposed class and subclass set forth in Plaintiff's First Amended Complaint and, if Plaintiff's Motion For Leave To File A Second Amended Complaint is granted, the proposed classes and subclass in the proposed Second Amended Complaint, are so numerous as to make joinder impracticable within the meaning of Fed. R. Civ. P. 23(a)(1). Doc. 92 p. 2 ¶ 2 Rule 23(a)'s numerosity requirement is met if it would be extremely difficult or inconvenient to join all class members. *Brink v. First Credit Resources*, 185 F.R.D. 567, 569 (D. Ariz. 1999). *See also* Alba Conte & Herbert Newberg, 1 *Newberg on Class Actions* § 3:5, at p. 247 (4th ed. 2002) ("the difficulty inherent in joining as few as 40

class members should raise a presumption that joinder is impracticable, and the plaintiff whose class is that large or larger should meet the test of Rule 23(a)(1) on that fact alone."). Given the vast number of Bendix Plan participants who work and live in different geographic locations, the classes are so numerous as to make joinder impracticable.

## B.    The Commonality Requirement under Rule 23(a)(2) Is Met

In order to establish commonality, there must be a "common contention… That common contention, moreover, must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes,* __ U.S. __, 131 S.Ct. 2541, 2551 (2011). Commonality only imposes a "limited burden" upon the plaintiff given that it "only requires a single significant question of law or fact." *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 589 (9th Cir. 2012). *See also Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 299-300 (3d Cir. 2011) (en banc). Here, there are numerous common questions of law.

The Bendix Plan by its terms and by law is required to treat every participant the same way and to be administered uniformly in compliance with the terms of the Plan and ERISA. The legal issues of whether the Plan or ERISA were violated by the failure to provide credited service to the class members are the same for all members of each class. The Plan itself establishes commonality. It requires that:

> In making any determination or rule, the Plan Administrator shall pursue uniform policies established by the Plan Administrator. It shall not discriminate in favor of or against any Member.

Doc. 40-5, at FR000293. The Department of Labor also requires that plan provisions must be applied uniformly. 29 C.F.R. § 2560.503-1(b)(5). *See Barnes v. AT & T Pension Ben. Plan-NonBargained Program*, 273 F.R.D. 562, 568 (N.D. Cal. 2011) (granting class certification challenging the method of calculation for both lump-sum annuitants and deferred annuitants: "the factual predicates as between lump-sum recipients and deferred annuitants, although varied to the extent that the former currently

receives only the 'x' value and the latter receives only the 'y' value, are common in that neither received "x" plus "y" as plaintiff argues both should."); *Pender v. Bank of Am. Corp.*, 269 F.R.D. 589, 596 (W.D.N.C. 2010) ("A common question of law predominates when a defendant allegedly miscalculates a plan participant's lump-sum benefit, and (1) the plan's term require the miscalculation or (2) the plan administrators consistently ignore the plan's terms."); *George v. Duke Energy Ret. Cash Balance Plan,* 259 F.R.D. 225, 236 (D.S.C. 2009); *Berger v. Xerox Corp. Ret. Income Guarantee Plan,* 338 F.3d 755, 763–64 (7th Cir. 2003); *DiFelice v. U.S. Airways, Inc.*, 235 F.R.D. 70, 78 (E.D. Va. 2006) (finding commonality satisfied in ERISA class action alleging breach of fiduciary duty: "the central question at issue in this litigation is whether U.S. Airways breached its fiduciary duty."); *Richards v. FleetBoston Fin. Corp.*, 238 F.R.D. 345, 349 (D. Conn. 2006); *In re Ikon Office Solutions, Inc.*, 191 F.R.D. 457, 465 (E.D. Pa. 2000) (finding commonality satisfied: "the appropriate focus in a breach of fiduciary duty claim is the conduct of the defendants, not the plaintiffs.").

