**SCHLEIER LAW OFFICES, P.C.**
**TOD F. SCHLEIER, ESQ. #004612**
**BRADLEY H. SCHLEIER, ESQ. #011696**
3101 N. Central Avenue, Suite 1090
Phoenix, Arizona 85012
Telephone: (602) 277-0157
Facsimile: (602) 230-9250
Email: tod@schleierlaw.com
Email: brad@schleierlaw.com

**SUSAN MARTIN #014226**
**JENNIFER KROLL #019859**
**MARTIN & BONNETT, P.L.L.C.**
1850 N. Central Ave. Suite 2010
Phoenix, Arizona 85004
Telephone: (602) 240-6900
smartin@martinbonnett.com
jkroll@martinbonnett.com

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Thomas G. Frazier, a married man, | Case No.: CV 10-01618-PHX-SRB |
| Plaintiff, | |
| v. | |
| Honeywell International, Inc., a Delaware corporation; Honeywell Retirement Earnings Plan; Salaried Employees Pension Plan of Allied Corporation; Salaried Employees Pension Plan of AlliedSignal, Inc.; Salaried Employees Pension Plan of the Bendix Corporation; Pension Plan for Salaried Employees of General Aviation Avionics; Plan Administrator of the Honeywell Retirement Earnings Plan; Plan Administrator of the Salaried Employees Pension Plan of Allied Corporation; Plan Administrator of the Salaried Employees Pension Plan of the Bendix Corporation; Plan Administrator of the Pension Plan for Salaried Employees of General Aviation Avionics, | **Plaintiff's Reply in Further Support of Motion for Class Certification and Motion to Strike** |
| Defendants. | |

**TABLE OF CONTENTS**

I.    NO INDIVIDUALIZED ISSUES PRECLUE CLASS CERTIFICATION..............…..1

    A.    Claims under Different Bendix Plan Provisions Do Not Defeat Commonality…..…............………………………………………....……………….1

    B.    Defendants' Claim that Some Participants May Have Benefited by a Transfer Misstates the Issue and Provides no Basis to Deny Class Certification……………....…..…………………………………………...…….3

    C.    Class Membership Does Not Depend on Ultimate Liability…….………….…..5

II.   DEFENDANTS HAVE MADE NO THRESHOLD SHOWING THAT THE STATUTE OF LIMITATIONS DEFEATS CLASS CERTIFICATION…….……...6

III.  NO INDIVIDUALIZED SHOWING OF HARM IS REQUIRED ON PLAINTIFF'S SPD AND BREACH OF FIDUCIARY DUTY CLAIMS…................9

IV.  CERTIFICATION IS APPROPRIATE UNDER RULE 23(b)………......……….10

CONCLUSION……..…………………………..……………………………………………11

i

# TABLE OF AUTHORITIES

**Cases**

*Abbott v. Lockheed Martin Corp.*, 06-CV-0701-MJR, 2012 WL 4385609 (S.D. Ill. Sept. 24, 2012) .................................................................................................................. 3

*Adams v. Anheuser-Busch Companies, Inc.*, 2:10-CV-826, 2012 WL 1058961 (S.D. Ohio Mar. 28, 2012) ................................................................................................ 3, 11

*Avilez v. Pinkerton Gov't Services*, SACV 11-0493 DOC RZX, 2012 WL 5077136 (C.D. Cal. Oct. 9, 2012) ................................................................................................... 11

*Ballinger v. Perkins*, 515 F. Supp. 673 (W.D. Va. 1981) ...................................................... 7

*Barker v. Am. Mobil Power Corp.,* 64 F.3d 1397 (9th Cir.1995) ....................................... 10

*Barnes v. AT & T Pension Benefit Plan-Nonbargained Program*, 270 F.R.D. 488 (N.D. Cal. 2010) ............................................................................................................... 3

*Bins v. Exxon Co. U.S.A.,* 220 F.3d 1042 (9th Cir.2000) ..................................................... 10

*Cameron v. Adams & Co.*, 547 F.2d 473 (9th Cir. 1976) ..................................................... 7

*Campbell v. First Am. Title Ins. Co.,* 269 F.R.D. 68 (D.Me.2010); ..................................... 6

*Chesemore v. Alliance Holdings, Inc.*, 276 F.R.D. 506 (W.D. Wis. 2011) ........................ 4

*Chuck v. Hewlett Packard Co.*, 455 F.3d 1026 (9th Cir. 2006) ........................................... 6

