# EXHIBIT H

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas G. Frazier, a married man, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Honeywell Pension and Savings Plan; ) <br> Honeywell, Inc., a Delaware corporation; ) <br> Honeywell Retirement Earnings Plan; ) <br> Honeywell Secured Benefit Plan; Bendix ) <br> Salaried Plan; King Radio Plan; Plan ) <br> Administrator for the Honeywell Pension ) <br> and Savings Plan; Plan Administrator for ) <br> the Honeywell Retirement Earnings Plan; ) <br> Plan Administrators for the Honeywell ) <br> Secured Benefit Plan; Plan Administrator ) <br> for the Bendix Salaried Plan; Plan ) <br> Administrator for the King Radio Plan, ) <br> ) <br> Defendants. ) | No. CV-10-01618-SRB <br><br> **DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS** |

Defendants Honeywell International Inc.,[1] Honeywell Retirement Earnings Plan, Honeywell Secured Benefit Plan, Salaried Employees Pension Plan of AlliedSignal Inc.,[2] Pension Plan for Salaried Employees of General Aviation Avionics,[3] Plan Administrator for the Honeywell Retirement Earnings Plan, Plan Administrator for the Honeywell Secured Benefit Account, Plan Administrator for the Salaried Employees Pension Plan of

---

[1] Honeywell International Inc. is incorrectly named in the Amended Complaint as "Honeywell, Inc."

[2] The Salaried Employees Pension Plan of AlliedSignal Inc. is named in the Amended Complaint as the "Bendix Salaried Plan" and alternatively referred to throughout the Amended Complaint as the "Bendix Plan." *See* Defendants' Objection "M," *infra*.

[3] The Pension Plan for Salaried Employees of General Aviation Avionics is named in the Amended Complaint as the "King Radio Plan." *See* Defendants' Objection "N," *infra*.

1

Bendix Plan while employed at the Deer Valley location in Phoenix, Arizona because, while working at the Deer Valley location in Phoenix, Arizona, he did not participate in the Bendix Plan.

**REQUEST FOR ADMISSION NO. 22**:

Defendants did not distribute any summary plan descriptions for the Bendix Plan to any employees while they were working at King Radio.

**Response To Request For Admission No. 22**: Defendants incorporate their Preliminary Statement and General Objections as if set forth in their entirety herein. Defendants further object to this Request on the grounds that it seeks an admission concerning putative class members notwithstanding the fact that no class has been certified in this Action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing objections, Defendants are unable to either deny or admit this Request as phrased because, after making a reasonable inquiry, Defendants lack sufficient information at this time. Notwithstanding the foregoing, Defendants state that King Radio employees were not entitled to a summary plan description for the Bendix Plan while employed by King Radio because such employees, while working for King Radio, did not participate in the Bendix Plan.

**REQUEST FOR ADMISSION NO. 23**:

Defendants did not distribute to any summary plan descriptions for the King Radio Plan to any employees while they were working at King Radio.

**Response To Request For Admission No. 23**: Defendants incorporate their

Preliminary Statement and General Objections as if set forth in their entirety herein. Defendants further object to this Request on the grounds that it seeks an admission concerning putative class members notwithstanding the fact that no class has been certified in this Action, and it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing objections, Defendants are unable to either deny or admit this Request as phrased because, after making a reasonable inquiry, Defendants lack sufficient information at this time.

**REQUEST FOR ADMISSION NO. 24**:

No revisions to the Bendix Plan summary plan description in existence as of January 1, 1987 were distributed to Bendix Plan Participants prior to March 1, 1997.

**Response To Request For Admission No. 24**: Defendants incorporate their Preliminary Statement and General Objections as if set forth in their entirety herein. Subject to and without waiver of the foregoing objections, Defendants decline to admit or deny on the grounds that it seeks a legal conclusion to which no response is required. To the extent a response is required, Defendants deny this request.

**REQUEST FOR ADMISSION NO. 25**:

Defendants' King Radio facility in Olathe, Kansas was part of the "Company" as defined in Article II(5) of the Salaried Employees Pension Plan of Allied Corporation Amended January l, 1987.

**Response To Request For Admission No. 25**: Defendants incorporate their Preliminary Statement and General Objections as if set forth in their entirety herein. Subject to and without waiver of the foregoing objections, Defendants are unable to

21

either deny or admit this Request as phrased because, after making a reasonable inquiry, Defendants lack sufficient information at this time.

**REQUEST FOR ADMISSION NO. 26**:

Defendants' King Radio facility in Olathe, Kansas was an "Affiliated Company" as defined and described in the Salaried Employees Pension Plan of allied Corporation Amended January 1, 1987.

**Response To Request For Admission No. 26**: Defendants incorporate their Preliminary Statement and General Objections as if set forth in their entirety herein. Subject to and without waiver of the foregoing objections, Defendants decline to admit or deny on the grounds that it seeks a legal conclusion to which no response is required. To the extent a response is required, Defendants deny this request.

> David B. Rosenbaum
> Dawn L. Dauphine
> OSBORN MALEDON, P.A.
> 2929 North Central Avenue
> 21st Floor
> Phoenix, Arizona  85012-2793
>
> Myron D. Rumeld (admitted *pro hac vice*)
> Amy Covert (admitted *pro hac vice*)
> Russell L. Hirschhorn (admitted *pro hac vice*)
> PROSKAUER ROSE LLP
> Eleven Times Square
> New York, New York 10036-8299
>
> Howard Shapiro (admitted *pro hac vice*)
> PROSKAUER ROSE LLP
> Poydras Center
> 650 Poydras Street
> Suite 1800
> New Orleans, Louisiana  70130-6146

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Attorneys for Defendants**

By: s/Amy Covert

**CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2012, the attached document was electronically transmitted to counsel for Plaintiff.

s/Michael D. Spencer