**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Thomas G. Frazier, | ) | No. CV 10-1618-PHX-SRB |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Honeywell Pension and Savings Plan, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

At issue is Plaintiff's Motion for Class Certification ("Pl.'s Mot.") (Doc. 111). The Court heard oral argument on the Motion on October 29, 2012. (*See* Doc. 153, Minute Entry).

**I.    BACKGROUND**

The facts of this case were set forth in two previous Orders of this Court, which are incorporated fully herein. (*See* Doc. 71, Dec. 6, 2011, Order at 1-2, 16 (denying Defendants' Motion to Dismiss); Doc. 137, Oct. 3, 2012, Order at 1-4, 12 (granting Plaintiff's Motion for Leave to File Second Amended Complaint).) The case deals with Defendants' allegedly improper retirement benefit calculation practices. (*See* Doc. 141, Second Amended Class Action Complaint ("SAC") ¶¶ 98-130.) Plaintiff alleges that Defendants violated both the language of their own retirement plans and the requirements of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461. (*See id.* ¶¶ 98-130.) Plaintiff seeks

to assert his claims on behalf of several classes comprised of other individuals that were potentially affected by Defendants' allegedly improper practices. (Pl.'s Mot. at 4-8 (describing the classes).)

Plaintiff seeks class certification for five classes on four of his five causes of action. (*See* SAC ¶ 89.)[1] Count One alleges that Defendants improperly calculated benefits under the 1987 Bendix Plan and seeks declaratory relief under ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)). (*Id.* ¶¶ 98-105.) Count Two seeks declaratory and equitable relief because Defendants allegedly violated ERISA § 204(g) and (h) (29 U.S.C. § 1054(g) and (h)) by failing to follow the required procedures for amending an ERISA retirement plan, thereby causing harm to Plaintiff and class members. (*Id.* ¶¶ 106-12.) Count Three alleges various breaches of ERISA's fiduciary duty requirements. (*Id.* ¶¶ 113-19); *see also* 29 U.S.C. § 1104(a)(1). The alleged breaches of fiduciary duties include

> [not] administer[ing] the Bendix Plan in accordance with the Bendix SPD, Bendix Plan terms and promises made to Plaintiff and class members; by administering the Bendix Plan in a non-uniform and arbitrary manner; by amending the Plans without the notices required by ERISA; by failing to provide disclosures of changes to the Bendix Plan and [SPDs] required under ERISA; [and] by . . . misrepresenting and/or misleading Plaintiff and class members with respect to their retirement benefits.

(SAC ¶ 117.) Count Five alleges that Defendants violated ERISA §§ 101-102 (29 U.S.C. §§ 1021-22) by failing to distribute updated SPDs following plan amendments or employees' transfers that potentially placed them under new benefits plans. (*Id.* ¶¶ 125-30.) Plaintiff seeks various forms of declaratory and equitable relief, including injunctions, reformation, and surcharges. (*Id.* ¶ 119.)

The five proposed classes are as follows:

> Class One: All current or former Bendix Plan participants (and their beneficiaries) who worked for the Company on or after January 1, 1987 and who transferred to another location(s) within the Company and who were not credited with accrued benefits and years of [s]ervice for benefit calculation purposes under the Bendix Plan for all of their years of employment with the Company.

---

[1] Plaintiff does not seek to pursue Count Four (alleging violations of ERISA's claim procedures requirements) as a class action (*Id.*).

Class Two: All current or former Bendix Plan participants (and their beneficiaries) who worked for the Company on or after January 1, 1987 and who (1) transferred to another location within the Company and/or to an Affiliated Company covered by a different retirement plan which recognized [s]ervice as service for benefit computation purposes, and (2) whose benefits at retirement were less or are scheduled to be less under such different retirement plan than the benefits calculated under the Bendix Plan utilizing each participant's total years of employment with the Company and any Affiliated Company for purposes of calculating their benefits under the Bendix Plan and (3) who were not provided or are not scheduled to be provided by the Bendix Plan, the difference between any lesser benefits earned under a different retirement plan and such Bendix Plan benefits.

Class Three: All current or former Bendix Plan participants (and their beneficiaries) who worked for the Company on or after January 1, 1987 and who worked at any Affiliated Company and transferred back to the Company and who were not credited with accrued benefits and years of [s]ervice for benefit calculation purposes under the Bendix Plan for all of their years of employment with the Company and any Affiliated Company.