Plaintiff set forth the elements and proof of the causes of action in the Joint Case Management Plan. Doc. 60, at pp. 7-14. As reflected therein, with respect to most of the issues, the parties agreed that it is unlikely that there will be any factual issues in dispute. The parties stated: "Most, if not all, issues in this case can be determined by dispositive motions." Doc. 60 p. 3. As the Joint Case Management Plan shows, the claims raise common issues including, *inter alia*, issues regarding the Plan language, whether an amendment reduced accrued benefits, whether notice under ERISA was required and whether Defendants complied with their disclosure requirements. Doc. 60 pp. 17-19.

In discovery, Defendants also asserted that they treat all transferred Bendix Plan participants transferring to Plaintiff's location the same way. As to those participants that Plaintiff contended were treated differently and provided with credited service when Plaintiff was not, Defendants claimed that the dissimilar treatment was an "administrative error," stating that they intend to "correct" that calculation to make it so that no

1   participant who transferred to King Radio gets Bendix benefits for their service in Olathe.

2   *See* Defs. Resp. to RFA 17.

3       Nor is commonality affected by Defendants' assertion in the case management

4   plan that exhaustion of remedies is somehow required with respect to absent class

5   members. Such assertion is contrary to the law.  *See, e.g.*, *Barnes v. AT & T Pension*

6   *Benefit Plan-Nonbargained Program*, 270 F.R.D. 488, 494 (N.D. Cal. 2010)  ("in ERISA

7   suits, absent class members are not required to have exhausted their claims through a

8   plan's internal review procedures so long as the named plaintiff has done so"), *modified*

9   *sub nom. to add additional class members Barnes,*  273 F.R.D. 562.

10      Here, the classes all assert claims arising from the same violations of ERISA and

11  the Bendix Plan documents.  A determination regarding the allegations that Defendants

12  have systematically violated ERISA and the terms of the Bendix Plan will provide a

13  uniform resolution for the claims of the classes.  At any given time, Defendants have one

14  Bendix Plan document that is required to be uniformly administered.  At any given time,

15  Defendants have one Bendix Plan SPD that is required to be distributed.

16      The classes allege the common and typical failure to accord transferred Bendix

17  Plan participants the Bendix Plan benefits that they are entitled to receive.  The class

18  claims in this case stem from the systematic failure to provide credited service under the

19  Bendix Plan to participants like Plaintiff who transferred to other locations within the

20  Company and/or to affiliated companies and on violations of the Plan and ERISA.  Each

21  of the claims depends on the Bendix Plan terms, Defendants' conduct and the same

22  ERISA requirements.  Plaintiff and the classes will prevail on the basis of the

23  requirements of ERISA and the terms of the Plan. The relief sought also presents

24  common issues best resolved on a class-wide basis. With respect to the claims for

25  benefits, the relief sought is a declaration that Defendants violated the terms of the Plan

26  and an order directing Defendants to provide the benefits that Plaintiff and class members

27  seek. While no two participants are likely to have precisely the same benefit calculation,

28  the benefit formulas are uniform. Further, under Ninth Circuit precedent, if the accrued

benefits of even **one** participant are reduced, the Plan amendment violates ERISA § 204(g) and the amendment never takes effect as to all participants:

> Because the amendment was one that decreased accrued benefits and the Secretary's approval was not obtained, we held that the amendment did not take effect. Having made this determination, it was clear that the amendment could not be applied to *anyone* because the amendment had not taken legal effect, and, indeed, could not take effect until the Secretary's approval had been obtained in accordance with 29 U.S.C. § 1082(c)(8).

*Meagher v. International Ass'n of Machinists and Aerospace Workers Pension Plan,* 856 F.2d 1418, 1421 (9th Cir. 1988). *See also Shaw v. International Ass'n of Machinists and Aerospace Workers Pension Plan*, 750 F.2d 1458 (9th Cir. 1985). At the time the challenged amendments were adopted, the same was true under ERISA § 204(h). 29 U.S.C. § 1054(h)(1994).