*Cigna Corp. v. Amara*, 563 U.S. ___, 131 S.Ct. 1866 (2011) ............................................. 9

*Crow Tribe of Indians v. Racicot,* 87 F.3d 1039 (9th Cir.1996) ......................................... 1

*Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579 (1993) .............................................. 1

*Flanagan v. Inland Empire Elec. Workers Pension Plan & Trust*, 3 F.3d 1246 (9th Cir. 1993) ................................................................................................................... 11

*Groussman v. Motorola, Inc.*, 10 C 911, 2011 WL 5554030 (N.D. Ill. Nov. 15, 2011) ... 10

*In re Fedex Ground Package Sys., Inc., Employment Practices Litig.*, 74 Fed. R. Serv. 1079 (N.D. Ind. 2007) ........................................................................................... 11

*In re Northrop Grumman Corp. ERISA Litig.*, CV 06-06213 MMM JCX, 2011 WL 3505264 (C.D. Cal. Mar. 29, 2011) ..................................................................... 10

*Johnson v. Arizona Hosp. & Healthcare Ass'n*, CV07-1292-PHX-SRB, 2009 WL 5031334 (D. Ariz. July 14, 2009) ............................................................................ 7

*Massengill v. Bd. of Ed., Antioch Cmty. High Sch.*, 88 F.R.D. 181 (N.D. Ill. 1980) .......... 1

*Mukhtar v. Cal Stae Univ.,* 299 F.3d 1053 (9th Cir. 2002) .................................................. 1

*Nationwide Transport Finance v. Cass Info. Sys., Inc.,* 523 F.3d 1051 (9th Cir. 2008) .... 1

*Nehmelman v. Penn Nat. Gaming, Inc.*, 822 F. Supp. 2d 745 (N.D. Ill. 2011) ................... 8

*Neil v. Zell*, 275 F.R.D. 256 (N.D. Ill. 2011) ....................................................................... 4

*Novella v. Westchester County*, 661 F3d 128 (2d Cir. 2011) .............................................. 8

*O'Connor v. Boeing N. Am., Inc.*, 197 F.R.D. 404 (C.D. Cal. 2000) ................................. 8

*Osberg v. Foot Locker, Inc.*, 656 F. Supp. 2d 361 (S.D.N.Y. 2009) .................................. 7

*Peralta v. Hispanic Business, Inc.,* 419 F.3d 1064 (9th Cir. 2005) .................................. 10

*Randleman v. Fid. Nat. Title Ins. Co.*, 646 F.3d 347 (6th Cir. 2011) ............................. 5, 6

*Rosario v. King & Prince Seafood Corp.*, CV 204-036, 2006 WL 2367130 (S.D. Ga. Mar. 7, 2006) ....................................................................................................................... 4

*Skinner v. Northrop Grumman Ret. Plan B*, 673 F.3d 1162 (9th Cir. 2012) ..................... 9

*Slapikas v. First Am. Title Ins. Co.,* 250 F.R.D. 232 (W.D.Pa.2008) ............................... 6

*Spano v. The Boeing Co.*, 633 F.3d 574 (7th Cir. 2011) ................................................... 4

*Stanford Ranch, Inc. v. Maryland Cas. Co.,* 89 F.3d 618 (9th Cir.1996) .......................... 1

*The Pinal Creek Group v. Newmont Mining Corp.,* 353 F.Supp.2d, 1037 (D. Ariz. 2005) 1

*Trustees of S. California Bakery Drivers Sec. Fund v. Middleton*, 366 F. App'x 810 (9th Cir. 2010) ................................................................................................................... 7

*Tussey v. ABB, Inc.*, 06-04305-CV-NKL, 2007 WL 4289694 (W.D. Mo. Dec. 3, 2007) 10

*Wal-Mart Stores, Inc. v. Dukes,* __ U.S. __, 131 S.Ct. 2541 (2011) ................................. 2

*Washington v. Bert Bell/Pete Rozelle NFL Ret. Plan*, 504 F.3d 818 (9th Cir. 2007) ....... 10

*Williams v. Sinclair*, 529 F.2d 1383 (9th Cir. 1976) ......................................................... 7

*Withrow v. Halsey*, 655 F.3d 1032 (9th Cir. 2011) .......................................................... 6

**Statutes**
29 U.S.C. § 1002 .............................................................................................................. 11
29 U.S.C. § 1025(a)(1)(B) .................................................................................................. 5
29 U.S.C. §1056(d)(3) ........................................................................................................ 5

**Regulations**
29 C.F.R. § 2520.104b-1 .................................................................................................... 9

Plaintiff submits this reply in further support of the motion for class certification. Pursuant to LR Civ. 7.2, Plaintiff also moves to strike Sections VII and VIII of the declaration of Lawrence Sher, Docs. 132 (redacted) and 135 (sealed, unredacted) and all references thereto in Defendants' opposition. Doc. 125.[1] This reply is supported by the Rebuttal Report of James E. Holland, Jr. submitted herewith ("Holland Rebuttal Decl."), the Declaration of Jennifer Kroll dated October 23, 2012 and exhibits thereto ("Kroll Reply Decl.") and the record before this Court.