Class Four: All current or former Bendix Plan participants (and their beneficiaries) who worked for the Company on or after January 1, 1993 and who transferred to King Radio or to another location of the Company or an Affiliated Company that maintained a cash balance plan and who were not credited or who are not scheduled to be credited with accrued benefits and years of [s]ervice for benefit calculation purposes under the Bendix Plan for all of their years of employment with the Company, King Radio or such other location or locations of the Company or any Affiliated Company that maintained a cash balance plan. Subclass 4A: All members of class 4 who worked for the Company on or after January 1, 1996.

Class Five: All current or former Bendix Plan participants (and their beneficiaries) who worked for the Company on or after the date of the Bendix SPD in or about 1985 and who transferred to another location within the Company and/or transferred to an Affiliated Company and who were not credited with accrued benefits and years of [s]ervice for benefit calculation purposes under the Bendix Plan for all of their years of employment with the Company and/or an Affiliated Company and who received or are scheduled to receive lesser total defined benefit plan retirement benefits from the Company and any Affiliated Company than they would have received under the Bendix Plan if credit for accrued benefits and years of [s]ervice for benefit calculation purposes under the Bendix Plan for all of their years of employment with the Company and any Affiliated Company had been provided.

(*Id.* ¶ 89.) Classes One, Two, Three, and Four assert claims under Counts One, Two, Three, and Five. (*Id.*) Class Five asserts claims under Counts Three and Five. (*Id.*)

## II.   LEGAL STANDARDS AND ANALYSIS

### A.   Standard for Class Certification

The procedure for establishing a class action is set forth in Rule 23 of the Federal Rules of Civil Procedure, which outlines four requirements: (1) the proposed class must be

so numerous that joinder of all members as parties would be impracticable; (2) common questions of law and fact must exist as to all members of the class; (3) the claims of the proposed named plaintiff must be typical of those of the class; and (4) the named plaintiff and his counsel must fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). These requirements are referred to as numerosity, commonality, typicality, and adequacy.

"In addition to satisfying Rule 23(a)'s prerequisites, parties seeking class certification must show that the action is maintainable under Rule 23(b)(1), (2), or (3)." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997). Plaintiff here seeks certification pursuant to Rule 23(b)(1) and (2), as well as (3) in the alternative. (Pl.'s Mot. at 14-17.) Rule 23(b)(1) provides that a class action may be maintained if

> prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

Fed. R. Civ. P. 23(b)(1). Rule 23(b)(2) allows for class certification where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Finally, the Rules also allow for class certification when "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

A class "may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982). In considering a motion for class certification, "[t]he court is bound to take the substantive allegations of the complaint as true." *Blackie v. Barrack*, 524 F.2d 891, 901 n.17 (9th Cir. 1975). However, "Rule 23 does not set forth a mere pleading

1    standard. A party seeking class certification must affirmatively demonstrate his compliance

2    with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently

3    numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 131

4    S. Ct. 2541, 2551 (2011). In *Wal-Mart*, the Supreme Court reaffirmed its previous holding

5    "that 'sometimes it may be necessary for the court to probe behind the pleadings before

6    coming to rest on the certification question.'" *Id.* (quoting *Falcon*, 457 U.S. at 160). The

7    issue is not the merits of the case, but whether "a common question exists on plaintiffs' proof

8    of the allegations [i.e.], if plaintiffs prove their allegation of X, X will be a question of fact

9    or law common to the class." *Blackie*, 524 F.2d at 901 n.16.

10          The Court must consider the allegations in the complaint, along with the material the

11    parties have submitted, and "form a reasonable judgment on each requirement" of Rule 23.

12    *See id.* at 900-01. "The Court acts as a fiduciary for the absent class members, and must

13    conduct an independent and rigorous analysis of the moving party's claims to examine

14    whether the requirements of Rule 23 are met." *Cervantez v. Celestica Corp.*, 253 F.R.D. 562,

15    568 (C.D. Cal. 2008) (quotation omitted). "Even after a certification order is entered, the

16    judge remains free to modify it in the light of subsequent developments in the litigation."

17    *Falcon*, 457 U.S. at 160.