With respect to the statutory violations asserted under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), Plaintiff seeks appropriate equitable and injunctive relief. To achieve equitable remedies sought by Plaintiff, no individualized showing is required and the common answers concerning Defendants' conduct will be dispositive of the relief to be provided. *See, e.g.*, *Cigna Corp. v. Amara*, 563 U.S. ___, 131 S.Ct. 1866, 1888 (2011). In *Cigna*, in a rather lengthy discussion, the Court rejected an argument that individualized detrimental reliance must be proved in order to prevail on a claim for violations of ERISA. *Id.*at 1881. Here, common remedy issues also support class certification.

**C.    The Typicality Requirement under Rule 23(a)(3) Is Met**

Commonality and typicality requirements tend to merge when the plaintiff alleges a common issue or policy that has caused classwide harm, including harm to the plaintiff. *General Telephone Co. v. Falcon*, 457 U.S. 147, 158 n.13 (1982). The "typicality" requirement is satisfied if the plaintiff's claims arise from the same event, practice or course of conduct which give rise to the claims of other class members and are based on the same legal theory. *See, e.g., Winkler v. DTE, Inc.,* 205 F.R.D. 235, 241 (D. Ariz. 2001) (*citing Brink v. First Credit Resources*, 185 F.R.D. 567, 570 (D. Ariz. 1999)); *In re*

12

*Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 599 (3d Cir. 2009) (finding typicality where the plaintiff's "legal claims, alleging several breaches of fiduciary duty, are identical to those of the class she seeks to represent."); *Stewart v. Rubin*, 948 F. Supp. 1077 (D.C. Cir. 1996); *Ilhardt v. A. O. Smith Corp.*, 168 F.R.D. 613 (S.D. Ohio 1996); *Cobb v. Monarch Finance Corp.*, 913 F.Supp. 1164 (N.D. Ill. 1995); *In Re Seagate Technology II Securities Litigation*, 843 F.Supp. 1341 (N.D. Cal. 1994).

The test of typicality is "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Facciola v. Greenberg Traurig LLP*, CV-10-1025-PHX-FJM, 2012 WL 1021071 (D. Ariz. Mar. 20, 2012) (quoting *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011)). Here, Plaintiff's claims are typical of those of the putative classes. Plaintiff was harmed by the same course of conduct, including, *inter alia*, Defendants' failure to provide him with credit under the Plan, Defendants' retroactive amendments without notice, Defendants' breaches of fiduciary duty and ERISA disclosure requirements. Plaintiff suffered the same injuries as all other class members. This is more than sufficient to satisfy the typicality requirement. All participants have the same interest in enjoining Defendants from failing to follow the Plan and ERISA's requirements.

**D.     Plaintiff Is an Adequate Class Representative under Rule 23(a)(4)**

Rule 23(a)(4) requires that the named plaintiff fairly and adequately represent the interests of the class based on two criteria: 1) the representative must have common interests with the class members, and 2) the named plaintiff will prosecute the action vigorously on behalf of the class. *Hanlon v. Chrysler Corp.* 150 F.3d 1011, 1020 (9th Cir. 1998). Plaintiff is an adequate class representative. Mr. Frazier has sworn to vigorously prosecute the case in the best interests of the class members. Frazier Decl.¶ 14. His interests are clearly aligned with all class members who were harmed and by Defendants' Plan and ERISA violations. He has no interests antagonistic to the classes. Plaintiff has

1  demonstrated by his conduct that he will vigorously prosecute this action and has

2  sufficient incentive to do so.

3  **E.    Counsel Will Adequately Represent the Interests of the Classes**

4      Rule 23(g) of the Federal Rules of Civil Procedure provides that the Court must

5  find that class counsel will fairly and adequately represent the interests of the class.

6  Plaintiff respectfully submits that Plaintiff's counsel meets the requirements of Rule

7  23(g) in all respects and that counsel will fairly and adequately represent the interests of

8  the class. As set forth in the Schleier Decl. and Martin Decl., the Schleier Law Offices

9  and Martin & Bonnett have substantial experience in employment, ERISA and class

10  action litigation. Counsel have undertaken to prosecute this action vigorously.  Counsel

11  have already successfully defended against a motion to dismiss and engaged in

12  substantial discovery. Counsel are committed to expending the resources necessary to

13  prosecute this matter and will fairly and adequately represent the interests of the class.