## I. NO INDIVIDUALIZED ISSUES PRECLUDE CLASS CERTIFICATION

### A. Claims under Different Bendix Plan Provisions Do Not Defeat Commonality

The fact that Plaintiff has delineated classes corresponding to claims asserting violations of multiple provisions of the Bendix Plan enhances rather than defeats the commonality of each of the classes. Each participant who transferred and falls within one of the class definitions has the same common questions that will resolve their claims in one stroke:  did Defendants violate ERISA and the applicable Plan terms by failing to provide credited service for benefit computation purposes to participants who transferred to other locations and/or to affiliates? This is more than sufficient to satisfy the commonality requirement for each class. *Massengill v. Bd. of Ed., Antioch Cmty. High Sch.*, 88 F.R.D. 181, 184 (N.D. Ill. 1980) (each class must be separately examined).

Each of the classes allege violations of ERISA and the Plan with respect to discrete Bendix Plan provisions. Class 1 members allege that they worked for the Company and transferred to another Company location. Class 2 members allege they

---

[1] Sections VII and VIII of the report of Lawrence Sher violate *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 589 (1993) and Rule 703, prohibiting legal conclusions and assertions regarding Defendants' practices made without any foundation. "Courts have held that expert testimony by lawyers, law professors, and others concerning legal issues is improper." *The Pinal Creek Group v. Newmont Mining Corp.,* 353 F.Supp.2d, 1037, 1043 (D. Ariz. 2005). *See Nationwide Transport Finance v. Cass Info. Sys., Inc.,* 523 F.3d 1051, 1058 (9th Cir. 2008); *Mukhtar v. Cal Stae Univ.,* 299 F.3d 1053, 1066 n. 10 (9th Cir. 2002);  *Stanford Ranch, Inc. v. Maryland Cas. Co.,* 89 F.3d 618, 624 (9th Cir.1996); *Crow Tribe of Indians v. Racicot,* 87 F.3d 1039, 1045 (9th Cir.1996).

1

transferred to another location within the Company or to an Affiliated Company which had a pension plan that recognized service as service for benefit computation purposes. Class 3 members allege they worked for the Company, transferred to an Affiliated Company and transferred back to the Company.[2] Class 4 including Subclass 4A members assert claims under the 1994 and 1996 Bendix Plans. The fact that there are common questions confined to certain classes but not others does not mean that the separate classes fail to meet Rule 23's requirements. Rather, it merely means that the SAC asserts multiple and serial violations of the Bendix Plan and ERISA and that class members affected by the various alleged violations have been appropriately grouped together.[3]

Plaintiff has alleged that he suffered the same injuries he asserts the other members of the classes have suffered, including deprivation of rights under ERISA and the Plan with respect to violations of and changes to the transfer and other provisions of the Bendix Plan. Each class asserts that Defendants' failure to comply with ERISA §204(h) -- which requires Defendants to provide a notice of the reduction in the rate of future benefit accrual -- harmed each of the class members under each of the Bendix Plan iterations. For those class members who were employed prior to the delayed adoption dates of the various retroactive Bendix Plan amendments, the SAC asserts that none of the provisions purporting to alter or eliminate transferee rights could become effective prior to giving such notice. A determination of whether Defendants failed to notify participants of the reduction in their rate of future benefit accrual and if, as a result, the amendments never took effect, will necessarily govern the rights of all members within each class in precisely the same way. Likewise, whether the retroactive application of subsequent Plan amendments reduced accrued benefits under the Bendix Plan in violation of ERISA §204(g) will constitute a determination of rights of uniform application for

---

[2] Company is defined in the Second Amended Complaint ("SAC") as Honeywell International, Inc. and predecessor companies. Doc. 141 ¶ 5.