18          In this case, Plaintiff argues that he has proposed classes that satisfy all of Rule

19    23(a)'s prerequisites and that certification as a class action is proper under Rule 23(b)(1) and

20    (2), or alternatively under 23(b)(3). (Pl.'s Mot. at 14-17.) Defendants oppose the Motion by

21    arguing that Plaintiff's "proposed claims and classes raise myriad individualized issues that

22    render class certification inappropriate" under Rule 23(a) and that Plaintiff "is unable to

23    satisfy the Rule 23(b) criteria." (Doc. 125, Defs.' Opp'n to Pl.'s Mot. ("Defs.' Resp.") at 1.)

24          **B.      The Rule 23(a) Requirements**

25          Defendants argue that Plaintiff cannot satisfy the commonality, typicality, and

26    adequacy of representation requirements of Rule 23(a). (Defs.' Resp. at 6.) Defendants do

27    not contest the numerosity requirement. (*See* Defs.' Resp. at 6 ("Rule 23(a) consists of four

28    independent criteria, three of which are not satisfied here: commonality, typicality and

1   adequacy of representation.").) The Court finds that Plaintiff has demonstrated that the
2   proposed classes satisfy this requirement. (*See* Pl.'s Mot. at 8-9.)

### 1. Commonality

4       To show commonality, a plaintiff seeking to certify a class "must demonstrate that
5   there are questions of fact and law that are common to the class." *Ellis v. Costco Wholesale*
6   *Corp.*, 657 F.3d 970, 981 (9th Cir. 2011). The requirements of Rule 23(a)(2) are construed
7   "permissively, and all questions of fact and law need not be common to satisfy the rule." *Id.*
8   (quotation omitted and alteration incorporated). "The existence of shared legal issues with
9   divergent factual predicates is sufficient, as is a common core of salient facts coupled with
10  disparate legal remedies within the class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019
11  (9th Cir. 1998). "What matters to class certification . . . is . . . the capacity of a classwide
12  proceeding to generate common *answers* apt to drive the resolution of the litigation." *Wal-*
13  *Mart*, 131 S. Ct. at 2551 (quotation omitted).

14      Plaintiff argues that his Complaint contains "numerous common questions of law"
15  because "[t]he legal issues of whether the Plan or ERISA were violated by the failure to
16  provide credited service to the class members are the same for all members of each class."
17  (Pl.'s Mot. at 9.) Defendants state that there is "a core common question," but argue that the
18  commonality requirement is not met because "[t]he answer to that question differs by
19  participant, depending . . . on (i) which pension plan applies; (ii) which facility the
20  participant transferred to/from; (iii) what communications a participant received; and (iv)
21  each participant's understanding of those communications." (Defs.' Resp. at 7.)

22      Under Count One, Plaintiff seeks "'to recover benefits due to him under the terms of
23  the plan.'" (SAC ¶ 99 (quoting 29 U.S.C. § 1132(a)(1)(B).) To determine what benefits he
24  or any other class member is due, the Court need only determine how to properly interpret
25  each Plan one time. In other words, all class members' claims can be resolved by providing
26  one answer, i.e., by determining what the Plans require. As such, all Classes asserting claims
27  under Count One satisfy Rule 23(a)(2)'s commonality requirement. *See Wal-Mart*, 131 S. Ct.
28  at 2551.

Likewise, to decide the various Classes' claims under Count Two, the Court need only determine 1) whether Plaintiff's and other class members' benefits were reduced, and 2) whether they received notice of the reduction. *See* 29 U.S.C. § 1054(g) and (h); (*see also* SAC ¶¶ 107-08.) Determining whether benefits were reduced will require the Court to look to each Plan's terms and decide whether a later-in-time Plan offered reduced benefits. Because this suit is one for mainly declaratory relief, the Court will not have to examine each employee individually to determine what Plans each person fell under at different times and whether transfers resulted in a reduction or increase in benefits. (*See* SAC, Prayer for Relief.) The Court will have to provide only common answers, i.e., determining what the Plans provide and whether employees received notice of Plan changes. If the Court were to decide these questions in Plaintiff's favor, it would then be up to Defendants and the individual employees to determine how each person was affected by the improper change in benefits and how to remedy that violation. While that aspect of the case does potentially present "disparate legal remedies," the class members' "claims stem from the same source." *See Hanlon*, 150 F.3d at 1019-20. The Court can resolve all claims under Count Two by providing common answers to these questions; therefore, the Court finds that all Classes asserting claims under Count Two satisfy the commonality requirement. *See Wal-Mart*, 131 S. Ct. at 2551.