14  *See, e.g., Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands,*

15  *Inc.*, 244 F.3d 1152 (9th Cir. 2001).

16  **II.    RULE 23(b)(1) CERTIFICATION IS PROPER**

17      The classes can be certified under both prongs of Rule 23(b)(1).  Certification

18  under Rule 23(b)(1)(A) is clearly appropriate to avoid the risk that prosecution of

19  separate actions by individual class members could result in conflicting adjudications.

20  For example, if one court were to find that Defendants violated ERISA and issued

21  injunctive relief enjoining Defendants from failing to provide credited service under the

22  Plan, while another court found no violation, Defendants would be bound to apply the

23  Plan in one manner by one court, and simultaneously be allowed to continue to apply the

24  limitations and exclusions at issue here. This is "the very result Rule 23(b)(1) is intended

25  to avoid."  *Winnett v. Caterpillar, Inc.*, No. 06-cv-235, 2007 WL 2044098, at *11 (M.D.

26  Tenn. Jul. 12, 2007). Numerous ERISA cases hold that certification pursuant to Rule

27  23(b)(1)(A) would protect against the danger that inconsistent adjudications in multiple

28  individual actions would lead to incompatible standards of conduct.  *See Lyell v. Farmers*

14

*Grp. Inc. Empl'ees' Pens. Plan*, No. CV 07-1576-PHX-JAT, 2008 WL 5111113, *4 (D. Ariz. Dec. 3, 2008) (certifying ERISA class under Rule 23(b)(1)(A) because "the Plan must treat all Participants the same way" and "otherwise, different courts might require different things of the Farmers Plan");*Harris v. Koenig*, 271 F.R.D. 383, 394 (D.D.C. 2010); *Pender*, 269 F.R.D. at 598-99*; Humphrey v. United Way*, No. H-05-0758, 2007 WL 2330933 at *10 (S.D. Tex. Aug. 14, 2007); *In re Citigroup Pension Plan ERISA Litig.*, 241 F.R.D. 172, 180 (S.D.N.Y. 2006); *Richards v. FleetBoston Fin. Corp.*, 238 F.R.D. 345, 353 (D. Conn. 2006); *Thomas v. Smith Kline Beecham Corp.*, 201 F.R.D. 386, 397 (E.D. Pa. 2003); *Kennedy v. United Healthcare of Ohio, Inc.,* 206 F.R.D. 191, 198 (S.D. Ohio 2002).

In addition, certification of the classes is independently appropriate under Rule 23(b)(1)(B) because any "adjudication[] with respect to individual members of the class… would as a practical matter be dispositive of the interests of the other members not parties to the adjudication[]." Fed. R. Civ. P. 23(b)(1)(B). The Court's rulings regarding the Plan provisions and ERISA claims would necessarily affect the interests of all other similarly situated participants. Accordingly, certification of the classes under Rule 23(b)(1)(B) is appropriate. *See In re J.P. Morgan Chase Cash Balance Litig.*, 242 F.R.D. 265, 276 (S.D.N.Y. 2007); *Bunnion v. Consol. Rail Corp.*, NO. CIVA. 97-4877, 1998 WL 372644, at *13 (E.D. Pa. May 14, 1998); *Schutte*, *v. Maleski*, No. CIV A. 93-0961, 1993 WL 218898, at *9 (E.D. Pa. Jun. 18, 1993).

## III.    THE CLASSES MAY BE CERTIFIED UNDER RULE 23(b)(2)

Rule 23(b)(2) permits certification where "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole . . . ." Fed. R. Civ. P. 23(b)(2). The primary relief sought is declaratory, injunctive and other equitable relief with respect to Defendants' systematic violations of the terms of the Bendix Plan, the unlawful reductions in accrued benefits, the retroactive changes to the Plan without appropriate ERISA § 204(h) notice, Defendants' systematic breaches of

fiduciary duty and Defendants' failure to provide comprehensive and sufficient summary plan descriptions.