[3] Consistent with *Wal-Mart Stores, Inc. v. Dukes,* __ U.S. __, 131 S.Ct. 2541, 2555 (2011), in which the Court suggested that storewide or regional classes, rather than a nationwide class might be appropriate, Plaintiff has endeavored to group participants within classes challenging discrete Bendix Plan and ERISA violations.

each class. *See, e.g.*, *Adams v. Anheuser-Busch Companies, Inc.*, 2:10-CV-826, 2012 WL 1058961 (S.D. Ohio Mar. 28, 2012) (finding a common question of plan interpretation and noting "other questions relating to eligibility for benefits which are unique to particular class members does not defeat commonality."); *Barnes v. AT & T Pension Benefit Plan-Nonbargained Program*, 270 F.R.D. 488, 493 (N.D. Cal. 2010) (question of plan interpretation "is common to every single member of the class."), modified 273 F.R.D. 562 (N.D. Cal. 2011); *Abbott v. Lockheed Martin Corp.*, 06-CV-0701-MJR, 2012 WL 4385609 (S.D. Ill. Sept. 24, 2012). Claims involving ERISA plans are uniquely appropriate for class action treatment because there is a single document required to be uniformly administered. There are no individualized inquiries regarding the meaning of Plan provisions or ERISA requirements.[4]

**B.  Defendants' Claim that Some Participants May Have Benefited by a Transfer Misstates the Issue and Provides no Basis to Deny Class Certification**

Defendants' entire argument on individualized benefits issues and potential conflict is cut from whole cloth. The ultimate questions here are whether participants were entitled to have all of their years of employment with the Company count as years of service for benefit computation purposes *under the terms of the Bendix Plan.* Because benefits earned under a different plan are offset under the Bendix Plan, whether accrued benefits under another plan were more or less than they would have been under the Bendix Plan is a matter affecting only the amount of damages. Each class asserts deprivation of rights under the Bendix Plan and under ERISA. The fact that participants may have earned higher benefits under a different plan merely means that although they are in a class that alleges it was harmed by Bendix Plan and ERISA violations, they might not have suffered a monetary loss.

Under ERISA, the fact that benefits may be available under a different plan does

---

[4] The Court has ruled preliminarily that Plaintiff has standing to assert violations of the 1987 Bendix Plan. Doc. 137. As of November 1993, when Plaintiff became a participant, the Plan had not been amended to change any of the transfer provisions. *See* Doc. 40-6, at FR000413. Defendants admitted that Plaintiff was a participant beginning on Nov. 12, 1993. Doc. 73 ¶ 9. *See also* Kroll Reply Decl. Ex. A (Marcotte Dep. p. 159).

1  not absolve Defendants for liability for violations with respect to the Bendix Plan. No
2  conflict exists under these facts. Defendants have not demonstrated the slightest
3  possibility that vindicating class members' rights under the Bendix Plan could diminish
4  class members' rights to benefits under any other plan. Accordingly, there is no basis for
5  Defendants' assertions that individualized issues regarding the value of benefits under
6  another plan could create conflicts or preclude class certification. *See, e.g.*, *Rosario v.*
7  *King & Prince Seafood Corp.*, CV 204-036, 2006 WL 2367130, at *12 (S.D. Ga. Mar. 7,
8  2006) ("Defendants argue that there exist conflicts between the economic interests of the
9  class members of different plan years…While some factual or legal differences may exist
10 between the class members' claims, the overarching issue of the legality of the revised
11 Payment Policies provides a sufficient common bond.").

12      For these reasons, Defendants' reliance on *Spano v. The Boeing Co.*, 633 F.3d
13 574, 586 (7th Cir. 2011), cited by Defs at p. 8, is also misplaced. There, the court found
14 that because many participants had opted to remain under challenged investments, the
15 plaintiff's claims were not typical. That is an entirely different situation than the one here
16 because no class members would have to relinquish any rights under the transferee plans
17 in order to prevail in this case. Further, unlike *Spano,* no one here can be said to be better
18 off by having their benefits miscalculated under the Bendix Plan. Compare post-*Spano*
19 cases, *Neil v. Zell*, 275 F.R.D. 256, 261 (N.D. Ill. 2011); *Chesemore v. Alliance Holdings,*
20 *Inc.*, 276 F.R.D. 506, 510 (W.D. Wis. 2011).

21      Defendants' entire conflict premise is also mathematically incorrect. It is not
22 possible that the challenged cessation of additional Bendix Plan credited service or the
23 failure to count all years of service for Bendix Plan benefit computation purposes could
24 have a positive effect on participants' benefits under the Bendix Plan. The ***only*** effect that
25 elimination of the right to continued accrual of benefits under the Bendix Plan can have
26 on a participant's Bendix Plan benefits is to lower them.