Defendants argue that Plaintiff's claims under Count Five also involve substantial individual questions. (*See* Defs.' Resp. at 11.) However, the Court disagrees. Plaintiff alleges that Defendants breached ERISA provisions because plan administrators did not provide SPDs to any plan participants. (SAC ¶¶ 124-30); *see also* 29 U.S.C. §§ 1021-22. In other words, Plaintiff is alleging that it was a uniform practice of Defendants not to provide the required SPDs. As such, the Court will be required to provide only one answer to this question–either Defendants did or did not provide Plan participants with the required SPDs. Likewise, Defendants would be able to defend against this claim merely by showing that it generally distributed SPDs to Plan participants–it would not have to show that each individual class member received an SPD. Therefore, the Court finds that there is

commonality for the claims asserted under Count Five. *See Wal-Mart*, 131 S. Ct. at 2551;

*Hanlon*, 150 F.3d at 1019-20.

Count Three presents a more difficult question. Plaintiff's claims under Count Three amount to Counts One, Two, and Five repackaged as a fiduciary duty violation, along with a claim that Defendants breached their fiduciary duties by misrepresenting certain material information. (*See* SAC ¶¶ 113-19.) In so far as Count Three asserts claims parallel to Counts One, Two, and Five, the Court finds that it satisfies the commonality requirement for the reasons given above because fiduciary duties under ERISA include duties to follow both the law and Plan terms, which are the bases for Counts One, Two, and Five. *See* 29 U.S.C. § 1104(a)(1). The misrepresentation claim requires a separate analysis.

Defendants argue that certification is not proper for a fiduciary misrepresentation claim because there are "individualized issues regarding the class members' knowledge and understanding of the communications." (Defs.' Resp. at 11.) The Ninth Circuit Court of Appeals has not yet addressed the issue of whether individualized reliance is an element of a fiduciary misrepresentation claim. *See Carr v. Int'l Game Tech.*, Nos. 3:09-cv-00584-ECR-WGC, 3:09-cv-00585-ECR-WGC, 2012 WL 909437, at *3 (D. Nev. Mar. 16, 2012). However, many district courts within the Ninth Circuit have held that reliance is an element of a misrepresentation claim. *See, e.g.*, *Harris v. Amgen, Inc.*, No. CV 07-5442 PSG (PLAx), 2010 WL 744123, at *13 (C.D. Cal. Mar. 2, 2010); *In re Computer Scis. Corp. ERISA Litig.*, 635 F. Supp. 2d 1128, 1140 (C.D. Cal. 2009). According to those courts

> [t]o prove an ERISA breach of fiduciary duty based on a misrepresentation, a plaintiff must establish each of the following elements: (1) the status as an ERISA fiduciary acting as a fiduciary; (2) a misrepresentation on the part of the defendant; (3) the materiality of that misrepresentation; and (4) *detrimental reliance by the plaintiff* on the misrepresentation.

*Carr*, 2012 WL 909437, at *2. Many courts have refused to certify class actions based on fiduciary misrepresentations because the issue of reliance is individualized. *See id.* (collecting cases). The Court agrees that proving that all class members relied on Defendants alleged misrepresentations would require a highly individualized analysis in this case, thereby preventing Plaintiff's proposed Classes from satisfying the commonality

1    requirement. As such, the Court does not certify the fiduciary misrepresentation claim as a

2    class action claim.[2]

3          Defendants' remaining arguments regarding commonality (apparently general to all

4    Classes and Counts) are that the class members suffered individualized harm due to the

5    alleged SPD violation and are subject to individualized limitations periods and individual

6    issues of plan interpretation.[3] The Court finds none of these arguments persuasive as to any

7    of the remaining class allegations. Plaintiff and class members did not suffer different types

8    of harm, though they may have been harmed to a different extent. All potential class

9    members were allegedly harmed by the incorrect interpretation and application of the Plan

10   documents, Defendants' systemic breaches of their fiduciary duties, and their broad failure

11   to provide SPDs, all of which is sufficient to establish commonality. *See McMillon v.*

12   *Hawaii*, 261 F.R.D. 536, 544 (D. Haw. 2009) ("commonality is satisfied where the lawsuit

13   challenges a system-wide practice or policy that affects all of the putative class members.")