These are the type of class claims that are appropriately certified under Rule 23(b)(2). Providing benefits that comply with ERISA and the terms of the Bendix Plan is the sort of relief is incidental to and flows directly from the injunctive relief. *See, e.g.,* *Berger*, 338 F.3d at 764 ("As long as the concrete follow-on relief that is envisaged will if ordered … be the direct, anticipated consequence of the declaration, rather than something unrelated to it, the suit can be maintained under Rule 23(b)(2)."); *Mezyk v. U.S. Bank Pension Plan*, 3:09-CV-384-JPG-DGW, 2011 WL 6729570 (S.D. Ill. Dec. 21, 2011) (denying motion to reconsider class certification in light of *Dukes* and finding Rule 23(b)(2) certification appropriate in ERISA class action where monetary relief would flow from declarations and injunctions concerning the plan and ERISA).

## IV.     THE CLASSES MAY BE CERTIFIED UNDER RULE 23(b)(3)

Alternatively, the proposed classes can be certified under Rule 23(b)(3). Questions of law and fact common to the members of the classes predominate over any individual questions. "Common issues predominate when they constitute such a significant aspect of the case that there is a clear justification for handling the dispute on a class . . . basis. The inquiry is designed to determine whether a class action is far more efficient, thereby promoting judicial economy." *Brink,* 185 F.R.D. at 572 (citations omitted). As set forth above, Plaintiff's claims arise from identical legal theories challenging Defendants' conduct.

**The Predominance Requirement Is Met.** The classes meet the predominance requirement of Rule 23(b)(3). Questions of law and fact common to the members predominate over any individual questions. "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997). *See also Johnson v. Arizona Hosp. & Healthcare Ass'n*, CV07-1292-PHX-SRB, 2009 WL 5031334 (D. Ariz. July 14, 2009) ("To satisfy the predominance requirement, the Court

must be satisfied that Plaintiffs can demonstrate the elements of their … claims … by common proof, rather than by individualized proof.").  Here, the class claims arise from identical legal theories – that Defendants violated the terms of the Plan and ERISA provisions. Defendants have asserted that they calculate benefits in a uniform manner. The elements of proof are the same. Monetary relief to the class members, if any, will be calculated under uniform formulas and criteria applicable to all members of each class.

**A Class Action is a Superior Method of Adjudicating the Claims.** In this case, a class action is clearly the superior method of adjudicating the controversy and will promote judicial economy. *See Las Vegas Sands, Inc.*, 244 F.3d at 1163; *see also Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 61 (N.D. Ill. 1996) (certification of ERISA action under Rule 23(b)(3)). Numerous adjudications on the same issue would be time consuming, extraordinarily expensive and constitute an enormous waste of judicial resources. *See Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978); *Las Vegas Sands, Inc.*, 244 F.3d at 1163. Certification under Rule 23(b)(3) is appropriate.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that Plaintiff's motion for class certification be granted.

RESPECTFULLY SUBMITTED this 10th day of August, 2012.

**MARTIN & BONNETT, P.L.L.C.**

By:   s/Susan Martin
Susan Martin
Jennifer L. Kroll
1850 N. Central Ave, Suite 2010
Phoenix, AZ 85004

**SCHLEIER LAW OFFICES, P.C.**
Tod F. Schleier, Esq.
Bradley H. Schleier, Esq.
3101 N. Central Avenue, Suite 1090
Phoenix, Arizona 85012
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

       I hereby certify that on August 10, 2012, I electronically filed the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

David B. Rosenbaum
Dawn L. Dauphine
Osborn Maledon, P.A.
2929 North Central Ave., Suite 2100
Phoenix, AZ 85012-2794

Howard Shapiro
Kara L. Lincoln
Nicole A. Eichberger
Proskauer Rose LLP
650 Poydras Street, Suite 1800
New Orleans, LA 70130

Myron D. Rumeld
Amy Covert
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036

s/J. Kroll