27      With respect to the requirement under the Bendix Plan that benefits under other
28 plans be offset, Defendants' attempt to paint benefit calculations as undoable is false. The

4

1  Bendix Plan itself requires that a comparison calculation be performed for every
2  employee who has earned benefits under both the Bendix Plan and other Company plans
3  for the same periods of service. *See* Doc. 40-7, at FR000788 (§4.05(c) of Bendix Plan).
4  Article XIII, §4 of the 1987 Bendix Plan also provides that benefits earned under a
5  different Company plan are to be offset. Doc. 93-5, at D0006364-66. Such calculations
6  must be routinely performed under the terms of the Bendix Plan. *See also* Holland
7  Rebuttal Decl. ¶¶ 21-23; to Kroll Reply Decl. Ex. D (Ford Dep. Ex. 16, at D0063084)
8  (noting that plans will compare benefits using a "common set of factors"). Moreover,
9  ERISA requires that these calculations be performed at various intervals during an
10 employee's employment, including with respect to divorce decrees, 29 U.S.C.
11 §1056(d)(3), and with respect to the requirement to provide a reasonable estimate of
12 accrued benefits periodically and upon written request by a participant at any point in
13 time. 29 U.S.C. §1025(a)(1)(B). Accordingly, Defendants' contention that class members
14 could not be identified because their Bendix Plan benefits could not be computed or that
15 class members would have conflicts arising from benefits under different plans is both
16 factually and legally incorrect and provides no basis to deny class certification.

**C.     Class Membership Does Not Depend on Ultimate Liability**

None of the proposed class definitions depend on a finding that Defendants violated the Plan or ERISA so as to present a "fail-safe" class of the type discussed in *Randleman v. Fid. Nat. Title Ins. Co.*, 646 F.3d 347, 353 (6th Cir. 2011). There the class was decertified, *inter alia,* because it depended on a finding of entitlement to the ultimate issue in the case: "either the class members win or, by virtue of losing, they are not in the class and, therefore, not bound by the judgment." 646 F.3d at 352 (footnote and citations omitted). None of the class definitions here presume entitlement to relief. Rather, the classes track the provisions of the Bendix Plan under which suit is brought. For example, the Class 2 definition, (the only one defining class members as persons whose benefits were less under the Bendix Plan than they would have been if all years of service under the Bendix Plan had been included for benefit computation purposes) is merely factually

5

descriptive of the calculations to be performed under Article XIII, §4 of the 1987 Bendix Plan. Class 2 does not presume that such persons are entitled to Bendix Plan benefits based on all of their years of service.[5]

## II. DEFENDANTS HAVE MADE NO THRESHOLD SHOWING THAT THE STATUTE OF LIMITATIONS DEFEATS CLASS CERTIFICATION

Defendants' arguments on this motion add nothing to the arguments they made on the motion to dismiss. Just as they provided no basis for dismissal, they provide no basis to deny class certification. As set forth in Plaintiffs' opposition to Defendants' motion to dismiss, the applicable statute of limitations for both Plan and ERISA violations is six years. *See* Doc. 49, at pp. 17-22. "[A] cause of action accrues when a pension plan communicates 'a clear and continuing repudiation' of a claimant's rights under a plan, such that the claimant could not have reasonably believed but that his benefits had been 'finally denied.'" *Chuck v. Hewlett Packard Co.*, 455 F.3d 1026, 1031 (9th Cir. 2006) (citation omitted). *See also Withrow v. Halsey*, 655 F.3d 1032, 1038 (9th Cir. 2011). Defendants have raised no serious claims that Mr. Frazier's rights to assert violations of the Plan or ERISA began to run before this lawsuit was commenced. Defendants never even purported to rule on his appeal until long after the lawsuit was filed and there was never an unmistakable or unequivocal repudiation of his rights to benefits under the Bendix Plan prior to commencement of suit.

Defendants mischaracterize or appear to misunderstand Plaintiff's claims for breach of fiduciary duty. SAC Count III. The asserted breaches of fiduciary duty include, *inter alia*, Defendants' failure to: advise participants of their rights and benefits under the Plan and ERISA; provide summary plan descriptions that conform with ERISA; notify

---

[5] In any event, were the Court to be concerned that composition of class membership based upon those persons whose benefits are less was at all problematic, Class 2 could simply be defined as: "All current or former Bendix Plan participants (and their beneficiaries) who worked for the Company on or after January 1, 1987 and who transferred to another location within the Company and/or to an Affiliated Company covered by a different retirement plan which recognized Service as service for benefit computation purposes." *See Randleman*, 646 F.3d at 352 (citing *Campbell v. First Am. Title Ins. Co.,* 269 F.R.D. 68, 73–74 (D.Me.2010); *Slapikas v. First Am. Title Ins. Co.,* 250 F.R.D. 232, 250–51 (W.D.Pa.2008)).