14   (quoting *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001), *abrogated on other grounds*

15   *by Johnson v. California*, 543 U.S. 499, 504-05, 515 (2005)); (*see also* SAC ¶¶ 101, 104,

16   117, 128.) It is irrelevant for purposes of determining commonality that, presuming Plaintiffs

17   are successful at trial, individual class members may be entitled to demand different types

18   or amounts of compensation from Defendants based on the Court's declaratory order. *See*

19   *Hanlon*, 150 F.3d at 1019 ("The existence of shared legal issues with divergent factual

20   predicates is sufficient, as is a common core of salient facts coupled with disparate legal

21   _____

22   ² Defendants also argue that Plaintiff's request for plan reformation and a surcharge
     will require individual analysis and, therefore, the class action should not be certified. (Defs.'
23   Resp. at 13.) However, the Court does not address this argument because it would be
     premature to discuss remedies at the class certification stage, and the commonality analysis
24   turns on whether the Court can provide "common *answers* apt to drive the litigation"–not
     common remedies apt to finally terminate the litigation. *See Wal-Mart*, 131 S.Ct. at 2551
25   (quotation omitted).
26

27   ³ The Court has already discussed Defendants' statute of limitations arguments at
     length in a previous Order and will not discuss them further here. (*See* Doc. 71, Dec. 6, 2011,
28   Order at 7-13.)

remedies within the class."). Furthermore, there are no individualized issues of plan interpretation. How ever the Court ultimately interprets the plan documents, that interpretation will be controlling as to all class members.[4] Additionally, just because the Court will have to interpret multiple plan documents does not mean that the interpretation of each document will not pose an answer common to all members of the different Classes, as Defendants suggest. (*See* Defs.' Resp. at 13.) Accordingly, the Court finds that it will be able to "resolve [the] issue that is central to the validity of each one of the claims in one stroke" and "generate common *answers* apt to drive the resolution of the litigation." *See Wal-Mart*, 131 S. Ct. at 2551 (quotation omitted).

### 2. Typicality

Plaintiff must also show that the class representative's claims are typical of the class. *See* Fed. R. Civ. P. 23(a)(3). "The test of typicality is whether other [class] members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Ellis*, 657 F.3d at 984 (internal quotation marks and citation omitted). The crux of this inquiry is "the nature of the claim or defense of the class representative, and not . . . the specific facts from which it arose or the relief sought." *Id.* (quotation omitted). The typicality requirement is judged under a permissive standard. *Hanlon*, 150 F.3d at 1020.

Plaintiff argues that his claims are typical of those of the class members because he "was harmed by the same course of conduct, including, *inter alia*, Defendants' failure to provide him with credit under the Plan, Defendants' retroactive amendments without notice, [and] Defendants' breaches of fiduciary duty and ERISA disclosure requirements." (Pl.'s Mot. at 13.) Defendants assert their commonality arguments as typicality arguments as well.

---

[4] Defendants arguments about plan interpretation deal almost exclusively with the merits of Plaintiff's claim. (*See* Defs.' Resp. at 13-15.) However, on a motion for class certification, the Court must accept Plaintiff's allegations as true. *See Blackie*, 524 F.2d at 901 n.17. Thus, the Court need not consider arguments Defendant makes that are based on factual premises distinct from those alleged in Plaintiff's SAC.

(*See* Defs.' Resp. at 8-15.) As the Court has already accepted or rejected all of those arguments and finds none of them more persuasive in the context of typicality, it does not discuss them further here. Taking the allegations in the Complaint to be true, Plaintiff's claims and alleged injuries are the same as those of all class members (their benefits were or will be calculated improperly), those injuries were caused by "conduct which is not unique to the named plaintiff[]" (Defendants' allegedly erroneous interpretation and application of its benefits plans)  and "other class members have been injured by the same course of conduct." *See Ellis* 657 F.3d at 984 (internal quotation marks and citation omitted). Thus, the Court finds that Plaintiff's claims are typical of those of other class members.

### 3.   Adequacy

Finally, Plaintiff and his counsel must satisfy Rule 23(a)(4) concerning adequacy of representation. "Courts must consider two questions in this regard: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class? *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1031 (9th Cir. 2012) (quotation omitted). "Adequate representation depends on, among other factors, an absence of antagonism between representatives and absentees, and a sharing of interest between representatives and absentees." *Ellis*, 657 F.3d at 985.