6

1 participants of changes adversely affecting their rights; provide participants accurate and complete information regarding their rights under the 2000 Plan, and provide required notices and other documents. The SAC also alleges that Defendants repeatedly misrepresented the dates of Plan amendments and routinely applied Plan amendments retroactively without notice. The SAC further alleges that Defendants concealed critical information governing class members' rights to benefits under the Bendix Plan, that they knew participants were misinformed and that they failed to take corrective action. Defendants' serial violations and failures to act have continued through the filing of the lawsuit. *See Ballinger v. Perkins*, 515 F. Supp. 673, 676 (W.D. Va. 1981) ("last act which may be considered a part of a breach of the duties under ERISA owed to the plaintiff occurred when he was notified of the trustees' decision not to accord him benefits."). *See also Trustees of S. Cal. Bakery Drivers Sec. Fund v. Middleton*, 366 F. App'x 810, 813 (9th Cir. 2010) (claim for breach of fiduciary duty timely when defendants denied request for payment, not when funds were improperly co-mingled). Even if the statute of limitations could be found to have been triggered, Defendants' concealment as alleged in the SAC ¶¶ 76-79 would have tolled it. *See Osberg v. Foot Locker, Inc.*, 656 F. Supp. 2d 361, 371 (S.D.N.Y. 2009). *See also Johnson v. Ariz. Hosp. & Healthcare Ass'n*, CV07-1292-PHX-SRB, 2009 WL 5031334 (D. Ariz. July 14, 2009).

In sum, the mere existence of an alleged affirmative defense cannot defeat class certification. *See Allen v. Honeywell Ret. Earnings Plan*, No. CV04-0424, ECF No. 226, at p. 7 (D. Ariz. Sept. 6, 2006), Ex. A hereto (granting class certification where the same defendants urged that at least eight categories of communications allegedly giving rise to a statute of limitations defense should preclude certification) (modified to certify under (b)(1) and (b)(2), ECF No. 318 (Nov. 6, 2007)). *See Cameron v. Adams & Co.*, 547 F.2d 473, 478 (9th Cir. 1976) and *Williams v. Sinclair*, 529 F.2d 1383, 1388 (9th Cir. 1976). In contrast to *Allen*, Defendants here have cited only two communications that they claim bar Mr. Frazier's claims on the basis of the statue of limitations: his supervisor's affirmative statement to Mr. Frazier in 1996 that he was continuing to accrue Bendix Plan benefits and

7

his 2000 Choice election materials, in which Mr. Frazier elected to stay in his "current plan." Neither of these communications triggered the running of the statute of limitations on any claims or could defeat class certification. *Nehmelman v. Penn Nat. Gaming, Inc.*, 822 F. Supp. 2d 745, 757 (N.D. Ill. 2011) (defendants' proof insufficient).[6]

    Mr. Frazier's deposition testimony does not help Defendants. He testified that he was told in 1996 that he was in the Bendix Plan and that his benefits would be offset by the cash balance plan. This was not a misrepresentation. To the contrary, Mr. Frazier alleges that this information was accurate. The 1996 letter confirming his transfer advised that Defendants were then "studying" the pension and that Mr. Frazier would receive more information regarding his pension at a later date. Contrary to Defendants' characterization of the cited deposition testimony, Mr. Frazier was asked only whether he had any other conversations about his transfer to Bendix/King and Olathe and answered no. Doc. 129-1, at p. 156.