Defendants challenge Plaintiff's adequacy as a class representative based only on their arguments regarding the statute of limitations. (*See* Defs.' Resp. at 9.) As noted above, the Court will not address the statute of limitations issue for a second time here. Moreover, the statute of limitations has nothing to do with whether there are any conflicts of interest or whether Plaintiff and his counsel will "prosecute the action vigorously on behalf of the class." *See Evon*, 688 F.3d at 1031. The Court finds that both Plaintiff and his counsel will adequately represent the proposed Classes based on their sworn declarations attached to the Motion for Class Certification, which state that there are no conflicts of interest and that all will prosecute the action vigorously. (*See* Doc. 111-3, Decl. of Thomas G. Frazier in Supp. of Pl.'s Mot. at 3; Doc. 111-4, Decl. of Susan Martin in Supp. of Pl.'s Mot. at 1-2; Doc. 111-

1  5, Decl. of Bradley H. Schleier in Supp. of Pl.'s Mot. at 2-3.) Consequently, the Court finds

2  that Plaintiff has satisfied all of the requirements of Rule 23(a).

3        **C.**    **The Rule 23(b) Requirements**

4        In addition to the Rule 23(a) requirements, Plaintiff must also show that class

5  certification is proper under Rule 23(b). *See Amchem*, 521 U.S. at 614. Plaintiff argues that

6  certification is proper under any of Rule 23(b)'s three options. (Pl.'s Mot. at 14-16.) Because

7  the Court finds that a class action is proper under Rule 23(b)(1)(A), it does not address the

8  remainder of Rule 23(b). Rule 23(b)(1)(A) states that a class action is proper if "prosecuting

9  separate actions by or against individual class members would create a risk of . . .

10  inconsistent or varying adjudications with respect to individual class members that would

11  establish incompatible standards of conduct for the party opposing the class." Fed. R. Civ.

12  P. 23(b)(1)(A). "The phrase 'incompatible standards of conduct' refers to the situation where

13  different results in separate actions would impair the opposing party's ability to pursue a

14  uniform continuing course of conduct." *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180,

15  1193 (9th Cir. 2001) (quotation omitted). However, the Rule requires more "than a risk that

16  separate judgments would oblige the opposing party to pay damages to some class members

17  but not to others or to pay them different amounts." *Id.* (quotation omitted).

18        Plaintiff argues that if multiple courts were to hear individual class members' claims,

19  there would be a risk that the courts would come to different conclusions and that class

20  members would be treated unequally under the same retirement plan. (Pl.'s Mot. at 14.)

21  Defendants argue that certification is inappropriate because "the predominant (if not sole)

22  relief is monetary" in this case. (Defs.' Resp. at 16.) The Court disagrees that the

23  "predominant" relief sought here is monetary damages. While it is true that if the Court were

24  to interpret the Plans in the manner Plaintiff believes is correct, Defendants would have to

25  pay some class members money, that does not mean that Plaintiff is seeking monetary

26  damages from the Court. *See Bowen v. Massachusetts*, 487 U.S. 879, 893 (1988) ("The fact

27  that a judicial remedy may require one party to pay money to another is not a sufficient

28  reason to characterize the relief as 'money damages.'"). Plaintiff is seeking almost

exclusively declaratory relief in the form of an Order from this Court defining the rights and obligations created by the various Plan documents at issue. (*See* SAC, Prayer for Relief.) Multiple contradictory court rulings would severely prejudice Defendants, as they would be unable to comply with both the court orders and their own admission that "there must be a uniform interpretation of the applicable plan provisions." (*See* Defs.' Resp. at 9.) The Court finds that it is proper to certify a class action here to avoid the risk of such prejudice.

## III.    CONCLUSION

Plaintiff can satisfy the requirements of Federal Rule of Civil Procedure 23(a) and 23(b) for all proposed Classes and all alleged claims except for the fiduciary misrepresentation claim within Count Three. Because the Court reaches this conclusion without considering the declaration of Lawrence Sher, it denies Plaintiff's Motion to Strike and Defendants' Motion for Leave to File Response to Plaintiff's Motion to Strike as moot. (Docs. 146, 158.)

**IT IS ORDERED** granting in part and denying in part Plaintiff's Motion for Class Certification (Doc. 111) and certifying Class One, Class Two, Class Three, Class Four, Sub-Class Four, and Class Five as described above.

**IT IS FURTHER ORDERED** denying Plaintiff's Motion to Strike (Doc. 146) and Defendants' Motion for Leave to File Response to Plaintiff's Motion to Strike (Doc. 158).


DATED this 20th day of November, 2012.



_____
Susan R. Bolton
United States District Judge