    Similarly, the election forms provided to participants in the year 2000 have no bearing on the statute of limitations. It is not at all clear what notice of what repudiation could be inferred from these documents especially given that Pension Choice estimates failed to accurately set forth each of the plans in which participants were entitled to benefits and that only one current plan was displayed even though, as in this case, Mr. Frazier indisputably is and was at all times a participant in the Bendix Plan in the year 2000. As Defendants have admitted, neither the Pension Choice Statement nor the election "indicate[d] that Mr. Frazier is covered by two separate plans. This was not done for any Multiplan Ees." Kroll Reply Decl. Ex. A & B (Marcotte Dep. at p. 139 & Ex. 24). Mr. Frazier's election to remain under his "current plan" and the information provided to him at that time was not an unequivocal repudiation of his right to remain under both of his then-current plans. In fact, prior to the election, Mr. Frazier was sent statements under an entirely

---

[6] In contrast, in *O'Connor v. Boeing N. Am., Inc.*, 197 F.R.D. 404, 414 (C.D. Cal. 2000), the statute of limitations defense had already proved substantially successful on summary judgment and in *Novella v. Westchester County*, 661 F.3d 128, 148-49 (2d Cir. 2011), following summary judgment, the court remanded for fact finding. *Id.* at 147.

different plan that the Defendants do not contend he was participating in.[7] The two communications cited by Defendants simply fail to establish any threshold statute of limitations issue, much less establish a unique statute of limitations defense that could defeat commonality and typicality.

### III.   NO INDIVIDUALIZED SHOWING OF HARM IS REQUIRED ON PLAINTIFF'S SPD AND BREACH OF FIDUCIARY DUTY CLAIMS

Defendants are incorrect when they state that hypothesized individualized remedy issues should preclude class certification on the fiduciary duty and SPD claims. The Supreme Court held in *Cigna Corp. v. Amara*, 563 U.S. ___, 131 S.Ct. 1866, 1879-80 (2011), that a court has equitable powers under ERISA § 502(a)(3) to reform the plan to remedy a plan administrator's false, misleading or incomplete information, hold the fiduciary to the promise that it made and to pay any benefits owed under the plan as reformed and that no showing of individual reliance on an inaccurate SPD was required. *Id.* at 1881.[8]

The SAC alleges uniform breaches of fiduciary duty. "Trustees must 'deal fairly' and 'communicate to the beneficiary all material facts the trustee knows or should know

---

[7] Compare Kroll Decl. Ex. I, and 129-2, at TGF0393. Moreover, some Bendix Plan transferees to King Radio were explicitly advised: "All references to balances in your BENDIX/KING cash balance account should be disregarded." Doc. 40-6, at FR000547. *See also* Kroll Reply Decl. Ex. G, at D0023805-06, "I understand that you may have been sent several correspondences and been told numerous different things from our benefit center, I want to inform you that this information enclosed in this packet is correct and to ignore all previous correspondences." Defendants also have never claimed to have sent SPDs to Bendix transferees employed at King Radio despite an obligation to do so. *See* 29 U.S.C. §1024(b)(1); 29 C.F.R. §2520.104b-1. *See* Kroll Reply Decl. Ex. H (Defs' Response to RFA 20-22).

[8] Unlike *Skinner v. Northrop Grumman Ret. Plan B*, 673 F.3d 1162, 1166 (9th Cir. 2012), where the Ninth Circuit affirmed summary judgment on reformation claims because the plaintiff had not shown authorship or intent of the SPD, here the Company approved the SPDs. Kroll Reply Decl. Ex. F (Snethen Dep. pp. 30-31). *Skinner* is also inapposite because the court said although the remedy of surcharge might be available without a showing of harm, the plaintiffs there had presented no evidence of gain through unjust enrichment or harm. This is a damages issue that requires further discovery but not individualized proof.

9

in connection with the transaction.'" *Washington v. Bert Bell/Pete Rozelle NFL Ret. Plan*, 504 F.3d 818, 823-24 (9th Cir. 2007); *Peralta v. Hispanic Business, Inc.,* 419 F.3d 1064, 1070 n. 7 (9th Cir. 2005); *Bins v. Exxon Co. U.S.A.,* 220 F.3d 1042, 1049 (9th Cir. 2000) (en banc); *Barker v. Am. Mobil Power Corp.,* 64 F.3d 1397, 1403 (9th Cir.1995) ("A fiduciary has an obligation to convey complete and accurate information material to the beneficiary's circumstance, even when a beneficiary has not specifically asked for the information."). The Ninth Circuit has held that the test of whether a trustee breaches his fiduciary duty "is objective." *Washington, 504 F.3d at 824.* It focuses on the Defendants' conduct. *See, e.g.*, *In re Northrop Grumman Corp. ERISA Litig.*, CV 06-06213 MMM JCX, 2011 WL 3505264, at *8 (C.D. Cal. Mar. 29, 2011) (certifying breach of fiduciary duty claims) (collecting cases); *Tussey v. ABB, Inc.*, 06-04305-CV-NKL, 2007 WL 4289694 (W.D. Mo. Dec. 3, 2007) (focus is on the conduct of the defendants).

The two cases Defendants cite are readily distinguishable. In *Carr v. Int'l Game Tech.*, 3:09-CV-00584-ECR, 2012 WL 909437, at * 4 (D. Nev. Mar. 16, 2012), many of plaintiff's claims were dismissed prior to the class certification ruling leaving fewer common issues. In *Groussman v. Motorola, Inc.*, 10 C 911, 2011 WL 5554030 (N.D. Ill. Nov. 15, 2011), challenging plan investment fees, the plaintiffs failed to show that "class members were deceived in a uniform fashion." In contrast, the SAC alleges uniform conduct and failures to act that breached Defendants' fiduciary duties.[9]

**IV.   CERTIFICATION IS APPROPRIATE UNDER RULE 23(b)**

The Court has already preliminarily determined that Plaintiff has standing to assert his claims. Defendants' claim in opposing (b)(1) and (b)(2) certification that Plaintiff "having retired, has no standing to seek anything other than monetary relief" is frivolous

---

[9] Defendants' claim that slides allegedly shown (but not distributed) to an unidentified number of employees in Florida in 1997 by a person who could not remember what was said or whether she gave the entire presentation somehow defeats class certification highlights the shortcomings of their defense. Kroll Reply Decl. Ex. E (McDonald Dep. pp. 64-69). In any event, giving out information to an unspecified number of individuals that contradicts the written plan document would not defeat certification of the fiduciary breach claim.

and contrary to controlling Ninth Circuit authority. In *Flanagan v. Inland Empire Elec. Workers Pension Plan & Trust*, 3 F.3d 1246, 1247 (9th Cir. 1993), the court held that former employees who were participants had standing under ERISA to bring claim for injunctive and monetary relief against the plan and its trustees.[10] *Flanagan* is consistent with the terms of ERISA which specifically provides that "participants" may bring suit for declaratory and injunctive relief. ERISA §502(a), 29 U.S.C. §1132(a). *See* 29 U.S.C. §1002(7) (defining "participant" as both current and former employees).

Defendants' argument that certification under Rule 23(b)(1) and (2) is not proper because the SAC seeks predominantly monetary relief has no merit. Numerous cases hold that claims seeking relief under ERISA are appropriately certified under Rule 23(b)(1) and (2). Doc. 111, at 14-15. *See also Adams*, 2012 WL 1058961, at *11 ("Any monetary relief … would be dependent upon and ancillary to a declaration by the court regarding the proper interpretation of the Plan…"). Defendants reprise their erroneous individualized issue argument as precluding certification under Rule 23(b). The argument has no more merit under Rule 23(b) than it does under Rule 23(a). *See, e.g.*, *Avilez v. Pinkerton Gov't Services*, SACV 11-0493 DOC RZX, 2012 WL 5077136 (C.D. Cal. Oct. 9, 2012) (focus is on conduct of the defendants, not individual class members); *In re Fedex Ground Package Sys., Inc., Empl. Practices Litig.*, 74 Fed. R. Serv. 1079 (N.D. Ind. 2007).

## CONCLUSION

For the foregoing reasons and the reasons set forth in Plaintiff's motion, Plaintiff respectfully requests that Plaintiff's motion for class certification be granted. Plaintiff also respectfully requests that the Court grant the Motion to Strike.

RESPECTFULLY SUBMITTED this 23rd day of October, 2012.

          **MARTIN & BONNETT, P.L.L.C.**

          By: s/Susan Martin
             Susan Martin
             Jennifer L. Kroll

---

[10] In any event, Plaintiff has not retired or begun collecting benefits nor had he at the time the Complaint was filed.

11

1  
2          1850 N. Central Ave. Suite 2010  
        Phoenix, AZ 85004  

3          **SCHLEIER LAW OFFICES, P.C.**  
        Tod F. Schleier, Esq.  
4          Bradley H. Schleier, Esq.  
5          3101 N. Central Avenue  
        Suite 1090  
6          Phoenix, Arizona 85012  

7          Attorneys for Plaintiff  

8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2012, I electronically filed the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

David B. Rosenbaum
Dawn L. Dauphine
Osborn Maledon, P.A.
2929 North Central Ave., Suite 2100
Phoenix, AZ 85012-2794

Howard Shapiro
Kara L. Lincoln
Nicole A. Eichberger
Proskauer Rose LLP
650 Poydras Street, Suite 1800
New Orleans, LA 70130

Myron D. Rumeld
Amy Covert
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036

s/T. Mahabir