# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas G. Frazier, a married man,<br><br>Plaintiff,<br><br>vs.<br><br>Honeywell International, Inc., a Delaware corporation; Honeywell Retirement Earnings Plan; Salaried Employees Pension Plan of Allied Corporation; Salaried Employees Pension Plan of AlliedSignal, Inc.; Salaried Employees Pension Plan of the Bendix Corporation; Pension Plan for Salaried Employees of General Aviation Avionics; Plan Administrator of the Honeywell Retirement Earnings Plan; Plan Administrator of the Salaried Employees Pension Plan of Allied Corporation; Plan Administrator of the Salaried Employees Pension Plan of the Bendix Corporation; Plan Administrator of the Pension Plan for Salaried Employees of General Aviation Avionics,<br><br>Defendants. | No. 2:10-cv-01618-DJH |

**<u>SETTLEMENT AGREEMENT</u>**

# SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT is entered into by and between Named Plaintiff Thomas Frazier and the Settlement Class, on the one hand, and Defendants Honeywell International Inc., Honeywell Retirement Earnings Plan, the Salaried Employees Pension Plan of Allied Corporation, the Salaried Employees Pension Plan of AlliedSignal, Inc., the Salaried Employees Pension Plan of the Bendix Corporation, the Pension Plan for Salaried Employees of General Aviation Avionics, the Plan Administrator of the Honeywell Retirement Earnings Plan, the Plan Administrator of the Salaried Employees Pension Plan of Allied Corporation, the Plan Administrator of the Salaried Employees Pension Plan of the Bendix Corporation, and the Plan Administrator of the Pension Plan for Salaried Employees of General Aviation Avionics on the other hand.

## RECITALS

A.     The words and phrases used in the preamble and these Recitals have the meanings assigned to them in Article I — Definitions.

B.     The Settlement is structured as follows:

The Parties agree that Class Counsel shall provide Defendants with the Plan of Allocation and that the Retirement Plan shall distribute the Settlement Amount as directed by Class Counsel under the Plan of Allocation.   The Parties agree that Honeywell shall amend the Retirement Plan to provide for the payment by the Retirement

Plan of the Settlement Benefits, and that the Retirement Plan shall pay the Fee Award and Case Contribution Award as a reasonable expense of administering the Retirement Plan.

The Parties agree that the Settlement Class shall release all Released Claims against the Released Parties.

The Parties agree that the claims of any Class Member who is not on the Plan of Allocation shall be dismissed without prejudice.

C.      Class Counsel has substantial experience with the requirements of ERISA and the Code and has substantial experience litigating class actions on behalf of plan participants.

D.      Class Counsel has analyzed and evaluated the impact of this Agreement on Named Plaintiff, the Settlement Class and all Class Members.  Based on its analysis and evaluation of the relevant factors, Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate for Class Members and Settlement Class members.

E.      Defendants have denied and continue to deny all of the allegations made by Named Plaintiff in the Action.  Nevertheless, without admitting or conceding any liability or damages whatsoever, Defendants have agreed to settle the Action on the terms and conditions set forth in this Agreement to minimize the burden, expense, and uncertainty of continuing to defend the Action, to minimize the diversion of resources and personnel required by continuing to defend the Action, and to put to rest all of the Released Claims. Defendants have determined that it is in the best interests of the participants and

beneficiaries of the Retirement Plan that the Action be settled in the manner and upon the terms and conditions set forth in this Agreement.

F.     As a result of these and other appropriate considerations, Named Plaintiff, the Settlement Class and Defendants have agreed to settle the Action as provided for herein.

**NOW**, **THEREFORE**, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereby agree to a settlement of the Action on the following terms and conditions:

## I.     DEFINITIONS

For purposes of this Agreement, the following terms, when used in capitalized form, shall have the meanings indicated below.  In addition, where appropriate, the plural of any defined term includes the singular, and the singular of any defined term includes the plural, as the case may be.  Occasionally, a term may be defined in another Paragraph of this Agreement by putting quotation marks around the term and placing the term in a parenthetical following its definition; a term defined in this manner is considered to be defined in this Article I.

**1.01**   **"Action"** means the case captioned Thomas G. Frazier, a married man, v. Honeywell International, Inc., a Delaware corporation; Honeywell Retirement Earnings Plan; Salaried Employees Pension Plan of Allied Corporation; Salaried Employees Pension Plan of AlliedSignal, Inc.; Salaried Employees Pension Plan of the Bendix

Corporation; Pension Plan for Salaried Employees of General Aviation Avionics; Plan Administrator of the Honeywell Retirement Earnings Plan; Plan Administrator of the Salaried Employees Pension Plan of Allied Corporation; Plan Administrator of the Salaried Employees Pension Plan of the Bendix Corporation; Plan Administrator of the Pension Plan for Salaried Employees of General Aviation Avionics, No. 2:10-cv-01618-DJH, pending in the District Court.

      1.02    **"Agreement"** means this Settlement Agreement.

      1.03    **"Applicable Interest Rate"** means an interest rate of 2.55%, compounded annually.

      1.04    **"Bendix Plan"** means the Salaried Employees Pension Plan of the Bendix Corporation.

      1.05    **"Case Contribution Award"** means, if approved by the District Court, an award of up to $20,000 to Named Plaintiff, which is in addition to the Gross Settlement Amount.

      1.06    **"Change of Information Form"** means the form mutually agreed upon by Class Counsel and Defendants and attached hereto as Exhibit B that may be completed and returned to Class Counsel by participants and beneficiaries in accordance with Paragraph 3.02.

      1.07    **"Class Counsel"** means the law firms of Martin & Bonnett, P.L.L.C., 1850 North Central Avenue, Suite 2010, Phoenix, AZ  85004 and Schleier Law Offices, 3101 N. Central Avenue, Suite 1090, Phoenix, Arizona 85012.

**1.08** **"Class Member"** means an individual who satisfies the definition of the classes certified by the Court on November 20, 2012.

**1.09** **"Class Notice"** means the notice mutually agreed upon by Class Counsel and Defendants in the form attached hereto as Exhibit A, which Class Counsel shall provide to the Settlement Class members as set forth in Paragraph 2.02.

**1.10** **"Code"** means the Internal Revenue Code of 1986, as amended and in effect from time to time.

**1.11** **"Company"** means Honeywell and all organizations and entities that are required to be aggregated with Honeywell under Code §§ 414(b), (c), (m), (n) and (o).

**1.12** **"Defendants"** means all former and currently named defendants in the Action: Honeywell, Inc., Honeywell International Inc., Honeywell Pension and Savings Plan, Honeywell Secured Benefit Plan, Bendix Salaried Plan, King Radio Plan, Honeywell Retirement Earnings Plan, the Salaried Employees Pension Plan of Allied Corporation, the Salaried Employees Pension Plan of AlliedSignal, Inc., the Salaried Employees Pension Plan of the Bendix Corporation, the Pension Plan for Salaried Employees of General Aviation Avionics, the Plan Administrator of the Honeywell Retirement Earnings Plan, the Plan Administrator of the Salaried Employees Pension Plan of Allied Corporation, the Plan Administrator of the Salaried Employees Pension Plan of the Bendix Corporation, the Plan Administrator of the Pension Plan for Salaried Employees of General Aviation Avionics, the Plan Administrator for the Honeywell Pension and Savings Plan, the Plan Administrator for the Honeywell Secured Benefit

Plan, the Plan Administrator for the Bendix Salaried Plan, the Plan Administrator for the King Radio Plan, and, as applicable, any agent appointed, designated, or authorized by any of the Defendants specifically for the purpose of satisfying any of the obligations under this Agreement.

**1.13** **"District Court"** means the United States District Court for the District of Arizona.

**1.14** **"Effective Date"** means the date the Settlement becomes Final.

**1.15** **"Eligible Beneficiary"** means the surviving spouse of a Settlement Class member who is eligible to receive a Settlement Benefit because he or she is listed on the Plan of Allocation as receiving a Settlement Benefit greater than zero or, for an Eligible Participant who dies between Preliminary Approval and the Effective Date, the surviving spouse of an Eligible Participant who is listed on the Plan of Allocation as an Eligible Participant and, in such case, the Eligible Beneficiary is entitled to receive the deceased Eligible Participant's Settlement Benefit set forth on the Plan of Allocation.

**1.16** **"Eligible Estate Representative"** means the executor or administrator of the estate, or the qualified personal representative, of an Eligible Participant or an Eligible Beneficiary who is eligible to receive a Settlement Benefit on behalf of the Participant's or Beneficiary's estate because he or she is listed on the Plan of Allocation as receiving a Settlement Benefit greater than zero or, for an Eligible Participant or Eligible Beneficiary who dies between Preliminary Approval and the Effective Date, is the executor, administrator or qualified personal representative of an Eligible Participant or Eligible

Beneficiary who is listed on the Plan of Allocation and who dies with no surviving spouse and, in such case, the Eligible Estate Representative is entitled to receive the deceased Eligible Participant or Eligible Beneficiary's Settlement Benefit set forth on the Plan of Allocation.

**1.17** **"Eligible Participant"** means a participant who is eligible to receive a Settlement Benefit because he or she is listed on the Plan of Allocation as receiving a Settlement Benefit greater than zero.

**1.18** **"ERISA"** means the Employee Retirement Income Security Act of 1974, as amended and in effect from time to time.

**1.19** **"Fairness Hearing"** means the hearing to be held by the District Court, on a date and location to be determined by the District Court, on the motion for Final Approval of the Final Settlement.

**1.20** **"Fee Application"** means the motion to be filed by Class Counsel with the District Court for an award of reasonable attorneys' fees and costs.

**1.21** **"Fee Award"** means the amount of attorneys' fees and costs awarded to Class Counsel pursuant to the Fee Application.

**1.22** **"Final"** means (a) a judgment approving the Settlement has been entered by the District Court; (b) (i) if rehearing, reconsideration, or appellate review of the judgment is not sought by any person, when the time to seek such rehearing, reconsideration, or appellate review has expired, or (ii) if rehearing, reconsideration, or appellate review of the judgment is sought by any person, when any and all avenues of rehearing,

reconsideration, and appellate review (including in the United States Supreme Court) have been exhausted and no further rehearing, reconsideration, or appellate review is permitted (or the time for seeking such review has expired); and (c) no portion of the judgment approving the Settlement has been altered, modified, amended, vacated, or overturned.

**1.23 "Final Approval"** means that the District Court has entered the Final Judgment and the Final Judgment has become Final.

**1.24 "Final Judgment"** means the order and final judgment to be mutually agreed upon and proposed by the Parties and entered by the District Court with respect to the Settlement as set forth in Paragraph 2.08 and except with respect to a ruling on Defendants' Motion to Vacate, without amendment, modification or alteration.

**1.25 "Grandfathered Group"** means the individuals who are identified as being part of the Grandfathered group on Exhibit C hereto.

**1.26 "Gross Settlement Amount"** means the Settlement Benefits and the Fee Award, the aggregate value of which is $7,625,000. It shall be solely Class Counsel's responsibility to determine the distribution amounts under the Plan of Allocation for each Settlement Class member. Defendants shall only be required to make one distribution to each Settlement Class member who is entitled to receive payment under this Agreement.

**1.27 "Honeywell"** means Honeywell International Inc., a Delaware corporation.

**1.28 "Individual Mistake"** means an error related to the calculation of, or entitlement to, an individual Participant's benefits that involves a particularized, individualized data issue or the terms of an individual qualified domestic relations order

("QDRO"). An Individual Mistake does not include generally applicable claims under the Retirement Plan (including all supplements thereto), and all predecessor plans and/or Plans merged into the Retirement Plan, including, without limitation the Honeywell Secured Benefit Plan, Bendix Salaried Plan, King Radio Plan, Honeywell Retirement Earnings Plan, the Salaried Employees Pension Plan of Allied Corporation, the Salaried Employees Pension Plan of AlliedSignal, Inc., the Salaried Employees Pension Pan of the Bendix Corporation and the Pension Plan for Salaried Employees of General Aviation Avionics that involve challenges to plan design, plan interpretation or plan language or any claims asserted or that could have been asserted in the Action. An Individual Mistake does not include any claims or appeals pertaining in any way to this Agreement, Settlement Benefits or the Plan of Allocation or any adjustments to benefits made as a result of the investigation undertaken in this Action, except to the extent that a clerical, operational or administrative error was made in making the adjustment.

1.29 **"Initial Payment Date"** means, except as provided in Sections 3.01(b) and (c), the first (1st) day of the month following receipt by the Retirement Plan, on or before the fourth (4th) day of the preceding month, of all documents (e.g., election forms and spousal consent where applicable) required to commence distribution of benefits under the Plan. Notwithstanding the foregoing, the Initial Payment Date shall not be (i) prior to the Effective Date; (ii) prior to November 1, 2015; (iii) prior to the first day of the fifth month following receipt of a revised Plan of Allocation if there are any changes in the amounts allocated to the individuals on the Plan of Allocation; or (iv) during the month of January

9

of any year.  Defendants may make payments under this Agreement at any time between Final Approval and the Initial Payment Date if they so choose.

**1.30**   **"Named Plaintiff"** means Thomas Frazier and his spouse, children, representatives, heirs, administrators, beneficiaries, alternate payees, executors, conservators, or assigns without limitation.

**1.31**   **"Parties"** means Defendants, Named Plaintiff, and the Settlement Class.

**1.32**   **"Plan of Allocation"** means the list that Class Counsel is required to provide to the Retirement Plan and to file with the Court which shall allocate the Settlement Amount to the Settlement Class and that shall set forth (a) for each Eligible Participant and Eligible Beneficiary, the name, social security number, date of birth, date of death if applicable and known, and the exact dollar amount to be distributed as a Settlement Benefit pursuant to Article III of this Agreement, and (b) for each Eligible Participant who is known to be deceased with no known Eligible Beneficiary before the Effective Date, or for each Eligible Beneficiary who is known to be deceased with no known surviving spouse before the Effective Date, the exact dollar amount to be distributed as a Settlement Benefit to the Eligible Estate Representative pursuant to Article III of this Agreement.  The Plan of Allocation shall be provided to the Retirement Plan as an excel spreadsheet in the form attached as Exhibit D to this Agreement.

**1.33**   **"Preliminary Approval"** means the entry by the District Court of the Preliminary Approval Order.

**1.34** **"Preliminary Approval Motion"** means the motion that Named Plaintiff shall file with the Court on or before April 8, 2015.

**1.35** **"Preliminary Approval Order"** means the order to be mutually agreed upon and proposed by the Parties, and entered by the District Court in connection with the Preliminary Approval Motion that is to be filed by Named Plaintiff, in substantially the form attached hereto as Exhibit E preliminarily approving the terms and conditions of this Agreement, including the manner and timing of providing notice to the Settlement Class, the period for raising objections, and the date for the Fairness Hearing.

**1.36** **"Release"** means the release described in Paragraph 4.01.

**1.37** **"Released Claims"** means the claims described as released in Paragraph 4.01.

**1.38** **"Released Parties"** means Honeywell Pension and Savings Plan, Honeywell Secured Benefit Plan, Bendix Salaried Plan, King Radio Plan, Honeywell Retirement Earnings Plan, the Salaried Employees Pension Plan of Allied Corporation, the Salaried Employees Pension Plan of AlliedSignal, Inc., the Salaried Employees Pension Pan of the Bendix Corporation, the Pension Plan for Salaried Employees of General Aviation Avionics, the Plan Administrator of the Honeywell Retirement Earnings Plan, the Plan Administrator of the Salaried Employees Pension Plan of Allied Corporation, the Plan Administrator of the Salaried Employees Pension Plan of the Bendix Corporation, the Plan Administrator of the Pension Plan for Salaried Employees of General Aviation Avionics, the Plan Administrator for the Honeywell Pension and Savings Plan, the Plan

Administrator for the Honeywell Secured Benefit Plan, the Plan Administrator for the Bendix Salaried Plan, the Plan Administrator for the King Radio Plan (collectively, the "Released Plans"), Honeywell, Inc., the Company, and any and all of the Released Plans' and the Company's current, former and future parent corporations, subsidiaries, divisions, affiliated and related entities and plans (including without limitation any employee benefit plans in which any current, former, or future Company employee does, did, or could have participated in connection with his or her employment), and each of their fiduciaries, administrators, actuaries, executors, directors, officers, members, employees, agents, insurers, representatives, attorneys, trustees, conservators, successors in interest, and assigns.

**1.39** **"Retirement Plan"** means the Honeywell Retirement Earnings Plan, Amended and Restated as of January 1, 2010, including all subsequent amendments.

**1.40** **"Retirement Plan Administrator"** means the plan administrator for the Retirement Plan, as provided in the Retirement Plan.

**1.41** **"Retirement Plan Amendment"** means the amendment to the Retirement Plan described in Article III, which shall be consistent with and not contrary to the provisions of this Agreement.

**1.42** **"Retirement Plan Document"** means the plan document for the Honeywell Retirement Earnings Plan, Amended and Restated as of January 1, 2010, including all subsequent amendments and without regard to any supplements of the Retirement Plan.

**1.43** **"Settlement"** means the negotiated agreement among the Parties to settle the Action, as reflected in this Agreement.

**1.44** **"Settlement Amount"** means the sum of all the additional benefits to be provided under the Retirement Plan Amendment, which shall be equal to (a) the Gross Settlement Amount ($7,625,000), less (b) the Fee Award.  The Settlement Amount provided pursuant to the Retirement Plan Amendment shall be 100% vested.

**1.45** **"Settlement Benefit"** means the benefit payable under Article III.

**1.46** **"Settlement Benefit Account"** means the hypothetical account established for bookkeeping purposes for an Eligible Participant, Eligible Beneficiary, or Eligible Estate Representative under Paragraph 3.02.  The Settlement Benefit Account shall be used solely for purposes of calculating the amounts payable with respect to the Settlement Benefit.  The establishment of a Settlement Benefit Account with respect to an individual shall not result in the segregation of assets for his or her exclusive benefit under the Retirement Plan and shall not result in the establishment of a defined contribution plan within the meaning of Code § 414(i) or of a plan described in Code § 414(k).

**1.47** **"Settlement Benefit Starting Date"** means the date as of which payment of the Settlement Benefit is scheduled to be paid (or, in the case of a benefit payable in the form of an annuity, is scheduled to begin) to an Eligible Participant, Eligible Beneficiary, or Eligible Estate Representative under Article III.

**1.48** **"Settlement Class"** means the group of persons consisting of every person identified on the Plan of Allocation and on Exhibit C to this Agreement and every

13

derivative claimant of such persons. For this purpose, the derivative claimants include, without limitation, any spouse, domestic partner, civil union partner, child, representative, heir, administrator, beneficiary, alternate payee, executor, conservator, attorney, and/or assign. These derivative claimants are limited to the rights of and are subject to the defenses applicable against the person from whom their claim derives.

**1.49** **"Term Sheet"** means the Term Sheet entered into and executed by the Settlement Class on February 24, 2015 and by Defendants on February 25, 2015.

**1.50** **"Tolled Period"** means the period from the filing of the First Amended Complaint on March 11, 2011 through the Effective Date of the Settlement.

## II.  PROCEDURES

**2.01  Preliminary Approval**.  On or before April 8, 2015, Named Plaintiff shall file the Preliminary Approval Motion with the Court for entry of the Preliminary Approval Order.  The Preliminary Approval Motion shall request that the Court set a date and time for the Fairness Hearing and approve the Class Notice and Change of Information Form. Named Plaintiff shall provide Defendants with a copy of the draft Preliminary Approval Motion, and all exhibits thereto, at least five (5) business days before filing.

**2.02  Class Notification**.  Class Counsel shall provide Settlement Class members with the Class Notice, which shall include details of the proposed Settlement, the date and time for the Fairness Hearing, and their right to object to this Agreement.  The Class Notice distribution shall also include the Change of Information Form.  The Class Notice and Change of Information Form shall be sent by first-class mail to the last known address of each Settlement Class member. Class Counsel shall mail the Class Notice within fourteen (14) days of the Order Granting Preliminary Approval.  Following Preliminary Approval and prior to Final Approval, Defendants shall promptly, but not less than once every four (4) weeks, provide Class Counsel with periodic updates, advising whether they received notice that a Settlement Class member has died and shall furnish Class Counsel with the following information to the extent Defendants have such information: notice of such fact together with date of death; address for Settlement Class member's surviving spouse, if any; and any other readily accessible information concerning the deceased Settlement Class member's estate.  Class Counsel shall provide the Retirement Plan with

copies of all Change of Information Forms received after the date the Plan of Allocation is provided to the Retirement Plan.

**2.03    Issuance of Notice Under the Class Action Fairness Act**.  Pursuant to the Class Action Fairness Act of 2005, PL 109-2 (2005) and 28 U.S.C. § 1715 ("CAFA") Defendants, at their own expense, shall prepare and provide the notices required by CAFA, including the notices to the United States Department of Justice and to the Attorneys General of all states in which Settlement Class members reside, as specified by 28 U.S.C. § 1715, within ten (10) days of the filing of the Preliminary Approval Motion. Defendants shall give Named Plaintiff the opportunity to review the notices at least five (5) days before service.

**2.04    Final Fairness Hearing.**  In the Preliminary Approval Motion, Named Plaintiff shall request that the District Court set a Fairness Hearing as soon as practicable to determine the fairness, reasonableness, and adequacy of the Settlement, the dismissal with prejudice of the claims of the Named Plaintiff and the Settlement Class against Defendants, the dismissal without prejudice of the claims of the Class Members who are not members of the Settlement Class, the request of Class Counsel for an award of attorneys' fees and costs pursuant to the Fee Application, and the request by Class Counsel for a case Contribution Award to Named Plaintiff.  Named Plaintiff shall request that the Fairness Hearing be set no sooner than the later of July 21, 2015 and 60 days following the date for mailing of the Class Notice.

**2.05    Objections to Settlement**.

(a)    Any Settlement Class member who wishes to object to the fairness, reasonableness, or adequacy of this Agreement, the Plan of Allocation or their individual allocation,  the Case Contribution Award, or the request by Class Counsel for an award of fees and costs, must file with the Clerk of the District Court and serve counsel as designated in the Class Notice, no later than fourteen (14) days before the Fairness Hearing, a statement of the objection, as well as the specific reason(s), if any, for each objection, including any legal support that the Settlement Class member wishes to bring to the District Court's attention and any evidence the Settlement Class member wishes to introduce in support of the objection.  Any Settlement Class member who files and serves a written objection, as described herein, may appear at the Fairness Hearing and request to be heard with respect to the objection timely filed in accordance with this Paragraph.

(b)    Settlement Class members filing a written objection or appearing at the Fairness Hearing in accordance with this Paragraph may do so either on their own or through an attorney hired at their own expense.  If a Settlement Class member hires an attorney to represent him or her (at his or her own cost and expense), the attorney must file a notice of appearance with the Clerk of the District Court no later than fourteen (14) days before the Fairness Hearing, and serve a copy of such notice of appearance on all counsel for the Parties.

(c)     Unless the District Court finds good cause for an exception, any Settlement Class member (or his or her attorney) who fails to comply with the provisions of Paragraphs 2.05(a) and (b) shall waive any rights the Settlement Class member may have to appear separately and/or to object, and shall be bound by all the terms of the Agreement and by all proceedings, orders, and judgments in the Action.

(d)     The Parties shall file any written replies to objections submitted in accordance with Paragraph 2.05(a) no later than seven (7) calendar days before the Fairness Hearing.  To the extent any Settlement Class member submits an objection to the Plan of Allocation, including an objection to their individual allocation, Class Counsel shall be responsible for responding to any such objection and shall provide the Settlement Class member with information relevant to Class Counsel's determination.

**2.06   Effect of Failure to Grant Final Approval**.  If the District Court fails to enter the Preliminary Approval Order in substantially the form submitted by Named Plaintiff or in a form which is otherwise agreed to by the Parties, or if the Settlement does not receive Final Approval, as defined herein, either Party shall have the right to declare the Settlement and Agreement null and void with no further force and effect, and the Action shall resume without prejudice to the rights (including, but not limited to, appeal rights) of any Party, unless the Parties successfully renegotiate the settlement and obtain final approval of the renegotiated settlement.  In the event a Party declares the Settlement and this Agreement null and void in accordance with this Paragraph, the Action and any orders entered in connection with the application for approval of the Settlement shall be

18

restored to the *status quo ante* as it existed on February 12, 2015 including the Court's

class certification order dated November 20, 2012, and the Court's November 27, 2013

summary judgment order. In such event, any statements made by any Party in any

documents, settlement documents, court appearance or drafts in connection with this

Agreement shall not be admissible in any proceeding or otherwise used in connection with

this Action.

    **2.07**   **Cost of Class Notice and Administration of Settlement**. The Retirement

Plan shall pay as an administrative expense all of the reasonable costs and expenses of

notice and attendant distribution expenses including, but not limited to, postage, printing,

duplicating and mailing of the Class Notice and Change of Information Form, address

searches and publication expenses to the extent publication is made. To the extent Class

Counsel retains a class action settlement administrator, it shall obtain at least two fee

estimates that shall be shared with, and one of which approved by, Defendants. If

Defendants do not indicate their preference within three (3) business days, they shall be

deemed to have approved both fee estimates. Defendants' approval of a class action

settlement administrator shall not be unreasonably withheld. The Retirement Plan shall

pay such costs and expenses within forty-five (45) days of receipt of a bill from Class

Counsel and/or the class action settlement administrator and/or other service provider

selected by Class Counsel setting forth such actual costs. All other expenses incident to

the administration of providing the Class Notice and Change of Information Form and

receipt of the Change of Information Form and any expenses incurred by Class Counsel

and the Settlement Class in creating or producing the Plan of Allocation shall be borne by Class Counsel and the Settlement Class. The cost of processing Settlement Benefits under this Agreement shall be borne by the Retirement Plan. If the Settlement or this Agreement is terminated for any reason, the Parties shall have no obligation to reimburse any other Party for any other costs or expenses incurred under this Agreement.

**2.08   Entry of Final Judgment**.   Not later than fourteen (14) days before the Fairness Hearing, Named Plaintiff shall submit to the District Court a motion for entry of the Final Judgment and form of Final Judgment, which shall be in substantially the form attached hereto as Exhibit F except with respect to a ruling on Defendants' Motion to Vacate, and which shall provide for the following, among other things:

(a)   adjudging the Settlement to be fair, reasonable and adequate;

(b)   ordering that the Agreement is approved, directing consummation of the terms and provisions of this Agreement, and requiring the Parties to take the necessary steps to effectuate the terms of this Settlement;

(c)   entering the Final Judgment;

(d)   determining pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure that the Class Notice constitutes the best notice practicable under the circumstances, and that due and sufficient notice of the Fairness Hearing and the rights of all members of the Settlement Class has been provided;

(e)   determining that Defendants complied with CAFA and its notice obligations by providing appropriate federal and state officials with information about the Settlement;

(f)   ordering that each member of the Settlement Class shall be (i) conclusively deemed to have, and by operation of the Final Order shall have, fully, finally and forever settled, released, relinquished, waived and discharged Defendants and the Related  Parties from

all Released Claims, and (ii) barred from suing Defendants or the Related Parties in any action or proceeding alleging any of the Released Claims, even if any member of the Settlement Class may thereafter discover facts in addition to or different from those which the members of the Settlement Class now know or believe to be to be true with respect to the Action and the Released Claims, whether or not such members of the Settlement Class have filed an objection to the settlement embodied in this Agreement or to any application by Class Counsel for Fee Award, and whether or not the objections or claims for distribution of such members or the Settlement Class have been approved or allowed;

(g) dismissing with prejudice the Action and claims asserted in the Complaint, the First Amended Complaint and the Second Amended Complaint, whether asserted by Named Plaintiff on his own behalf or on behalf of the Settlement Class, without additional cost to any of the Parties other than as provided for in this Agreement;

(h) approving the Retirement Plan Amendment and awarding Settlement Benefits consistent with the terms of this Agreement;

(i) awarding attorneys' fees and costs for Class Counsel pursuant to the Fee Application consistent with the terms of this Agreement;

(j) awarding the Case Contribution Award to Named Plaintiff consistent with the terms of this Agreement;

(k) ordering the Parties' submission to, and the District Court's continuing retention of, exclusive jurisdiction over this matter for the purpose of effectuating and supervising the enforcement, interpretation or implementation of the Settlement, and resolving any disputes that may arise hereunder;

(l) entering an injunction barring any Settlement Class member from filing a separate action with respect to the Released Claims;

(m) entering an order stating that Defendants shall not be liable to any person for any determinations made by Class Counsel on the Plan of Allocation or for any mistakes, incorrect or incomplete data relied upon by Plaintiff or Class Counsel in preparing and producing the Plan of Allocation;

<blockquote>
(n)       decertifying the class with respect to any Class Member who is not a Settlement Class member; and

(o)       dismissing without prejudice the claims of any Class Member who is not a Settlement Class member and tolling the statute of limitations and other time based defenses from March 11, 2011 through the Effective Date (the "Tolled Period") and barring Defendants from including the Tolled Period in the time period calculation used in the assertion of any defense based on the statute of limitations or other time based defenses asserted in any administrative claim or new litigation commenced by a dismissed class member to the extent the new litigation or claim asserts a claim being dismissed.
</blockquote>

Class Counsel shall provide Defendants with a draft of the motion for Final Judgment and all exhibits thereto at least five (5) business days before filing.

**2.09   Payment of Case Contribution Award and Attorneys' Fees and Costs Award.**

(a)      At least twenty-eight (28) days before the Fairness Hearing, Class Counsel shall file the Fee Application with the District Court. Any award of attorneys' fees and costs finally approved by the District Court (and, if applicable, by the Court of Appeals or United States Supreme Court) shall be deducted from the Gross Settlement Amount and shall be paid from the Retirement Plan as an administrative expense of the Retirement Plan.

(b)      Within thirty (30) days of Final Approval, the Retirement Plan shall wire transfer to one or more accounts specified by Class Counsel any Fee Award entered by the District Court.

(c)     Within thirty (30) days of Final Approval, the Retirement Plan shall pay the Case Contribution Award by delivering a check payable to Named Plaintiff to Class Counsel.

**2.10   Dismissal of the Action.**  Subject to the provisions of this Agreement, the Named Plaintiff and the Settlement Class agree to the entry of the Final Judgment, dismissing the Action with prejudice.

**2.11   Decertification.**  The Parties hereby stipulate and request that the Court conditionally modify the Court's November 20, 2012 Class Certification Order and certify the Settlement Class consisting of every person identified on the Plan of Allocation and every derivative claimant of such persons and that the Court conditionally decertify the classes with respect to Class Members who are not members of the Settlement Class on condition that the Settlement receives Final Approval.  The Settlement Class shall continue to be certified under Fed. R. Civ. P. 23(b)(1).

**2.12   Motion to Vacate**.  At the time Named Plaintiff files a motion for Final Judgment, Defendants may file a motion to vacate the Court's November 27, 2013 order on summary judgment, in which Named Plaintiff and the Settlement Class agree to join. Defendants shall provide Class Counsel with a draft of the motion to vacate and all exhibits thereto at least five (5) business days before filing.  Defendants' motion to vacate shall be conditioned on the granting of Final Approval.  The Settlement is not conditioned on the Court's granting of the motion to vacate, and Defendants and Named Plaintiff shall not appeal the granting or denial of the motion to vacate.

# III.  BENEFITS

### 3.01  Settlement Amount.

(a)     In its capacity as sponsor of the Retirement Plan and settlor of the trust or trusts thereunder, Honeywell shall amend the Retirement Plan, effective as of the Effective Date, to provide the Settlement Benefits equal to the Settlement Amount in accordance with this Article III.  These benefits are special one-time benefits and shall not accrue until Final Approval.  In no event shall a Settlement Class member's Settlement Benefit be deemed to be part of a Participant's prior accrued benefit. Additionally, Defendants agree to pay any benefits due after the Effective Date to the Grandfathered Group that, in accordance with the Code, can be paid from the Retirement Plan rather than from the Supplemental Executive Retirement Plan (to the extent such benefits were being paid or were scheduled to be paid from the Supplemental Executive Retirement Plan).  To the extent necessary, Honeywell shall amend the Retirement Plan to pay such benefits to the Grandfathered Group, such benefits shall be in addition to the Gross Settlement Amount and shall not reduce the Settlement Amount.  Notwithstanding the foregoing, any benefits that have been paid or are scheduled to be paid, from a nonqualified plan by virtue of deferrals to Honeywell's deferred salary or deferred incentive plans, or its supplemental savings plan, shall be paid solely from such nonqualified plan.

(b)     The Retirement Plan shall mail election forms to the following Eligible Participants, Eligible Beneficiaries and Eligible Estate Representatives within fourteen (14) days following the Effective Date:

(1)     Eligible Participants who are actively employed by the Company and who are, or will be age 62 or older at the Initial Payment Date;

(2)     Eligible Participants who have had a termination of service with the Company on or before the Initial Payment Date;

(3)     All Eligible Beneficiaries at the Initial Payment Date; and

(4)     All Eligible Estate Representatives at the Initial Payment Date.

(c)     If the District Court has entered the Final Judgment but the Effective Date has not occurred as of January 1, 2016, interest on the Settlement Amount shall then accrue at the rate established pursuant to 28 U.S.C. § 1961 commencing January 1, 2016 and ending on the date the Settlement becomes Final.  In the event that interest is paid pursuant to this paragraph 3.01(c), notwithstanding anything in this Agreement to the contrary, the Retirement Plan shall mail election forms to the Eligible Participants, Eligible Beneficiaries and Eligible Estate Representatives listed in 3.01(b) above where the Initial Payment Date shall not be prior to the first (1st) day of the month, following receipt by the Retirement Plan, on or before the fourth (4th) day of the preceding month, of all documents required to commence distribution of benefits under the Retirement Plan (e.g., election forms and

spousal consent where applicable) or later than five (5) months after the date the Settlement becomes Final.

**3.02 Distribution of Settlement Benefits.**

(a)     Plan of Allocation.  Class Counsel shall submit to the Court in redacted form a copy of the Plan of Allocation with the filing of the Preliminary Approval Motion on or before April 8, 2015.  The Plan of Allocation shall form the basis of and be attached and incorporated into the Retirement Plan Amendment.  Only those individuals identified on the Plan of Allocation shall be entitled to receive a Settlement Benefit or if deceased between Preliminary Approval and Final Approval, their subsequently identified Eligible Beneficiaries, surviving spouses, or Eligible Estate Representatives, whichever applies, shall be entitled to receive Settlement Benefits.  In accordance with the Plan of Allocation, the Parties may use reasonable procedures and require documentation including Change of Information Forms attached hereto as Exhibit B and appropriate documentation to determine if a surviving spouse or estate representative is an Eligible Beneficiary or an Eligible Estate Representative. The Parties agree that it is Class Counsel's sole responsibility to prepare and produce the Plan of Allocation and Defendants shall not be liable to any person for any mistakes, or incorrect or incomplete data relied upon by Class Counsel in preparing and producing the Plan of Allocation.  In the event that after Class Counsel produces the Plan of Allocation, Defendants determine that any of the information provided on the Data Stipulation is incorrect, Defendants shall promptly notify Class Counsel.  Class

Counsel shall use its best efforts to provide notice in accordance with any corrected information provided by Defendants. In the event it is determined that information used to calculate amounts on the Plan of Allocation is inaccurate or in the event the Fee Award is different than the amount requested in the Fee Application, Class Counsel may in its discretion submit a revised Plan of Allocation. Defendants shall have no obligation or responsibility to correct any of the information provided on the Plan of Allocation.

(b) <u>Settlement Benefit Accounts</u>. Pursuant to this Agreement and the Retirement Plan Amendment, a Settlement Benefit Account shall be established for each Eligible Participant, Eligible Beneficiary, and Eligible Estate Representative, effective as of the Effective Date. The amount initially credited to the Settlement Benefit Account shall be the amount stated in the Plan of Allocation.

For each calendar month after the Initial Payment Date, an interest credit shall be added to the Eligible Participant's, Eligible Beneficiary's, or Eligible Estate Representative's unpaid Settlement Benefit Account in an amount equal to the balance in his or her Settlement Benefit Account as of the first day of the month times one-twelfth the Applicable Interest Rate. The interest credit for a calendar month shall be added to the Settlement Benefit Account as of the last day of the calendar month. Interest credits shall continue to be added to the Settlement Benefit Account through, but not after, the last day of the calendar month preceding the Eligible Participant's, Eligible Beneficiary's, or Eligible Estate Representative's Settlement Benefit Starting Date.

An Eligible Participant's, Eligible Beneficiary's, or Eligible Estate Representative's Settlement Benefit Account shall be reduced to zero immediately following his or her Settlement Benefit Starting Date.

    (c)    <u>Time and Form of Payment of Settlement Benefit to Eligible Participants</u>.

    (1)    <u>Payment of Settlement Benefit to Eligible Participant</u>.  Payment of an Eligible Participant's Settlement Benefit shall begin as of the first day of the month coincident with or next following his or her 62nd birthday (regardless of whether he or she has terminated employment with the Company), unless

    a.    he or she has a termination of service and elects an earlier Settlement Benefit Starting Date in accordance with the procedures for electing an earlier benefit commencement date under the Retirement Plan Document; or

    b.    his or her Settlement Benefit Starting Date is fixed as of an earlier date because he or she is required to receive a small benefit payment under Section 6.02 of the Retirement Plan Document; or

    c.    he or she dies between the Effective Date and the Settlement Benefit Starting Date, in which case the Settlement Benefit shall be paid in accordance with Article VII of the Retirement Plan Document.

    (2)    <u>Form of Settlement Benefit Distribution to Eligible Participant.</u>  The form of distribution to an Eligible Participant shall be determined in accordance with the terms of Article VIII of the Retirement Plan Document as amended by the Retirement Plan Amendment, which, subject to Section 6.02 of the Retirement Plan Document, shall include, as applicable, a single life annuity, a 50% joint and survivor annuity, a 100% joint and survivor annuity, and a lump sum option together with the right to an eligible rollover distribution where applicable.

(d) <u>Time and Form of Payment of Settlement Benefit to Eligible Beneficiaries.</u> The Settlement Benefit of an Eligible Beneficiary who is not the surviving spouse of a participant will be paid as of the Initial Payment Date in a lump sum distribution. The Settlement Benefit of an Eligible Beneficiary who is the surviving spouse of a Participant will be paid as of the Initial Payment Date in the form of a single life annuity, unless such surviving spouse (1) elects to receive his or her Settlement Benefit in the form of a lump sum distribution; (2) is required to receive his or her Settlement Benefit in the form of a small mandatory lump sum distribution under Section 6.02 of the Retirement Plan Document; or (3) elects to commence his or her Settlement Benefit as of the first day of any calendar month after the Initial Payment Date and on or before the participant's normal retirement date under the Retirement Plan. If an Eligible Beneficiary dies after Final Approval but before his or her Settlement Benefit Starting Date, the Eligible Beneficiary's surviving spouse (if any), or if none, his or her estate, will be entitled to receive the Eligible Beneficiary's Settlement Benefit in the form of a lump sum distribution as of the later of the Initial Payment Date or the first day of the second calendar month that begins after the Retirement Plan is notified of the Eligible Beneficiary's death. If the Eligible Beneficiary's surviving spouse dies after Final Approval but before the Settlement Benefit Starting Date provided for under this Paragraph 3.02(d), payment of the Settlement Benefit Account shall be made to the surviving spouse's estate in a lump sum as of the later of (a) the Initial Payment Date, or (b) the first day of the second

calendar month that begins after the Retirement Plan is notified of the surviving spouse's death.

(e)     Time and Form of Payment of Settlement Benefit to Eligible Estate Representatives.     The Settlement Benefit shall be paid to an Eligible Estate Representative as of the Initial Payment Date in the form of a lump sum distribution.

**3.03     Miscellaneous Benefit Payment Rules.**

(a)     Payment to Alternate Payees.     Because the Settlement Benefits payable by the Retirement Plan hereunder shall not accrue until Final Approval, no alternate payee who is a member of the Settlement Class with respect to an Eligible Participant shall be entitled to any portion of such Settlement Benefits under any "separate interest" qualified domestic relations order for which the date of division precedes the date of Final Approval.     An alternate payee who is a member of the Settlement Class with respect to an Eligible Participant and whose benefits are payable under a "shared payment" qualified domestic relations order entered prior to the date of Final Approval shall receive the designated share of the Eligible Participant's payment due under this Agreement if and to the extent the terms of such qualified domestic relations order are determined by the Retirement Plan Administrator to so require.     Any payment made pursuant to this Paragraph 3.03(a) shall concomitantly reduce the Settlement Benefits payments made to the applicable Eligible Participant.     A qualified domestic relations order may not require the Retirement Plan to provide increased benefits (determined on the basis of actuarial value in accordance with Code § 414(p)).

30

(b)    Additional Provisions.  For the avoidance of doubt, any person or estate representative who is not specifically identified on the Plan of Allocation as receiving additional benefits is not entitled to receive Settlement Benefits unless they are subsequently identified as an Eligible Beneficiary or Eligible Estate Representative entitled to receive Settlement Benefits as the result of a death of an Eligible Participant or Eligible Beneficiary.

**3.04    Rehires.**  If an Eligible Participant is rehired after his or her Settlement Benefit Starting Date, any Settlement Benefit being paid to the Eligible Participant shall continue to be paid during the period of his or her rehire even if the Retirement Plan suspends the payment of the Participant's accrued benefit as a result of such rehire.  Solely with respect to the Settlement Benefits, the provisions of this Paragraph 3.04 shall supersede any normal suspension rules that may otherwise apply under the Retirement Plan to an Eligible Participant.

**3.05    Expenses and Taxes**.

(a)    Payment Mechanisms and Tax Obligations.  The Retirement Plan Amendment shall provide for the payment of Settlement Benefits from the Retirement Plan as additional retirement benefits.  The Fee Award required to be paid pursuant to this Agreement shall be deducted from the Gross Settlement Amount and shall be paid by the Retirement Plan as an administrative expense of the Retirement Plan.  The Retirement Plan shall be responsible for its own tax reporting obligations with respect to all payments made from the Retirement Plan pursuant to this Agreement and the

Retirement Plan Amendment, and for determining and processing the amount of tax withholdings (if any) required from all such payments. The Retirement Plan, the Company, and all of the Retirement Plan's and the Company's current and former parent corporations, subsidiaries, divisions, affiliated and related entities, and plans including, without limitation, any employee benefit plans, and each of their fiduciaries, administrators, executors, directors, officers, members, employees, agents, representatives, attorneys, actuaries, trustees, conservators, successors in interest, and assigns, shall not be liable for any tax that is assessed on any benefit or expense (including attorneys' fees) provided under this Agreement and shall, under no circumstances, be required to gross up any benefit or expense (including attorneys' fees) under this Agreement based on any tax liability assessed with respect thereto. Each Party hereto is solely responsible for meeting his, her, or its own tax reporting, withholding, payment, and other obligations. At the current time, Defendants believe in good faith that, for federal tax purposes, they are not obliged to report any portion of the award of attorneys' fees or costs hereunder as gross income to any Settlement Class member.

(b) <u>Tax Qualification of Distributions</u>. The Parties recognize that the payments contemplated under this Agreement are intended to be made from a tax-qualified defined benefit pension plan, and that the sponsor and fiduciaries of the Retirement Plan will take reasonable measures, as appropriate, to ensure that the payments contemplated under this Agreement satisfy the tax-qualification requirements

of the Code. This Agreement is not intended to require any Party to perform an unlawful act or an act that would violate the tax-qualification requirements of the Code, but to the extent that the Agreement unambiguously purports to require such an act, the Parties agree to amend the Agreement so as to bring it into conformity with the law and/or tax-qualification requirements of the Code in the manner that best effectuates, to the extent possible under applicable law, the intent of the Agreement as expressed in its written terms.

**3.06 Distribution of Settlement Amount.**

(a) <u>Administration</u>. The Retirement Plan Administrator shall have the authority to make all decisions necessary for the orderly implementation and administration of the Retirement Plan as amended by the Retirement Plan Amendment. The Plan Administrator of the Retirement Plan may, in its discretion, and Honeywell, as the sponsor of the Retirement Plan and settlor of the trusts thereunder, may provide for rules and procedures to determine and govern the payment of any Settlement Benefits to Eligible Estate Representatives, consistent with the Agreement.

(b) <u>Special Circumstances</u>. In any case in which (i) an Eligible Participant or Eligible Beneficiary is deceased; (ii) there is a dispute relating to the Settlement Benefit to which a Settlement Class member is entitled as a result of this Agreement or the Retirement Plan Amendment; (iii) the Settlement Benefit is to be allocated between the Settlement Class member and any alternate payee pursuant to a qualified domestic relations order; (iv) the Settlement Class member's distribution is

subject to a lien or garnishment; or (v) similar or other circumstances occur that are beyond the Retirement Plan's control and that impair the Retirement Plan's ability to pay Settlement Benefits to a Settlement Class member by the Initial Payment Date, the Retirement Plan shall not be in default of its obligations to commence distributions by the Initial Payment Date, so long as it has made reasonable efforts to make payment after such period to the Settlement Class member and/or alternate payee, or to the estate or other appropriate representatives of any deceased Settlement Class member. In the event that a dispute arises between two or more individuals claiming an entitlement to the same Settlement Benefits provided under this Agreement, such dispute shall be initiated by Class Counsel as an interpleader action submitted to United States District Judge Humetewa or the District Court judge then presiding over the Action if applicable, and the interpleader action shall be referred to a United States Magistrate Judge of the District Court. Defendants shall cooperate with Class Counsel in depositing all funds in dispute with the Court in accordance with statutes and rules governing interpleader actions or as directed by the Court. In the event Class Counsel is required to initiate an interpleader action, Class Counsel may apply for attorneys' fees and costs, which, *inter alia,* may be paid out of the funds that are the subject of an interpleader action or shall be paid by the parties disputing the benefits that are subject to the interpleader action. To the extent the Retirement Plan or Defendants are named as a party in an interpleader action or otherwise incur attorney's fees, the Retirement Plan and/or Defendants may apply for attorneys' fees and costs, which, *inter alia*, may

be paid out of the funds that are subject to an interpleader action or shall be paid by the parties disputing the benefits that are subject to the interpleader action. Neither the Retirement Plan nor Honeywell nor Class Counsel shall be responsible for any attorneys' fees or costs incurred by any party to an interpleader action.

(c) <u>Offset for Prior Overpayment of Benefits.</u> Nothing in this Agreement shall affect the Retirement Plan's right to offset any amount of any prior overpayments to a Class Member, including a Settlement Class member, due to an Individual Mistake.

# IV. RELEASE

**4.01 Release**.  In addition to and without limitation of the preclusive effect of the Final Judgment, upon Final Approval, Named Plaintiff and each Settlement Class member shall be deemed to expressly forever waive, release and discharge the Released Parties from any and all actions, causes of action, claims, demands, liability, obligations, promises, rights and suits whatsoever, whether equitable, legal or administrative, whether arising under Federal, state, local or foreign law, whether based on statute, ordinance, regulation, constitutional provision, common law, contract, the terms of the Retirement Plan, or any other source, whether known or unknown, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, that were asserted or could have been asserted by or on behalf of one or more of the Settlement Class members (a) pursuant to the administrative claims procedures of the Retirement Plan (and/or any predecessor plans) and/or (b) in any court or other proceeding, including any claim for attorneys' fees or expenses, and that arise out of or relate to the Honeywell Secured Benefit Plan, Bendix Salaried Plan, King Radio Plan, Honeywell Retirement Earnings Plan, the Salaried Employees Pension Plan of Allied Corporation, the Salaried Employees Pension Plan of AlliedSignal, Inc., the Salaried Employees Pension Pan of the Bendix Corporation and the Pension Plan for Salaried Employees of General Aviation Avionics or any other pension plan listed on Exhibit G hereto in which a Settlement Class member participated (said plans as amended and in effect from time to time up through and including the date of this Agreement, without regard to any amendment proposed and adopted thereafter), including

36

claims that were asserted or that could have been asserted in the Action or related to the Case Contribution Award and the Fee Award. Notwithstanding the previous sentence, nothing in the Final Settlement shall release the Released Parties from Settlement Class members' individual claims for benefits based on allegations that the Retirement Plan made an Individual Mistake as to an individual's claim for benefits unrelated to any of the claims asserted or that could have been asserted in the Action, the intent being to preserve an individual Settlement Class member's rights to challenge an individual calculation issue as to his or her benefits. For the avoidance of doubt, the Released Claims include, without limitation, (a) any and all claims that the terms of the Retirement Plan, as amended through and including April 8, 2015, violate or violated ERISA, the Code, or any other source of law; (b) any and all claims arising out of the prosecution, defense or settlement of this Action, including, without limitation, any claim or allegation that this Agreement or any aspect of its implementation violates any applicable law or right of any Settlement Class member; and (c) any and all claims for the recovery of attorneys' fees or costs incurred in the Action. It is understood and agreed that the Settlement Class hereby <u>EXPRESSLY WAIVES</u> all rights and benefits of the provisions of Section 1542 of the Civil Code of the State of California, which reads as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

The releases herein given shall be and remain in effect as a full and complete release of such matters covered hereunder notwithstanding the discovery of any additional claims, defenses, or facts relating thereto. The releases given herein pertain to all Settlement Class members, including Settlement Class members who do not receive or are not entitled to receive Settlement Benefits.

Defendants expressly waive, release and discharge Settlement Class members from any claims that the Settlement Class members are not entitled to payment of benefits as provided by this Settlement or that their pension benefits were or will be overpaid as a result of any payments made pursuant to this Settlement or that their pension benefits were or will be overpaid as a result of the Plan Administrator's determination that they transferred out of the Bendix Plan and into a different pension plan maintained by the Company. Notwithstanding the foregoing, nothing herein shall bar Defendants from asserting any claims or defenses as to non-Settlement Class members, including the claims being released herein as to Settlement Class members, nor shall Defendants' release herein as to Settlement Class members be relied upon for any reason by anyone who is not a Settlement Class member.

No Class Member who is not part of the Settlement Class and whose claims are being dismissed without prejudice shall be deemed to have waived, released or discharged any claims concerning this Action, nor shall Defendants be deemed to have waived, released or discharged any claims or defenses against any such Class Members. Notwithstanding the foregoing, Defendants agree that with respect to such dismissed

Class Member, Defendants will not include the Tolled Period in the time period calculation used in the assertion of any defense based upon the statute of limitations or other time-based defenses asserted in any administrative claim or new litigation commenced by a dismissed Class Member to the extent the new administrative claim or litigation asserts a claim being dismissed under this Agreement. Notwithstanding the foregoing, nothing contained herein shall affect the running of any time-based defense with respect to any period prior to the Tolled Period or any period following the end of the Tolled Period. Thus, if any claim as of the beginning of the Tolled Period, is for any time-related reason barred in whole or in part it shall remain barred and shall not be revived or affected by the Settlement. Furthermore, to the extent any time-based defense did not expire prior to the Settlement becoming Final, the running of the time-based defense shall resume where it left off at the conclusion of the Tolled Period.

**4.02    Covenant Not to Sue**.  By operation of entry of the Final Judgment and Final Approval, each Named Plaintiff and each Settlement Class member expressly agrees that he or she, acting individually or in combination with others, shall not institute, maintain, prosecute, sue, or argue or assert in any action or proceeding (including an IRS determination letter proceeding) any Released Claim.

**4.03    Action to Enforce Agreement**.  Nothing herein shall preclude any action to enforce the terms of this Agreement.

## V.  MISCELLANEOUS

**5.01    No Effect on the Retirement Plan**.  Other than as specifically provided for in the Retirement Plan Amendment, nothing in this Agreement is intended to modify Defendants' rights and obligations with respect to the Retirement Plan or to modify, waive or release any Settlement Class member's entitlement or non-entitlement to participate in or receive benefits under the terms of the Retirement Plan.

**5.02    Purpose of Settlement**.  This Agreement is being entered into by the Parties solely to settle and compromise any and all disputes among the Parties as described more fully herein.  This Agreement, including the furnishing of consideration and the agreement not to prosecute certain claims, is not an admission of any liability of any kind by Defendants or an admission by the Settlement Class concerning the merits, or lack thereof, of any of the claims set forth in the Action.

**5.03    Cooperation Among the Parties**.  The Parties shall cooperate fully with each other and shall use their best efforts to obtain, and shall not engage in any conduct to prevent, District Court approval of this Agreement and all of its terms.  The Parties shall cooperate fully with each other and shall use their best efforts to implement this Agreement thereafter.

**5.04    Responsibility for Inquiries of Settlement Class Members Regarding Benefits**.  Only Class Counsel shall respond to questions from any Settlement Class member concerning that Settlement Class member's status, eligibility, or benefit under this Agreement prior to Final Approval.  After Final Approval either Party may respond to

questions from any Settlement Class member concerning that Settlement Class member's status, eligibility, or benefit under this Agreement. The responses provided to such questions shall not create or establish any liability of the Parties or of the Released Parties that is not specified in this Agreement. Any communications made are limited by the provisions of this paragraph.

5.05 **Publicity**. Prior to the date that this Agreement is filed with the District Court, the Parties shall not initiate any communication with the media concerning the Settlement or this Agreement. In the event any representative of the media initiates an inquiry prior to the date this Agreement is filed with the District Court regarding the Settlement or this Agreement, the Parties agree to respond by referring the media to the Company's publicly disclosed securities filings.

5.06 **Entire Agreement**. No representations, warranties, or inducements have been made to any of the Parties to this Agreement, other than those representations, warranties, and covenants contained in this Agreement. This Agreement constitutes the entire agreement among the Parties with regard to the subject matter addressed herein, and all prior and contemporaneous negotiations and understandings among the Parties (including the Settlement Term Sheet) shall be deemed merged into this Agreement. No waiver, modification, or amendment of the terms of this Agreement, made before or after the District Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties, and then only to the extent set forth in such written waiver, modification, or amendment, and subject to any required District Court approval.

**5.07   Construction of Agreement**.   The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties.   Each Party participated jointly in the drafting of this Agreement, and therefore the terms of this Agreement may not be construed against any Party by virtue of draftsmanship.

**5.08   Arm's-Length Transaction**.   The Parties have negotiated all the terms and conditions of this Agreement at arm's length.   All terms and conditions in their exact form are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

**5.09   Binding Effect**.   This Agreement shall be binding upon and inure to the benefit of the Parties, and their respective heirs, successors, and assigns.   The individuals signing this Agreement on behalf of Defendants hereby represent and warrant that they have the power and authority to enter into this Agreement on behalf of Defendants, on whose behalf they have executed this Agreement, as well as the power and authority to bind Defendants to this Agreement.   Class Counsel executing this Agreement represents and warrants that it has the power and authority to enter into this Agreement on behalf of Participants, Beneficiaries, and the Settlement Class, and, subject to court approval, to bind Participants, Beneficiaries, and the Settlement Class to this Agreement.

**5.10   Waiver**.   Any failure by any Party to insist upon the strict performance by the other Party of any of the provisions of this Agreement shall not be deemed a waiver of any of the provisions of this Agreement and such Party, notwithstanding such failure, shall

have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**5.11   Remedy for Breach**.  After Final Approval, the only remedy for a breach of this Agreement shall be to petition the District Court for specific performance and/or compensatory damages and/or such other legal and/or equitable relief for the breach as may be available under applicable law.

**5.12   When Agreement Becomes Effective; Counterparts**.  This Agreement shall become effective upon its execution by Defendants or their counsel and by Class Counsel.  The Parties may execute this Agreement in counterparts, and execution in one or more counterparts shall have the same force and effect as if all Parties had signed the same instrument.

**5.13   Notices**.  Any notice, demand or other communication under this Settlement Agreement (other than notices to the Settlement Class) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and personally delivered, sent by registered mail (postage prepaid), or delivered by reputable express overnight courier:

> A. IF TO NAMED PLAINTIFF:
>
> Susan Martin
> Jennifer L. Kroll
> Martin & Bonnett, PLLC
> 1850 N. Central Ave. Suite 2010
> Phoenix, AZ 85004

B. IF TO DEFENDANTS:

> Myron D. Rumeld
> Amy Covert
> Russell L. Hirschhorn
> PROSKAUER ROSE LLP
> Eleven Times Square
> New York, New York 10036-8299

Any Party may change the address at which it is to receive notice by written notice delivered to the other Parties in the manner described above.

**5.14   No Third-Party Beneficiaries**.  This Agreement shall not be construed to create rights in, or to grant remedies to or delegate any duty, obligation, or undertaking established herein to, any third party as a beneficiary to this Agreement except as otherwise provided in Articles III ("Benefits") and IV ("Release") hereof.

**5.15   Further Acts**.  Each of the Parties, upon the request of the other Party hereto, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

**5.16   Captions**.  The captions or headings of the articles and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**5.17   Continuing Jurisdiction**.  The District Court shall retain jurisdiction over the interpretation, implementation, and enforcement of this Agreement, as well as any and all matters arising out of, or related to, the interpretation, implementation, and enforcement of the Final Settlement or this Agreement. Without regard to the previous

sentence, however, any court may dismiss a Released Claim if such claim is asserted in such court.

**5.18** **Controlling Law**.  This Agreement shall be governed by Federal common law.

**5.19** **Facsimile Signatures**.  Any Party may execute this Agreement by signing on the designated signature block below, and transmitting that signature page via facsimile or PDF and electronic mail to all counsel.  Any signature made and transmitted by facsimile or PDF and electronic mail for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement, and shall be binding upon the Party transmitting the signature by facsimile or PDF and electronic mail.

Agreed to on behalf of Named Plaintiff
and the Settlement Class

Dated: _____

By: _____
Susan Martin
Martin & Bonnett, P.L.L.C.
3300 North Central Avenue, Suite 1720
Phoenix, AZ 85012-2517

By: _____
Bradley H. Schleier
Schleier Law Offices, P.C.
3101 N. Central Avenue
Suite 1090
Phoenix, Arizona 85012

Agreed to on behalf of Defendant Honeywell
International Inc. a Delaware Corporation

Dated: _4-8-15_

By: _____
Kevin M. Covert
Vice President and
Deputy General Counsel
Human Resources
Honeywell International Inc.
101 Columbia Road
Morristown, New Jersey 07962

Agreed to on behalf of Honeywell Retirement
Earnings Plan

Dated: _4-8-15_

By: _____
Kevin M. Covert
Vice President and
Deputy General Counsel
Human Resources
Honeywell International Inc.
101 Columbia Road
Morristown, New Jersey 07962

Agreed to on behalf of Salaried Employees
Pension Plan of Allied Corporation

Dated: 4-8-15

By: _____
Kevin M. Covert
Vice President and
Deputy General Counsel
Human Resources
Honeywell International Inc.
101 Columbia Road
Morristown, New Jersey 07962

Agreed to on behalf of Salaried Employees
Pension Plan of AlliedSignal, Inc.

Dated: 4-8-15

By: _____
Kevin M. Covert
Vice President and
Deputy General Counsel
Human Resources
Honeywell International Inc.
101 Columbia Road
Morristown, New Jersey 07962

Agreed to on behalf of Salaried Employees
Pension Plan of the Bendix Corporation

Dated: 4-8-15

By: _____
Kevin M. Covert
Vice President and
Deputy General Counsel
Human Resources
Honeywell International Inc.
101 Columbia Road
Morristown, New Jersey 07962

Agreed to on behalf of Pension the Plan of
Salaried Employees of General Aviation
Avionics

Dated: 4-8-15

By: _____

Kevin M. Covert
Vice President and
Deputy General Counsel
Human Resources
Honeywell International Inc.
101 Columbia Road
Morristown, New Jersey 07962

Agreed to on behalf of the Plan Administrator
of the Honeywell Retirement Earnings the
Plan

Dated: 4-8-15

By: _____

Kevin M. Covert
Vice President and
Deputy General Counsel
Human Resources
Honeywell International Inc.
101 Columbia Road
Morristown, New Jersey 07962

Agreed to on behalf of Plan Administrator of
the Salaried Employees Pension the Plan of
Allied Corporation

Dated 4-8-15

By: _____

Kevin M. Covert
Vice President and
Deputy General Counsel
Human Resources
Honeywell International Inc.
101 Columbia Road
Morristown, New Jersey 07962

Agreed to on behalf of the Plan Administrator
of the Salaried Employees Pension Plan of
the Bendix Corporation

Dated: _4-8-15_                              By: _____

Kevin M. Covert
Vice President and
Deputy General Counsel
Human Resources
Honeywell International Inc.
101 Columbia Road
Morristown, New Jersey 07962

Agreed to on behalf of the Plan Administrator
of the Pension Plan for Salaried Employees of
General Aviation Avionics

Dated: _4-8-15_                              By: _____

Kevin M. Covert
Vice President and
Deputy General Counsel
Human Resources
Honeywell International Inc.
101 Columbia Road
Morristown, New Jersey 07962

Agreed to on behalf of Named Plaintiff
and the Settlement Class

Dated: *April 8, 2015*

By: *Susan Martin*
Susan Martin
Martin & Bonnett, P.L.L.C.
3300 North Central Avenue, Suite 1720
Phoenix, AZ 85012-2517

By: _____
Bradley H. Schleier
Schleier Law Offices, P.C.
3101 N. Central Avenue
Suite 1090
Phoenix, Arizona 85012


Agreed to on behalf of Defendant Honeywell
International Inc. a Delaware Corporation

Dated: _____

By: _____
Kevin M. Covert
Vice President and
Deputy General Counsel
Human Resources
Honeywell International Inc.
101 Columbia Road
Morristown, New Jersey 07962


Agreed to on behalf of Honeywell Retirement
Earnings Plan

Dated: _____

By: _____
Kevin M. Covert
Vice President and
Deputy General Counsel
Human Resources
Honeywell International Inc.
101 Columbia Road
Morristown, New Jersey 07962

Agreed to on behalf of Named Plaintiff
and the Settlement Class

Dated: _4-8-2015_

By: _____
Susan Martin
Martin & Bonnett, P.L.L.C.
3300 North Central Avenue, Suite 1720
Phoenix, AZ 85012-2517

By: _____
Bradley H. Schleier
Schleier Law Offices, P.C.
3101 N. Central Avenue
Suite 1090
Phoenix, Arizona 85012


Agreed to on behalf of Defendant Honeywell
International Inc. a Delaware Corporation

Dated: _____

By: _____
Kevin M. Covert
Vice President and
Deputy General Counsel
Human Resources
Honeywell International Inc.
101 Columbia Road
Morristown, New Jersey 07962


Agreed to on behalf of Honeywell Retirement
Earnings Plan

Dated: _____

By: _____
Kevin M. Covert
Vice President and
Deputy General Counsel
Human Resources
Honeywell International Inc.
101 Columbia Road
Morristown, New Jersey 07962



# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas G. Frazier, a married man,<br><br>Plaintiff,<br><br>vs.<br>Honeywell International, Inc., a Delaware corporation; Honeywell Retirement Earnings Plan; Salaried Employees Pension Plan of Allied Corporation; Salaried Employees Pension Plan of AlliedSignal, Inc.; Salaried Employees Pension Plan of the Bendix Corporation; Pension Plan for Salaried Employees of General Aviation Avionics; Plan Administrator of the Honeywell Retirement Earnings Plan; Plan Administrator of the Salaried Employees Pension Plan of Allied Corporation; Plan Administrator of the Salaried Employees Pension Plan of the Bendix Corporation; Plan Administrator of the Pension Plan for Salaried Employees of General Aviation Avionics,<br><br>Defendants. | No. 2:10-cv-01618-DJH |

**To: [Name]**
[Address ]
Group: [A,B,C,Grandfathered]
If Group A, B or C, Your Estimated Individual Settlement Benefit: $ _____
If your group is listed as "Grandfathered," please see page __ of this Notice for the benefits Grandfathered Settlement Class members will receive under the Settlement.

### PLEASE READ THIS NOTICE CAREFULLY
### *A federal court has authorized this Notice.*
### *This is not a solicitation from a lawyer.*

A settlement has been reached by the Parties to this lawsuit that, if approved by the Court, may entitle you to additional pension benefits and will otherwise affect your rights. This Court-approved notice explains the lawsuit, the proposed settlement, and your rights (including your right to object to this settlement) and your obligations if the Court grants final approval of the proposed settlement. No one will have their pension benefits reduced as a result of this Settlement.

**If you are a surviving spouse, beneficiary or estate representative, you may be required to sign and return the enclosed change of information form to receive additional pension benefits under this settlement within the time required.**

2

The Federal District Court for the District of Arizona, the Hon. District Court Judge Humetewa presiding, has preliminarily approved a settlement and certified a mandatory non-opt out settlement class of certain persons who participated in the Salaried Employees Pension Plan of the Bendix Corporation (the "Bendix Plan") and were transferred to the Pension Plan for Salaried Employees of General Aviation Avionics (the "King Radio Plan") or the Retirement Growth Plan in Olathe, KS or the Pension Equity Plan in Lawrence KS (hereafter these three plans are referred to as "the Three Plans") on or after January 1, 1983 and who did not receive credit under the Bendix Plan for their employment while participating in those plans. You are a member of the Settlement Class if: (1) you participated in the Bendix Plan and were transferred to the one of the Three Plans on or after January 1, 1983, (2) you did not receive credit under the Bendix Plan for your employment while participating in the Three Plans and (3) you have been identified on the Plan of Allocation prepared by Class Counsel in accordance with the Agreement of the Parties regarding the members of a Settlement Class.

## Basic Facts

• In July 2010, Thomas Frazier ("Named Plaintiff") filed a lawsuit alleging that he was denied benefits under the Bendix Plan. In March 2011, Named Plaintiff asserted claims on behalf of a class consisting of himself and other employees who after working at a location that participated in the Bendix Plan were transferred to other locations and other plans.

• Named Plaintiff's class action suit is against Honeywell International Inc. ("Honeywell") and certain of Honeywell's pension plans and plan administrators (collectively, "Defendants").

• The Court granted class certification in November 2012 and for purposes of Settlement has modified the class to conditionally certify a Settlement Class consisting of individuals who were participants in the Bendix Plan and who are listed on the Plan of Allocation. You are listed on the Plan of Allocation only if you (or your deceased former spouse or heir) were identified by Defendants as someone who participated in the Bendix Pan and who (i) subsequently transferred employment to Kansas, (ii) was transferred to one of the Three Plans on or after January 1, 1983, and (iii) did not receive credit under the Bendix Plan for your employment while participating in one of the Three Plans.

• Since the filing of this lawsuit in July 2010, the Parties conducted extensive discovery, including the production of over two hundred thousand pages of documents, electronic personnel and pension data for Class Members and nonclass members, a search of archived boxes in Defendants' storage facilities, numerous depositions and extensive written discovery. Named Plaintiff employed two expert actuaries to analyze the claims and damages, Defendants employed their own actuarial expert and the Parties filed numerous motions and briefs and appeared in Court on numerous occasions.

- In November 2013, the Court granted summary judgment in Named Plaintiff's favor on three of the class claims, finding that Defendants had violated certain provisions of the Employee Retirement Income Security Act ("ERISA") and the Bendix Plan and successor plans with respect to certain participants who transferred employment.

- Defendants denied and continue to deny that they violated ERISA or the terms of the retirement plans. Defendants have also contended that the classes in this case were improperly certified, because, among other reasons, Named Plaintiff's claims are not similar to the claims of the other class members. At the time of the Settlement, Defendants had filed a motion to decertify the classes, which Named Plaintiff opposed. The Court had not yet ruled on that motion. In addition, although the Parties had briefed many issues and the Court has decided many issues of the case, there were other issues still to be decided, including damages and remedies and Defendants' arguments that some or all of the Class Members waited too long to bring their claims and their arguments that class members waived or released their rights.

- If you want to learn more about the history of this case, see "Where Can You Get More Information" below.

- Throughout 2014 and until the Settlement was reached in February 2015, the Parties tried to settle the case on many occasions. Beginning in February 2014, after retaining a mediator with extensive experience in mediating large, complex ERISA class action cases, the Parties participated in several, arms-length mediation attempts. As a result of their efforts, Named Plaintiff and Defendants reached a Settlement.

- The Court has reviewed the Settlement and has given it Preliminary Approval and has directed that this Notice be issued. Before deciding whether to grant Final Approval of the Settlement, the Court wishes to inform you of the general terms of the Settlement, how the Settlement may affect your rights, and what actions you may need to take to participate in the provisions of the Settlement that provide additional pension benefits.

- If you fit the Settlement Class definition, then you are a member of the Settlement Class and the Settlement may affect your rights. This Notice explains the terms of the Settlement to be presented to the Court for Final Approval.

4

- If the Court grants Final Approval of the Settlement, and you meet the Settlement Class definition, you will be bound by the terms of the Settlement as described further in this Notice. If you are a member of the Settlement Class, it is not possible for you to exclude yourself from the terms of the Settlement. If you believe that the Settlement is unfair you may object to the Settlement as described in this Notice.

- If you received a copy of this Notice addressed to you with an individual estimated Settlement benefit amount, there is no need to fill out any paperwork at this time to obtain the Settlement benefits, but you might be required to fill out a Change of Information form as explained below. If the Settlement receives Final Approval and if you are entitled to receive Settlement Benefits, you may also be required to fill out distribution and election forms that are mailed to you by the Retirement Plan Administrator even if you already filled out such forms. Distribution and election forms that you may have filled out for other benefits will not be effective with respect to these Settlement Benefits.

- If you received a copy of this Notice with an individual estimated Settlement benefit amount and the person to whom this Notice was directed has died or if your name or address on this Notice is incorrect, you must complete a Change of Information Form. If a Change of Information Form is required because the person to whom this Notice was directed has died and you do not complete and return the Change of Information Form with the required documentation by the due date, you might not be eligible to obtain the additional pension benefits even if you otherwise satisfy the eligibility requirements under the Settlement Agreement. If your name and/or address on this Notice is incorrect and you do not complete and return the Change of Information Form by the due date, you might not receive your Settlement Benefits because they will be sent to the wrong person or the wrong address.

- The Court will hold a hearing to consider whether the Settlement is fair, reasonable, and adequate, and to decide whether to give Final Approval to the Settlement and whether to approve Class Counsel's application for attorneys' fees and costs. The hearing will be held at ____ a.m. on ____, 2015, in the courtroom of the Honorable Diane J. Humetewa at the United States District Court for the District of Arizona, Courtroom 625, Sandra Day O'Connor U.S. Courthouse, 401 W. Washington St., Phoenix, AZ 85003-2118. If the Court grants final approval of the Settlement at or after this hearing, the Court's judgment will be final and binding.

5

## 1. **WHAT IS THE SETTLEMENT AND WHY DID YOU RECEIVE THIS NOTICE?**

This Settlement terminates the litigation titled *Frazier v. Honeywell Int'l, Inc.*, case number CV No. 2:10-cv-01618-DJH and resolves all of the Settlement Class members' claims in the case. You received this notice because you have been identified as a member of the Settlement Class.

This Notice explains the lawsuit, the proposed Settlement, your legal rights under the Settlement, the benefits that may be available as a result of the Settlement, who is eligible for the additional pension benefits, and how to receive the additional pension benefits.

## 2. **WHAT IS THE LAWSUIT ABOUT?**

The lawsuit claims that Defendants violated the federal pension law known as the Employee Retirement Income Security Act ("ERISA") and the terms of Bendix Plan and applicable successor plans by, among other things, failing to provide Bendix Plan benefits to class members who transferred employment to Kansas and were transferred to one of the Three Plans on or after January 1, 1983 and who did not receive credit under the Bendix Plan for their employment while participating in those Plans. On behalf of himself and all Settlement Class members, Named Plaintiff sought to have the Settlement Class members' benefits retroactively recalculated and paid with interest and also sought prospective increases in the amount of pension benefits and injunctive, declaratory and other equitable relief. Defendants have denied and continue to deny all claims in this lawsuit and contend that the plans fully comply with all legal requirements.

The Settlement provides Settlement Class members with a significant percentage of the additional pension benefits claimed in the lawsuit.[1] After carefully considering the Court's prior rulings, the possibility of the classes being decertified, the affirmative Defenses raised by Defendants, Named Plaintiff's evaluation of the likelihood of success on the remaining claims to be decided and on appeal, and the significant delay that would result in litigating this case through conclusion in this Court together with the time encompassed in an appellate process, Class Counsel and Named Plaintiff determined to agree to a Settlement that provides a significant percentage of the losses of the Settlement Class that Class Counsel's actuary calculated.

In February 2014, the Parties jointly engaged a mediator with expertise mediating complex ERISA class action litigation. The Parties and their attorneys participated in several, arms-length mediation attempts in 2014 and 2015. As a result of their efforts, Named Plaintiff and Defendants reached a Settlement of this lawsuit and are jointly

---

[1] While some Settlement Class members were harmed by not receiving Bendix Plan benefits, other Settlement Class members actually earned higher benefits under the Three Plans. The Settlement provides that the Defendants cannot reduce any Settlement Class members' retirement benefits as a result of this lawsuit.

proposing approval of the Settlement in order to mitigate the uncertainties of continued litigation and to resolve all of the issues of the case. Named Plaintiff and Class Counsel think the Settlement is fair, equitable and in the best interests of the Settlement Class members. In the absence of the Settlement, it is possible that some or all of the Settlement Class members who have lower benefits after they transferred to one of the Three Plans could recover *nothing* from this lawsuit because Defendants could be successful in the litigation. For example, Defendants contend that after the Company merged its retirement plans, which included the King Radio Plan and Salaried Employees Pension Plan of AlliedSignal, Inc., in or around the year 2000, participants were given a choice to either remain covered under their then-current plan formula or a new plan formula and participants are bound by these elections. Defendants also continue to contend that, even if they are not bound by their year 2000 elections, participants waited too long to file this lawsuit. If Defendants were successful in proving this at trial, a portion of the Settlement Class members would be unable to recover anything from this lawsuit even if these Settlement Class members received lower benefits after they transferred to one of the Three Plans.

The Settlement resolves the lawsuit described above by providing for additional pension benefits for all Settlement Class members who suffered losses as a result of being transferred from the Bendix Plan to one of the Three Plans, and by providing attorneys' fees and for costs expended and to be expended in the litigation together with other valuable benefits.

### 3. <u>WHO IS IN THE SETTLEMENT CLASS?</u>

The Court has certified this lawsuit as a class action comprised of Participants on the Plan of Allocation. These Settlement Class members were listed on the Plan of Allocation because Defendants identified them as someone who (i) participated in the Bendix Plan, (ii) transferred employment to a location that participated in one of the Three Plans, (iii) transferred to one of the Three Plans on or after January 1, 1983, and (iv) did not receive credit under the Bendix Plan for their employment while participating in those plans.

You are in the Settlement Class only if you meet the definition set forth above. The fact that you received this Notice is not a guarantee that you are in the Settlement Class or that you are entitled to additional pension benefits under the Settlement.

### 4. <u>WHO IS ELIGIBLE TO RECEIVE SETTLEMENT BENEFITS?</u>

Only Eligible Participants, Eligible Beneficiaries and Eligible Estate Representatives are entitled to recover Settlement Benefits in the lawsuit. For purposes of the Settlement, "Eligible Participant" means:

> a Participant who is eligible to receive a Settlement Benefit because he or she is listed on the Plan of Allocation as receiving a Settlement Benefit greater than zero.

7

For purposes of the Settlement, **"Eligible Beneficiary"** means:

> the surviving spouse of a Settlement Class member who is eligible to receive a Settlement Benefit because he or she is listed on the Plan of Allocation as receiving a Settlement Benefit greater than zero or the surviving spouse of an Eligible Participant who is listed on the Plan of Allocation as an Eligible Participant and is entitled to receive the deceased Eligible Participant's Settlement Benefit as set forth on the Plan of Allocation.

For purposes of the Settlement, "Eligible Estate Representative" means:

> the executor or administrator of the estate, or the qualified personal representative, of a Participant or a Beneficiary who is eligible to receive a Settlement Benefit on behalf of the Participant's or Beneficiary's estate because he or she is listed on the Plan of Allocation as receiving a Settlement Benefit greater than zero or is the executor or the surviving spouse of an Eligible Participant who is listed on the Plan of Allocation with no surviving spouse and shall be entitled to receive the deceased Eligible Participant's Settlement Benefit set forth on the Plan of Allocation.

You are eligible to receive Settlement Benefits only if you meet one of the definitions set forth above. The fact that you received this Notice is not a guarantee that you are entitled to additional pension benefits under the Settlement.

## 5. **WHAT ARE THE TERMS OF THE SETTLEMENT?**

The key terms of the proposed Settlement are summarized as follows:

- Defendants will pay non-Grandfathered Settlement Class members a Gross Settlement Amount in the amount of Seven Million Six Hundred Twenty-Five Thousand Dollars ($7,625,000.00), less any attorneys' fees and costs, which will be allocated for Settlement Benefits, in accordance with the Plan of Allocation developed by Class Counsel;
- Payment of all Grandfathered Settlement Class members'[2] benefits not yet paid will be paid from the Bendix Plan instead of a nonqualified pension plan (less an offset for benefits paid by the King Radio Plan), resulting in substantial protections and reduction of tax liabilities for Grandfathered

_____
[2] As defined below, "Grandfathered Class Members" were individuals who were promised that all of their service following their transfers to King Radio would count as Bendix Plan service.

8

Settlement Class members. These benefits will be paid in addition to and not from the $7,625,000.00 Gross Settlement Amount. Grandfathered Settlement Class members are Settlement Class members on the Plan of Allocation who were identified by Defendants as individuals to whom Defendants had already promised to pay the equivalent of Bendix Plan benefits after their transfer to one of the Three Plans but who were being paid or scheduled to be paid such benefits from a nonqualified pension plan that is not federally insured and not from the Bendix Plan;

- Mutual release of claims that provides a release to Defendants but also releases all Settlement Class members from any claims by Defendants that their Bendix Plan benefits were overpaid as a direct result of their transfers to one of the Three Plans;

- A $20,000 payment to Named Plaintiff for his significant efforts and contribution to the case. This payment is in addition to and does not come from the $7,625,000.00 Gross Settlement Amount; and

- Costs of notice to Settlement Class members and the administration of the Settlement including all payments to Settlement Class members to be paid by Defendants.

## 6. **WHAT BENEFITS WILL BE PROVIDED IF THE SETTLEMENT IS APPROVED?**

### A. **Additional Pension Benefits, Attorneys' Fees and Costs**

The Gross Settlement Amount is $7,625,000 and represents a recovery of approximately 77% of the total losses of Settlement Class members who had losses because they received or are scheduled to receive lower pension benefits than they would have received if they had earned Bendix Plan benefits instead of earning benefits under the Three Plans and who are not Grandfathered Settlement Class members. Settlement Class members who are not Grandfathered Settlement Class members will receive additional pension benefits based on the Gross Settlement Amount of $7,625,000 less the amount the Court awards Class Counsel for attorneys' fees and costs. These additional pension benefits shall not accrue until the Effective Date of the Settlement following Final Approval by the Court, and when all appeal rights, and all appeals, if there are any, have concluded without modifying the Settlement. The Settlement Benefit that you receive or will be entitled to receive in the future will be 100% vested.

In addition, Grandfathered Settlement Class members will also receive Bendix Plan benefits that are currently being paid or scheduled to be paid from a nonqualified pension plan. Although the total amount of Grandfathered Settlement Class members' pension benefits will not change as a result of the Settlement, the payment of benefits from the Bendix Plan confers significant benefits and protections on the Grandfathered Settlement Class members. Grandfathered Settlement Class members who have already received a

lump sum payment of their pension benefits from the nonqualified plan will not receive any additional benefits under the Agreement. Additionally, any benefits that have been paid or are scheduled to be paid, from a nonqualified plan by virtue of deferrals to Honeywell's deferred salary or deferred incentive plans, or its supplemental savings plan, shall be paid solely from such nonqualified plan. No attorneys' fees and costs awarded by the Court will be deducted from the Grandfathered Settlement Class members' settlement benefits.

As is routine in class action cases, Class Counsel, who has been litigating this case for many years, is filing a motion for an award of attorneys' fees and expenses. In its motion, Class Counsel will request that the Court award it attorneys' fees in the amount of 29% ($2,211,250.00) of the Gross Settlement Amount plus actual costs and expenses expended in litigating the case in the amount of approximately $416,303.

Class Counsel has pursued these claims on behalf of Named Plaintiff and the Settlement Class for nearly 5 years. Class Counsel has incurred hundreds of thousands of dollars of out-of-pocket expenses in litigating this case as a class action, which has not been paid or reimbursed to Class Counsel. Class Counsel has done so with the understanding that if it obtained a recovery for the Settlement Class, its costs and expenses would be reimbursed.

**B.  Calculation of Settlement Class Members' Benefits on the Plan of Allocation**

Class Counsel has created a Plan of Allocation which provides proportional Settlement Benefits based on Class Counsel's actuary's calculation of losses, if any, for each Eligible Participant. Class Counsel's Plan of Allocation was based on Class Counsel's analysis of the relative strengths and weaknesses of the claims asserted in this case, Defendants' defenses, the Court's prior rulings and the likelihood of success on appeal. Class Counsel's Plan of Allocation was also based on the information in the database provided by the Defendants pursuant to a Data Stipulation (the "Database"), Class Counsel's supplementation of the Database with information from discovery and benefits files produced in discovery, Class Counsel's actuary's calculation of the difference between (i) the value of your retirement benefits paid or to be paid under the Bendix Plan, and (ii) the value of the retirement benefits that Class Counsel contends would have been paid under the Bendix Plan if credited service had been calculated under the Bendix Plan instead of under one of the Three Plans following a transfer on or after January 1, 1983, and if applicable, how long ago you began collecting your Bendix Plan benefits prior to the time Named Plaintiff commenced this lawsuit.

Based on these considerations, the Plan of Allocation divides the Settlement Class members into three groups, Groups A, B, and C, which are explained below. Your individual grouping and estimated individual amount of Settlement Benefits based on the Plan of Allocation is set forth on page ___ of this Notice and is calculated assuming the Court awards Class Counsel's request for attorneys' fees and costs. Your actual individual Settlement Benefit may be more or less than the estimated Settlement Benefit listed on page ___ depending on any data corrections, the amount the Court awards to

Class Counsel for attorneys' fees and costs and whether any payments are delayed as a result of an appeal and if the Settlement is upheld on appeal, in which case interest may be added to the Settlement Benefits.

The groups and how their Settlement Benefits were calculated are described briefly below. Each individual's grouping and Settlement Benefits are based on data and factors that are taken into account under the Bendix Plan and the Three Plans such as years of service, final average pay, estimated Social Security benefits, age at termination of employment, age at transfer and age at benefit commencement date.

## Group A Settlement Class Members

You are a Group A Settlement Class member if you are a Settlement Class member and:

1. Class Counsel's actuary calculated that the actuarial present value of retirement benefits paid or to be paid under the Bendix Plan for you is less than the actuarial present value of the retirement benefits that would have been paid under the Bendix Plan if your credited service had been calculated under the Bendix Plan to include service following a transfer on or after January 1, 1983 to one of the Three Plans, and

2. You began receiving Bendix Plan benefits on or after March 11, 2005 or you have not yet collected any Bendix Plan benefits.

It is estimated that Group A Settlement Class members will collectively share in approximately $4,633,420 if the Court grants Class Counsel's application for attorneys' fees and costs. There are approximately 117 Group A Settlement Class members. If you are a Group A Settlement Class member, it is estimated that the net amount you will receive will be at least 51.7% of the difference between the actuarial present value of the retirement benefits you will receive or have received under the Bendix Plan and the actuarial present value of the retirement benefits that would have been paid under the Bendix Plan if your credited service had been calculated under the Bendix Plan to include service following a transfer on or after January 1, 1983 to one of the Three Plans. However, if the actuary calculates that this amount is less than $500, you will receive at least $500.

## Group B Settlement Class Members

You are a Group B Settlement Class member if you are a Settlement Class member and:

1. Class Counsel's actuary calculated that the actuarial present value of retirement benefits paid or to be paid under the Bendix Plan for you is less than the actuarial present value of the retirement benefits that would have been paid under the Bendix Plan if your credited service had been calculated under the Bendix Plan to include service following a transfer on or after January 1, 1983 to one of the Three Plans, and

2. You began receiving Bendix Plan benefits before March 11, 2005 including a lump sum payment or rollover of your Bendix Plan benefits.

It is estimated that Group B Settlement Class members will collectively share in approximately $313,923 if the Court grants Class Counsel's application for attorneys' fees and costs. There are approximately 21 Group B Settlement Class members. If you are a Group B Settlement Class member, it is estimated that the net amount you will receive will be at least 36% of the difference between the actuarial present value of the retirement benefits you will receive or have received under the Bendix Plan and the actuarial present value of the retirement benefits that would have been paid under the Bendix Plan if your credited service had been calculated under the Bendix Plan to include service following a transfer on or after January 1, 1983 to one of the Three Plans  However, if the actuary calculates that this amount is less than $500, you will receive at least $500.

**Group C Settlement Class Members**

You are in Group C if Class Counsel's actuary determined that you have no losses under the terms of the Bendix Plan as a result of your transfer because the estimated or actual value of your benefits under the Three Plans or the Bendix Plan at retirement were at least equal to the actual or estimated value of Bendix Plan benefits that would have been paid if credited service had been calculated under the Bendix Plan to include service following a transfer on or after January 1, 1983 to one of the Three Plans. However, because there are some alternative claims in the case on which Group C Settlement Class members might prevail but under which the appropriate monetary recovery is uncertain, it was determined that Group C Settlement Members should receive a fixed amount of Settlement Benefits of $500 each.

The Settlement provides that Defendants may not reduce any Settlement Class members' benefit because of any payments made because of the Settlement or because a Settlement Class member obtained a greater benefit by having his or her benefit calculated under one of the Three Plans instead of under the Bendix Plan.

**C.  Grandfathered Settlement Class Members' Bendix Plan Benefits**

Defendants have agreed to pay all benefits to the Grandfathered Settlement Class members identified on the Plan of Allocation for their service after they transferred to King Radio from the Bendix Plan instead of from a nonqualified pension plan.  These Grandfathered Settlement Class members are individuals who were previously promised that all of their service following their transfers to King Radio would count as Bendix Plan service.  As part of the Settlement, the Grandfathered Settlement Class members will receive benefits under the Bendix Plan (as opposed to under a nonqualified plan) that credits their service while participating in the King Radio Plan, with an offset for benefits received from the King Radio Plan.  The payment of these benefits under the Bendix Plan instead of the nonqualified plan means that the Grandfathered group will receive the same amount of benefits that they are already receiving or are scheduled to receive, but with additional protections for qualified ERISA pension plans.  Some of these additional

12

protections for qualified plans include, for example, the requirement that the assets of the Plan must be held in trust and that the Plan and its benefits are beyond the reach of creditors of the employer or the employee, insurance protections and benefit guaranty protections afforded by the Pension Benefit Guaranty Corporation and the exemption from benefit payments from Medicare and Social Security tax liabilities on benefit payments that are paid from a nonqualified plan.

These Bendix Plan benefits for the Grandfathered Settlement Class members will not come from the $7,625,000.00 Gross Settlement Amount - it will be paid in addition to the $7,625,000.00 Gross Settlement Amount. No attorneys' fees and costs will be paid out of the Grandfathered Settlement Class members' Bendix Plan benefits.

**7.** **WHAT SHOULD YOU DO IF YOU BELIEVE YOUR SETTLEMENT BENEFITS ARE INCORRECT?**

The final individual Settlement benefit amounts will be calculated by Class Counsel's actuary. If you disagree with the amount of Settlement Benefits to be allocated to you, or if you disagree with whether you are a member of the Settlement Class, you may object to the Settlement, as described in this Notice. Once the Settlement is approved by the Court, the amounts calculated will be final, binding and non-appealable.

**8.** **WHAT MUST YOU DO TO RECEIVE ADDITIONAL PENSION BENEFITS UNDER THE SETTLEMENT?**

If you are an Eligible Participant, Eligible Beneficiary or Eligible Estate Representative and you received an individualized Notice ***addressed to you*** with a Settlement Benefit estimate, you do not need to do anything. You are automatically eligible for the Settlement Benefits described herein except that you may be required to elect the timing, method and manner in which you receive your Settlement Benefits. The Retirement Plan will mail you a form of election if you are required to make the necessary elections. If your mailing address is incorrect on this Notice, you must complete the enclosed Change of Information Form on or before _____, 2015 [30 days following mailing of the Notice].

If the Eligible Participant or Eligible Beneficiary to whom the individualized Notice with a Settlement Benefit estimate has died and you are the surviving spouse of such Eligible Participant or Eligible Beneficiary, you are entitled to the Settlement Benefits of the deceased Eligible Participant or Eligible Beneficiary provided that you complete the Change of Information Form enclosed with this Notice on or before _____, 2015 [30 days following mailing of the Notice].

If there is no surviving spouse, and you are the executor or administrator of the estate, or the qualified personal representative of the estate of the deceased Eligible Participant or Eligible Beneficiary, you are entitled to the Settlement Benefits of the deceased Eligible Participant or Eligible Beneficiary provided that you complete the Change of Information Form enclosed with this Notice on or before _____

[30 days following mailing of the Notice]. You MUST complete all information on the Change of Information Form, including the Social Security number or tax identification number of the surviving spouse or estate and provide Class Counsel with documentation confirming the Eligible Participant's or Eligible Beneficiary's death and you MUST provide documentation such as a marriage certificate, will or trust agreement that sets forth your eligibility to receive the Settlement Benefits.

**_If you want to ensure that your Change of Information Form is received, you should send it by certified mail, return receipt requested._**

If you are entitled to receive Settlement Benefits and the Settlement Agreement receives Final Approval by the Court, you will be contacted in writing by the Retirement Plan with an explanation of your distribution options. You must complete the required paperwork and distribution forms sent to you by the Retirement Plan in order to receive Settlement Benefits.

## 9. WHEN WILL YOU RECEIVE ADDITIONAL PENSION BENEFITS?

If you are eligible for Settlement Benefits, the date on which you receive a payment depends on when the Court finally approves the Settlement and on your particular circumstances. A distribution is anticipated to be made to most eligible Settlement Class members within approximately 5 months after the Court enters final judgment on the Settlement if there is no appeal. However, the distribution may occur later than this anticipated distribution date for many reasons, including if you fail to return required information and forms including the Change of Information Form and other forms that may be sent to you by the Retirement Plan. If all of the requisite information is received and processed by Class Counsel and forwarded to Defendants by Class Counsel, interest will be paid if any distributions are not made by the anticipated distribution date. No payments will be made under the Settlement if there is an appeal unless and until each appeal is resolved without altering any of the terms of the Settlement. If there is an appeal, it could take a significant amount of time, perhaps more than a year or two, before an appeal can be finally decided. In the event of an appeal, please be patient. If you are still employed, you may not receive the additional pension benefits from the Retirement Plan until you are eligible for benefits under the plan as amended by the Settlement.

## 10. DO YOU HAVE A LAWYER IN THIS CASE?

Yes. The Court appointed the law firms of Martin & Bonnett, P.L.L.C., 1850 N. Central Ave., Suite 2010, Phoenix, Arizona and Schleier Law Offices, P.C., 3101 N. Central Ave., Suite 1090, Phoenix, Arizona as Class Counsel to represent all Settlement Class members.

## 11. HOW WILL THE LAWYERS BE PAID?

In connection with the Settlement, the Court may award Class Counsel reasonable attorneys' fees of $2,211,250.00, which is 29% of the common fund created by Class

Counsel's efforts and costs and expenses in the amount of approximately $416,303.00, out of the Settlement proceeds for expenses incurred in the litigation and for the expenses to be incurred in administering the Settlement. You will not owe any fees to the lawyers who have represented you as part of the Settlement Class. The attorneys' fees and expenses, as awarded by the Court, will be paid only if and after the Settlement is approved by the Court.

**12. WHAT IS THE PROCEDURE FOR APPROVING THE SETTLEMENT OR OBJECTING TO THE SETTLEMENT OR THE REQUEST FOR ATTORNEYS' FEES?**

The Court will hold a hearing on _____, 2015 at _____, __.m. at the United States District Court for the District of Arizona, 401 W. Washington St. Phoenix, Arizona, 85003-2118 in the courtroom of the Honorable Diane J. Humetewa to decide whether to approve the Settlement. At the hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. If there are written objections, the Court will consider them. The Court will also consider Class Counsel's application for attorneys' fees and costs.

As a Settlement Class member, you may object to the proposed Settlement, including the Plan of Allocation and the application for attorneys' fees and costs. You may attend the hearing on the Settlement in person or have a lawyer attend the hearing on your behalf at your own expense. In order to make an objection or otherwise contest the approval of the terms and conditions of the Settlement or the application for attorneys' fees, you must file a written objection on or before _____, 2015 along with the specific reasons, if any, for your objection, including any legal support you wish to bring to the Court's attention and any evidence you wish to introduce in support of the objection.

No party will be heard in opposition to the Settlement or the application for attorneys' fees and no papers or briefs submitted by any such party will be accepted or considered unless within 14 days before the date of the hearing, on or before _____, 2015, such party files with the Court his or her objection and the basis for such objection and mails copies to:

Susan Martin, Esq.                    Myron D. Rumeld, Esq.
Jennifer Kroll, Esq.                  Amy Covert, Esq.
MARTIN & BONNETT, P.L.L.C.            Russell L. Hirschhorn, Esq.
1850 North Central Avenue            PROSKAUER ROSE LLP
Suite 2010                            Eleven Times Square
Phoenix, AZ 85004                     New York, New York 10036-8299

Any Settlement Class member who does not serve written objections in the manner provided above may be deemed to have waived such objections and may be forever foreclosed from making such objections.

15

**13. DO YOU HAVE TO ATTEND THE HEARING?**

No. Class Counsel will represent you and answer any questions the Court may have. You are welcome to come at your own expense. If you send a timely, written objection, the Court will consider it and you do not have to come to Court to talk about it. You may also pay your own lawyer to attend, but that is not necessary.

**14. WHAT IS THE LEGAL EFFECT OF THE JUDGMENT AND RELEASE OF CLAIMS?**

If the Settlement is approved by the Court, you will be bound by the terms of the Settlement, including the release of claims discussed above, whether or not you affirmatively decline receipt of your Settlement Benefit or submit a change of information form.

**15. WHERE CAN YOU GET MORE INFORMATION?**

This Notice contains a summary of the Settlement. The complete details of the Settlement are set forth in the Parties' Agreement, which has been filed with the Court. You may examine the pleadings at the Clerk of Court's office.

Many of the pleadings are also available on the Court's website for registered users of the Court's electronic filing system through the Public Access to Court Electronic Records (PACER) program. PACER Logins are available to the public at: www.pacer.psc.uscourts.gov/register.html. The Court's website and electronic filing system may be accessed at: http://www.azd.uscourts.gov/.

**DO NOT CALL THE COURT OR THE DEFENDANTS ABOUT THIS NOTICE OR THE CHANGE OF INFORMATION FORM**. Instead, if you have questions, you may contact the following attorneys for Named Plaintiff and the Settlement Class:

**CLASS COUNSEL**
**MARTIN & BONNETT, P.L.L.C.**
**1850 N. CENTRAL AVE., SUITE 2010**
**PHOENIX, AZ 85004**
**(602) 240-6900**

**SCHLEIER LAW OFFICES, P.C.**
**3101 N. CENTRAL AVE., SUITE 1090**
**PHOENIX, AZ 85012**
**(602) 277-0157**

Some additional information is also available through the website, www.____.  The Court does not endorse any of the information contained on this website.

16

# EXHIBIT B

# CHANGE OF INFORMATION FORM

***Frazier v Honeywell Int'l Inc.***, No. CV-2:10-cv-01618-DJH (D. Ariz.)

**IF YOU RECEIVED AN INDIVIDUALIZED NOTICE ADDRESSED TO YOU AND YOUR ADDRESS IS CORRECT ON THE NOTICE, YOU DO NOT NEED TO FILL OUT THIS FORM**

**IF THE ADDRESS ON THE NOTICE IS INCORRECT OR IF THE PERSON TO WHOM THE NOTICE IS ADDRESSED HAS DIED, YOU MUST FILL OUT THIS FORM TO RECEIVE SETTLEMENT BENEFITS.**

## I.  General Instructions

1.      If your mailing address is different than the address listed on the Notice you must complete and mail this "Change of Information Form" postmarked on or before _____ (45 days after Notice is mailed)

2.      Processing of Settlement Benefit payments may take a significant period of time after the Settlement is approved by the Court, as explained in the Notice. If you move after you receive the Notice, you should fill out this "Change of Information Form" within 30 days after moving to ensure you receive your settlement benefits.

3.      If the Participant or Beneficiary to whom the Notice was directed has died and if you are the surviving spouse or, if none, the estate representative of such person, you must complete and mail this "Change of Information Form" postmarked on or before _____ (45 days after Notice is mailed) and you must provide the Retirement Plan Administrator with a death certificate and other documentation such as a marriage certificate, will or trust agreement that establishes your right to receive Settlement Benefits on behalf of the person who is deceased.

4.      Please make sure the information on this Change of Information form is legible. We may need to contact you if we need additional information.

5.      Your completed Change of Information Form and documentation if required should be mailed to:

**[should be sent to class counsel]**
P.O. Box and address to be provided

6.      Please check below to indicate the change you are reporting on this Form:

_____      Change of mailing address (complete Section A only)

_____      Death of Participant or Beneficiary (complete Section A and Section B and provide the appropriate documentation when you return the form)

**SECTION A**

**Everyone who submits this Change of Information Form must complete this Section A, noting any changes below.**

**If you are the surviving spouse or estate representative of the Participant or Beneficiary to whom Notice was directed, you must also complete Section B and provide a death certificate and other documentation such as a will or trust agreement that establishes your right to receive Settlement Benefits on behalf of the person that is deceased.**

Your Name:_____

Your Social Security Number:_____

Your Date of Birth:  _____

Your telephone number(s):

 Home: (____)_____

Cell:  (____)_____

Work: (____)_____

        May we call you at work?  ___ Yes   ___ No

Your current Email Address:  _____

Your current mailing address:

_____

_____

2

**SECTION B**

**If the person to whom the Notice is directed has died, you must also complete the following additional information. You MUST provide a death certificate for the Participant and Beneficiary, and documentation such as a marriage certificate, will or trust agreement that establishes your right to receive the Settlement Benefits on behalf of that Person. These documents must accompany this Form when you mail it back.**

**We MUST also have your Social Security Number or a Trust Tax Identification Number to ensure proper payment is made:**

Name of Person to whom the Class Notice was directed:
_____

Your Relationship to Person to whom the Class Notice was directed:
_____

Date of Birth of Person to whom the Class Notice was directed::
_____

Date of Death of Person to whom the Class Notice was directed:
_____

Last Known Address of Person to whom the Class Notice was Directed::
_____

Social Security Number of Person to whom the Class Notice was directed:
_____

If the Person to whom the Class Notice was directed was married (and not divorced) on the date of death, please provide the following information for that person regarding that person's surviving spouse on the date of death:

      Name of that Person's spouse on the Person's date of death:
      _____

      Is that Person's surviving spouse still alive?
      _____ Yes           _____ No

3

If no, please provide the date of death for the surviving spouse of the Person to whom the Class Notice was directed: _____

Social Security Number of the surviving spouse of the Person to whom the Class Notice was directed:_____ _____

Date of Birth of the surviving spouse of the Person to whom the Class Notice was directed:_____ _____

Current Mailing Address of the surviving spouse of the Person to whom the Notice was directed (if different from the address you provided in Section A): _____ _____

Were you appointed executor, administrator or personal representative by a court?

_____ Yes                  _____No

If yes, provide the date you were appointed, the name of the Court, the location of the Court and the Case Number and provide a copy of the Court order appointing you executor or administrator of the estate or personal representative:

_____

_____

If you are an estate representative, provide the name of the trust or estate, and the trust or estate Federal tax identification number of the Person to whom the Class Notice was directed:

_____

**BE SURE TO ENCLOSE A COPY OF THE DEATH CERTIFICATE OF THE PERSON TO WHOM THE CLASS NOTICE WAS DIRECTED.**

**IF THE PERSON TO WHOM THE CLASS NOTICE WAS DIRECTED HAD A SURVIVING SPOUSE ON THE DATE OF DEATH AND THE SURVIVING SPOUSE IS ALSO DECEASED, YOU MUST ALSO ENCLOSE A COPY OF THE SURVIVING SPOUSE'S DEATH CERTIFICATE.**

**YOU MUST ALSO PROVIDE COPIES OF DOCUMENTATION SUCH AS A MARRIAGE CERTIFICATE OR WILL OR TRUST AGREEMENT**

4

**ESTABLISHING YOUR RIGHT TO RECEIVE SETTLEMENT BENEFITS ON BEHALF OF THE PERSON TO WHOM THE CLASS NOTICE WAS DIRECTED.**

**YOUR REQUEST FOR SETTLEMENT BENEFITS MAY BE DENIED IF YOU DO NOT PROVIDE WITH YOUR CHANGE OF INFORMATION FORM COPIES OF ALL APPROPRIATE DOCUMENTS RELATED TO YOUR RIGHT TO RECEIVE BENEFITS ON BEHALF OF THE DECEASED PERSON EITHER BY SHOWING THAT YOU ARE THE SURVIVING SPOUSE OR IF THE SURVIVING SPOUSE IS ALSO DECEASED, THAT YOU SERVE AS THE EXECUTOR, ADMINISTRATOR OR PERSONAL REPRESENTATIVE OF THE ESTATE.**

**You must sign below:**

**Under penalty of perjury, I confirm that the foregoing is true and correct to the best of my information and belief.**

_____     **Dated:** _____
**Signature**

5

# EXHIBIT C

Exhibit C

| Last 4 Numbers of SSN | Name | |
|---|---|---|
| ***-**-9076 | AITORO, BETTY | |
| ***-**-8750 | ALLADIN, ANTONY B. | |
| ***-**-6854 | ALTMEYER, BRUCE | |
| ***-**-1470 | ANDERSON III, CORNELIUS | |
| ***-**-4648 | ANDERSON, LU' WANDA | |
| ***-**-7622 | ARMSTRONG, WILFRED L. | |
| ***-**-0426 | BAHIA, LUIZ C. | |
| ***-**-2272 | BARON, JOSEPH | Grandfathered Group |
| ***-**-4058 | BARROS, MAURICE | |
| ***-**-8012 | BASTIDAS, ARTURO B. | |
| ***-**-5688 | BEAHM, MERLE D. | Grandfathered Group |
| ***-**-9797 | BELL, ANGELITA | |
| ***-**-4914 | BELVERUD, JERRY E. | |
| ***-**-0282 | BELVERUD, LYNN | |
| ***-**-7202 | BENSON, JAMES C. | |
| ***-**-1317 | BERTRAND, TERENCE | |
| ***-**-9884 | BIBENS, WILLIAM T. | |
| ***-**-3410 | BILBREY, DIANA | |
| ***-**-4364 | BLANKINSHIP, RITA A. | |
| ***-**-4218 | BOOZE, JEAN E. | |
| ***-**-1418 | BOWE JR, LARRY J. | |
| ***-**-5207 | BOYLES, ROBERT J. | |
| ***-**-6727 | BRIANT, JOHN W. | |
| ***-**-0889 | BRICE, MICHAEL S. | |
| ***-**-9954 | BROWN, ANDREW E. | |
| ***-**-3043 | BROWN, CARL L. | Grandfathered Group |
| ***-**-6972 | BROWN, CHRISTINA W. | |
| ***-**-2156 | BULLER, PAUL A. | Grandfathered Group |
| ***-**-3701 | CALLOW, PAUL W. | |
| ***-**-3343 | CARTAS, GLADYS E. | |
| ***-**-3553 | CARTER, DALE W. | |
| ***-**-3711 | CASHMAN, CARRIE | |
| ***-**-2361 | CAVOLI, FREDERICK J. | |
| ***-**-7788 | CHANCE, VICTOR | |
| ***-**-7342 | CHEE, JOYCE | |
| ***-**-6975 | CLARKE, CHRIS E. | |
| ***-**-0494 | COBURN, FRANKLIN | |
| ***-**-5753 | COBURN, ROBERT K. | |
| ***-**-4991 | CRANE, KAREN T. | |
| ***-**-0684 | CROCKER, REGINALD | |
| ***-**-5773 | CROFT, ROBERT R. | |
| ***-**-6066 | CROSS, WILLIAM C. | |
| ***-**-4316 | CUMMINS, STEVEN | |
| ***-**-8332 | CURTIS, BRUCE D. | |
| ***-**-0970 | CURTIS, JULIANA A. | |
| ***-**-4307 | DACEY (McNAB), CHRISTINE M. | |
| ***-**-5524 | DALE, DONALD B. | Grandfathered Group |

Exhibit C

| Last 4 Numbers of SSN | Name | |
|---|---|---|
| ***-**-4563 | D'ANGELO, RICHARD L. | |
| ***-**-1012 | DARBE, WILLIAM M. | |
| ***-**-9204 | DARSNEK, WAYNE D. | |
| ***-**-2683 | DEAL, RYAN | |
| ***-**-3728 | DEBUHR, MERRITTE | Grandfathered Group |
| ***-**-8663 | DECKER, CHARLES E. | |
| ***-**-1828 | DEMARIA, DAVID | |
| ***-**-0448 | DEMERS, LES P. | |
| ***-**-0320 | DENISAR, JOHN W. | |
| ***-**-7423 | DENTON, MICHAEL J. | |
| ***-**-0218 | DERMIGNY, CHARLES F. | |
| ***-**-2817 | DEVOE-GRAY, BARBARA J. | |
| ***-**-4312 | DIAZ, RITA M. | |
| ***-**-3427 | DIFANTI JR, PETER | |
| ***-**-3286 | DOLIN, IRVING M. | |
| ***-**-3623 | DRAKE, VICKI L. | |
| ***-**-7272 | DRINKWATER, ROGER D. | Grandfathered Group |
| ***-**-1509 | DUNMYER, ALBERT L. | |
| ***-**-1889 | DUTOT, PAUL A. | |
| ***-**-4491 | EARLY, THOMAS | Grandfathered Group |
| ***-**-7927 | EBERT, DANIEL F. | |
| ***-**-6310 | EWY, ROBERT J. | |
| ***-**-5023 | FARR JR, JAMES P. | Grandfathered Group |
| ***-**-6096 | FEHER, STANLEY H. | |
| ***-**-8972 | FERGUSON, CHERYL | |
| ***-**-0396 | FINLEY, RAYMOND E. | Grandfathered Group |
| ***-**-4560 | FINSTAD, DUANE A. | |
| ***-**-2898 | FITZPATRICK, JANE A. | |
| ***-**-8493 | FLAVIN, CAROL L. | |
| ***-**-2585 | FLAVIN, KURT D. | |
| ***-**-3026 | FLAVIN, MARK D. | |
| ***-**-3568 | FLOWERS, LINDA A. | |
| ***-**-9259 | FOSTER, JAMES E. | |
| ***-**-2790 | FRAZIER, THOMAS G. | |
| ***-**-6244 | FREEDMAN, BRUCE S. | |
| ***-**-1635 | FRIEDLI, THOMAS C. | |
| ***-**-9060 | FUJAWA, THOMAS F. | |
| ***-**-7557 | FUQUA, NATHAN R. | Grandfathered Group |
| ***-**-3091 | GARGANO, WILLIAM V. | |
| ***-**-4096 | GARLAND, PAUL S. | |
| ***-**-9907 | GAUL, ROBERT | |
| ***-**-9688 | GESSNER, ANDREW V. | |
| ***-**-3282 | GIBBS, JAMES R. | |
| ***-**-9251 | GLOVER, LEE A. | |
| ***-**-8483 | GONZALEZ, CARLOS | |
| ***-**-7974 | GONZALEZ, DEBORA A. | |
| ***-**-1095 | GONZALEZ, JOSE | |

Exhibit C

| Last 4 Numbers of SSN | Name | |
|---|---|---|
| ***-**-7613 | GOTTLIEB, VIVIAN T. | |
| ***-**-6355 | GOULD, VICKI L. | |
| ***-**-4043 | GRANUZZO, JOSEPH A. | |
| ***-**-6573 | GREELING, BONNIE M. | |
| ***-**-8377 | GRINNELL, DONALD | |
| ***-**-5504 | GUTHRIE, JAMES F. | |
| ***-**-7757 | HAMMER, TODD | |
| ***-**-3861 | HAQUE, SHARIFUL | |
| ***-**-7719 | HARPER, RANDAL G. | |
| ***-**-8222 | HARRIS, DALE | |
| ***-**-3353 | HARRIS, JAYNE M. | |
| ***-**-2970 | HATHCOCK, GINA S. | |
| ***-**-6486 | HEENAN, BONNIE L. | Grandfathered Group |
| ***-**-9382 | HERMANN, RICHARD J. | |
| ***-**-7889 | HICKEY, JOHN R. | |
| ***-**-8534 | HILTON, DANIEL S. | |
| ***-**-5923 | HOFFMAN, SCOTT A. | Grandfathered Group |
| ***-**-2793 | HOLMES, PAMELA L. | |
| ***-**-6816 | HOLNESS, FABIAN A. | |
| ***-**-0847 | HONAKER, JACK L. | Grandfathered Group |
| ***-**-5935 | HOVELSRUD, SCOTT | |
| ***-**-3349 | HOWELL, RICK | |
| ***-**-2457 | HREHA-GARGANO, LINDA G. | |
| ***-**-3543 | HUFFE, DAVID J. | |
| ***-**-5637 | HUNTER, CONSTANCE A. | |
| ***-**-1707 | HYATT, PETER A. | |
| ***-**-0970 | ILARIA, RALPH R. | |
| ***-**-7126 | JACKSON, ALEXANDER | |
| ***-**-4768 | JACKSON, GLYNIS B. | |
| ***-**-8387 | JARVIS, DAVID E. | |
| ***-**-9371 | JOHNSON, TRUDY L. | |
| ***-**-6735 | JONES, VIOLA W. | |
| ***-**-1319 | JUBA, EDWARD | |
| ***-**-9788 | KAPLAN, MICHAEL D. | |
| ***-**-9942 | KELLY, JAMES R. | |
| ***-**-5300 | KERNER, MICHAEL | |
| ***-**-5854 | KIEDROWSKI, CHERYL | Grandfathered Group |
| ***-**-3735 | KILBOURNE, STEVEN T. | Grandfathered Group |
| ***-**-4904 | KING, RICHARD L. | |
| ***-**-4678 | KINKEAD, KIRK E. | |
| ***-**-5744 | KITTERMAN, CHARLES R. | |
| ***-**-4325 | KLINE, NANCY L. | |
| ***-**-4161 | KLOEPPEL, LINDA | |
| ***-**-3200 | KNIGHT, RANDALL K. | |
| ***-**-5591 | KNIGHT, TERENCE R. | |
| ***-**-5773 | KRUETZKAMP, ROBERT P. | |
| ***-**-3478 | KRYNSKI, LAWRENCE E. | |

Exhibit C

| Last 4 Numbers of SSN | Name | |
|---|---|---|
| ***-**-9100 | KWONG, ANDREW C. | |
| ***-**-8462 | LANE, MICHAEL | |
| ***-**-0751 | LESKO, JOSEPH O. | |
| ***-**-2795 | LIFFRIG, CORY J. | |
| ***-**-7506 | LINCOLN, RANDY P. | |
| ***-**-7803 | LOEWE, JUDY | Grandfathered Group |
| ***-**-7944 | LORETTE, MICHAEL | |
| ***-**-3780 | LOVATT, LINDA M. | |
| ***-**-6431 | LOVATT, WILLIAM A. | |
| ***-**-2783 | LUC, WESLEY | |
| ***-**-2233 | MACKINNON, ROSS W. | Grandfathered Group |
| ***-**-2308 | MAGNUSON, VERNON S. | |
| ***-**-3110 | MAIN, JOHN M. | |
| ***-**-3154 | MALDONADO, JOEL E. | |
| ***-**-3580 | MANNIX, PATRICK H. | Grandfathered Group |
| ***-**-6842 | MARION, DORIS | |
| ***-**-3792 | MAST, MICHAEL J. | |
| ***-**-2751 | MASTERS, PATRICK M. | |
| ***-**-3746 | MATOS, FELIBERTO | |
| ***-**-9944 | MAY, MICHAEL A. | |
| ***-**-2357 | MC TEER, CURTIS J. | Grandfathered Group |
| ***-**-8606 | MCCARR, JAMES E. | |
| ***-**-3955 | MEDLAM, JAN L. | Grandfathered Group |
| ***-**-4711 | MEUNIER, SUZANNE | Grandfathered Group |
| ***-**-5347 | MILLER III, HENRY L. | |
| ***-**-8421 | MILLER, DAREL R. | |
| ***-**-0270 | MILLER, THOMAS E. | |
| ***-**-6825 | MONTGOMERY, JAMES | |
| ***-**-8905 | MOORE, EDWIN L. | |
| ***-**-6728 | MOORE, MICHAEL F. | |
| ***-**-2651 | MORENO, JUAN | |
| ***-**-4958 | MORES, WALTER | |
| ***-**-2130 | MURRAY, WILLIAM | |
| ***-**-6067 | NAIL, DAVID L. | Grandfathered Group |
| ***-**-6370 | NEWLAND, GRANT A. | |
| ***-**-2663 | NOVATNACK, MARK | |
| ***-**-0014 | O'GORMAN, JOHN | Grandfathered Group |
| ***-**-1806 | ORMSBY, BERTON | Grandfathered Group |
| ***-**-4683 | PARBS, KARL L. | |
| ***-**-4056 | PASAPANE JR, CHESTER | |
| ***-**-6351 | PASTIRCHAK, JOHN A. | |
| ***-**-1149 | PAUL, CHARLES A. | |
| ***-**-8544 | PENDOLA, GEORGE S. | |
| ***-**-0899 | PETRASEK, JOSEPH H. | Grandfathered Group |
| ***-**-6140 | PETRI, BETSY J. | |
| ***-**-3719 | PIPER, PAMELA J. | Grandfathered Group |
| ***-**-2626 | PORTER, KATHY | |

Exhibit C

| Last 4 Numbers of SSN | Name | |
|---|---|---|
| ***-**-6702 | PRIES, EDWARD D. | |
| ***-**-8808 | PURVIS, DAVID M. | |
| ***-**-7480 | PYNE, DAVID L. | |
| ***-**-5594 | QUINCY, JAMES A. | Grandfathered Group |
| ***-**-6172 | RAINER, THELMA | |
| ***-**-2328 | REIFF, DAVID B. | |
| ***-**-5320 | REILLY, BRIAN E. | Grandfathered Group |
| ***-**-6733 | REYNOLDS, CONNIE | Grandfathered Group |
| ***-**-5619 | RICHARDS, LETA Y. | Grandfathered Group |
| ***-**-1835 | ROBERTS, BESSIE M. | |
| ***-**-0468 | ROBERTS, LOLA | |
| ***-**-2270 | ROBINETTE, JAMES C. | |
| ***-**-0439 | RODGERS, GREGORY EDMUND | |
| ***-**-9598 | ROSELLEN, DIETER | Grandfathered Group |
| ***-**-4379 | SAGOR, DAVID W. | |
| ***-**-1055 | SALINAS, CESAR R. | |
| ***-**-3657 | SAREEN, AJIT K. | |
| ***-**-4496 | SAULSBY, BARBARA J. | |
| ***-**-9446 | SAUNDERS, STEVEN T. | |
| ***-**-8998 | SAXTON, EDNA E. | |
| ***-**-2524 | SCHENK, JIM L. | Grandfathered Group |
| ***-**-4790 | SCHOLZ, CURTIS G. | |
| ***-**-9432 | SEMLER, PAMELA | |
| ***-**-2808 | SHERMAN, RICHARD W. | |
| ***-**-7834 | SHUMATE, ROBERT A. | Grandfathered Group |
| ***-**-9672 | SLOAN, THOMAS J. | |
| ***-**-7968 | SLOTTER, THOMAS H. | |
| ***-**-7575 | SMALL, JEFFREY C. | |
| ***-**-8638 | SMITH, JOHNNY | |
| ***-**-8763 | SOLAR, JOSEPH R. | |
| ***-**-7718 | SPARKS, JEFFERY | |
| ***-**-3570 | SPENCER, GWENDOLYN D. | |
| ***-**-1652 | ST ONGE, THOMAS V. | |
| ***-**-9518 | STAYER, BRIAN V. | |
| ***-**-9447 | SWEARINGEN, STEPHEN P. | |
| ***-**-6236 | SWENSON, DONALD K. | Grandfathered Group |
| ***-**-8337 | SWORDS, TIMOTHY | |
| ***-**-2302 | SZIROVATKA, ELIZABETH | |
| ***-**-4447 | TAYLOR-FOX, NITA | |
| ***-**-0018 | THOMPSON, PAUL G. | |
| ***-**-2759 | THORNTON, GERALD P. | |
| ***-**-4914 | TIDBALL, ANN G. | |
| ***-**-0088 | TOOKE, GEORGE R. | |
| ***-**-6312 | TREMBLAY, STEPHEN | |
| ***-**-8930 | TRHLIN, BRIAN E. | Grandfathered Group |
| ***-**-0300 | TRUONG, TAM V. | |
| ***-**-6060 | TUCKER, STEVEN E. | |

Exhibit C

| Last 4 Numbers of SSN | Name | |
|---|---|---|
| ***-**-3129 | URIAS, PAMELA | |
| ***-**-5166 | VELAZQUEZ, GUSTAVO A. | |
| ***-**-0067 | VLACH, KENNETH F. | |
| ***-**-9487 | WALDEN, LINDA M. | |
| ***-**-6232 | WALKER, PHILLIP D. | Grandfathered Group |
| ***-**-9644 | WALLACE, KENNETH J. | |
| ***-**-4788 | WELSH, ROBERT C. | |
| ***-**-9055 | WESBECKER, DARYL E. | |
| ***-**-3901 | WHALEN, JAMES D. | |
| ***-**-9399 | WHISLER, MARK | |
| ***-**-3186 | WHITE, HAZEL | |
| ***-**-5565 | WHITFIELD, LINDA L. | |
| ***-**-9867 | WHITMAN, ROBERT M. | |
| ***-**-1105 | WILD, STANLEY M. | |
| ***-**-9866 | WILHITE, KEVIN | |
| ***-**-3062 | WILLIAMS, CAMILLA M. | |
| ***-**-4034 | WILLIAMS, DAVID A. | |
| ***-**-0136 | WILLIAMS, DWIGHT | |
| ***-**-6385 | WILLIAMS, JANE H. | |
| ***-**-8576 | WILLIAMS, ROBERT H. | |
| ***-**-2434 | WILLIAMS, STEPHEN | |
| ***-**-2805 | WILLIARD, DAVID R. | |
| ***-**-9724 | WILSON, WILLIE C. | |
| ***-**-1440 | WINIKKA, KURT | |
| ***-**-7848 | WOLFE, TAMMY B. | |
| ***-**-5283 | WOOD, DEBRA K. | |
| ***-**-6099 | WOODBURY, KAY | |
| ***-**-5237 | YAMASAKI, STEVEN T. | |
| ***-**-5756 | YODIS, WILLIAM A. | |
| ***-**-0234 | ZANE, ROBERT W. | |

# EXHIBIT D

| SSN of Participant | Last 4 of SSN of Participant | SSN/Tax ID of Payee (blank for surviving spouses or estate represenatives of deceased class members where estate representative or beneficiary not yet known) | Last 4 of SSN of Eligible Beneficiary | Name of Eligible Participant, Eligible Beneficiary or Estate Representative (if not yet known, listed as surviving spouse or estate representative of the participant) |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| Type of Settlement Class Member (if not yet known, listead as Eligible Beneficiary or Eligible Estate Representative) | Former employee on whose behalf the Eligible Participant, Eligible Beneficiary or Eligible Estate Representative is receiving Benefits | Participant Birth Date | Participant death date | Beneficiary SSN |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| Beneficiary Name | Beneficiary Birth Date | Beneficiary Death Date | Pension Status if Beneficiary | Address if Participant is deceased is for beneficiary |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| Address 1 | Address 2 | City | State | ZIP |
|-----------|-----------|------|-------|-----|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

| Country | Group on Plan of Allocation | Amount of Settlement Benefits if Fee Application is approved (to be adjusted, if necessary as set forth in attached document) |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | Allocated Individual Settlement Benefits | |
| | | |
| | | |
| | Estimated Attorneys' Fees | |
| | Estimated Costs | |
| | Gross Settlement Amount | |
| | | |

| SSN | Index from Latest Stip | Last 4 of SSN | Name | Address 1 | Address 2 | City |
|-----|------------------------|---------------|------|-----------|-----------|------|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| State | ZIP | Country | Number |
|-------|-----|---------|--------|
|       |     |         |        |
|       |     |         |        |
|       |     |         |        |
|       |     |         |        |
|       |     |         |        |
|       |     |         |        |
|       |     |         |        |
|       |     |         |        |
|       |     |         |        |
|       |     |         |        |
|       |     |         |        |
|       |     |         |        |
|       |     |         |        |
|       |     |         |        |
|       |     |         |        |
|       |     |         |        |
|       |     |         |        |
|       |     |         |        |
|       |     |         |        |
|       |     |         |        |

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Thomas G. Frazier, a married man, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CV-10-01618-PHX-DJH |
| | ) | |
| Honeywell International, Inc., a Delaware corporation; Honeywell Retirement Earnings Plan; Salaried Employees Pension Plan of Allied Corporation; Salaried Employees Pension Plan of AlliedSignal, Inc.; Salaried Employees Pension Plan of the Bendix Corporation; Pension Plan for Salaried Employees of General Aviation Avionics; Plan Administrator of the Honeywell Retirement Earnings Plan; Plan Administrator of the Salaried Employees Pension Plan of Allied Corporation; Plan Administrator of the Salaried Employees Pension Plan of the Bendix Corporation; Plan Administrator of the Pension Plan for Salaried Employees of General Aviation Avionics, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **ORDER PRELIMINARILY APPROVING SETTLEMENT, CONDITIONALLY MODIFYING CLASS CERTIFICATION ORDER, APPROVING FORM OF NOTICE TO SETTLEMENT CLASS MEMBERS AND SETTING DATE FOR FAIRNESS HEARING** |
| Defendants. | ) | |

THIS MATTER COMING before this Court on Plaintiff's Motion for Preliminary Approval of the Settlement Agreement and Stipulation to conditionally modify the Court's November 20, 2012 Class Certification Order and certify a Settlement Class, and the Court having considered Plaintiff's Motion, the parties' Settlement Agreement, and all Exhibits thereto and having considered all the arguments and evidence at the hearing on Plaintiff's Motion for Preliminary Approval of the Settlement Agreement,

1

IT IS HEREBY ORDERED that this Order incorporates by reference all definitions in the Settlement Agreement and all terms used herein shall have the same meanings as set forth in the Agreement.

IT IS FURTHER ORDERED that with respect to the parties' stipulation in Paragraph 2.11 of the Agreement to conditionally modify the Court's November 20, 2012 Class Certification Order and certify a Settlement Class, the Court hereby conditionally modifies the Court's November 20, 2012 Class Certification Order and conditionally certifies a Settlement Class pursuant to Rule 23(b)(1) of the Federal Rules of Civil Procedure consisting of every person identified on the Plan of Allocation and Exhibit C to the Agreement and every derivative claimant of such persons and conditionally decertifies the classes with respect to Class Members who are not members of the Settlement Class on condition that the Settlement receives Final Approval.

IT IS FURTHER ORDERED:

1.      The Court hereby preliminarily approves the Settlement described in the Agreement as being fair, reasonable, and adequate to the Settlement Class.

2.      The Court hereby approves, as to form and content, the Class Notice attached to the Settlement Agreement as Exhibit A.

3.      The Court hereby approves the Change of Information Form attached to the Settlement Agreement as Exhibit B.

4.      The Court finds that the mailing of the Notice constitutes the best notice practicable under the circumstances, and constitutes valid and sufficient notice to all Settlement Class members, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law.

5.      A Fairness Hearing shall be held on _____, 2015, at _____ _.m., before the Honorable Diane Humetewa, United States District Court Judge, at the United States District Court for the District of Arizona, Sandra Day O'Connor US Courthouse, Courtroom _____, 401 West Washington Street, Phoenix, AZ 85003-2158, for the purpose of determining:

   a.  whether the proposed Settlement as set forth in the Agreement is fair, reasonable and adequate, is in the best interests of the Settlement Class, and should be approved by the Court;

   b.  whether an Order of Judgment should be entered, dismissing with prejudice the claims of the Named Plaintiff and the Settlement Class against Defendants, and that provides for the following:

      1.  adjudging the Settlement to be fair, reasonable and adequate;

      2.  ordering that the Agreement is approved, directing consummation of the terms and provisions of this Agreement, and requiring the Parties to take the necessary steps to effectuate the terms of this Settlement;

      3.  entering the Final Judgment;

      4.  determining pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure that the Class Notice constitutes the best notice practicable under the circumstances, and that due and sufficient notice of the Fairness Hearing and the rights of all members of the Settlement Class has been provided;

      5.  determining that Defendants complied with CAFA and its notice obligations by providing appropriate federal and state officials with information about the Settlement;

      6.  ordering that each member of the Settlement Class shall be (i) conclusively deemed to have, and by operation of the Final Order shall have, fully, finally and forever settled, released, relinquished,

3

waived and discharged Defendants and the Released Parties from all
Released Claims, and (ii) barred from suing Defendants or the
Released Parties in any action or proceeding alleging any of the
Released Claims, even if any member of the Settlement Class may
thereafter discover facts in addition to or different from those which
the members of the Settlement Class now know or believe to be true
with respect to the Action and the Released Claims, whether or not
such members of the Settlement Class have filed an objection to the
settlement embodied in this Agreement or to any application by
Class Counsel for Fee Award, and whether or not the objections or
claims for distribution of such members or the Settlement Class have
been approved or allowed;

7. dismissing with prejudice the Action and claims asserted in the
Complaint, the First Amended Complaint and the Second Amended
Complaint, whether asserted by Named Plaintiff on his own behalf
or on behalf of the Settlement Class, without additional cost to any
of the Parties other than as provided for in the Agreement;

8. approving the Retirement Plan Amendment and awarding
Settlement Benefits consistent with the terms of the Agreement;

9. ordering Defendants consistent with the Agreement to take all
reasonable and diligent steps to pay all benefits due after the
Effective Date to the Grandfathered Group that, in accordance with
the Code, can be paid from the Retirement Plan rather than from the
Supplemental Executive Retirement Plan (to the extent such benefits
were being paid or were scheduled to be paid from the Supplemental
Executive Retirement Plan). To the extent necessary, Honeywell
shall amend the Retirement Plan to pay such benefits to the

4

Grandfathered Group, such benefits shall be in addition to the Gross Settlement Amount and shall not reduce the Settlement Amount;

10. awarding attorneys' fees and costs for Class Counsel pursuant to the Fee Application consistent with the terms of the Agreement;

11. awarding the Case Contribution Award to Named Plaintiff consistent with the terms of the Agreement;

12. ordering the Parties' submission to, and this Court's continuing retention of, exclusive jurisdiction over this matter for the purpose of effectuating and supervising the enforcement, interpretation or implementation of the Settlement, and resolving any disputes that may arise hereunder;

13. entering an injunction barring any Settlement Class member from filing a separate action with respect to the Released Claims;

14. entering an order stating that Defendants shall not be liable to any person for any determinations made by Class Counsel on the Plan of Allocation or for any mistakes, incorrect or incomplete data relied upon by Plaintiffs in preparing and producing the Plan of Allocation;

15. decertifying the class with respect to any Class Member who is not a Settlement Class member on condition that the Agreement receives Final Approval; and

16. dismissing without prejudice the claims of any Class Member who is not a Settlement Class member and tolling the statute of limitations and other time based defenses from March 11, 2011 through the Effective Date (the "Tolled Period") and barring Defendants from including the Tolled Period in the time period calculation used in the assertion of any defense based on the statute of limitations or other time based defenses asserted in any administrative claim or new

5

litigation commenced by a dismissed class member to the extent the new litigation or claim asserts a claim being dismissed.

6.      Class Counsel is directed to add the date and time of the Fairness Hearing, the deadline to object to the Agreement and Fee Award and other dates and information as applicable to the Class Notice and Change of Information Form.

7.      Class Counsel is directed to mail the Class Notice and Change of Information Form to each Settlement Class Member at the last known address provided by Defendants or identified through the United States Postal Service or commercial address update service within 14 days following entry of this Preliminary Approval Order.

8.      The Retirement Plan shall pay as an administrative expense all of the reasonable costs and expenses of notice and attendant distribution expenses including, but not limited to, postage, printing, duplicating and mailing of the Class Notice and Change of Information Form and address searches. The Retirement Plan shall pay such costs and expenses within forty-five (45) days of receipt of a bill from Class Counsel and/or the Claims Administrator and/or other service provider selected by Class Counsel setting forth such actual costs. All other expenses incident to the administration of providing the Class Notice and Change of Information Form and receipt of the Change of Information Form and any expenses incurred by Class Counsel and the Settlement Class in creating or producing the Plan of Allocation shall be borne by Class Counsel and the Settlement Class. The cost of processing Settlement Benefits under the Agreement shall be borne by the Retirement Plan. If the Settlement or the Agreement is terminated for any reason, the Parties shall have no obligation to reimburse any other Party for any other costs or expenses incurred under this Agreement.

9.      At or prior to the Final Fairness Hearing, Class Counsel shall file with the Court and serve upon Defendants' Counsel proof by declaration or affidavit of the mailing of the Class Notice to Settlement Class Members.

6

10.   Class Counsel shall file the Fee Application on or before 28 days prior to date of Fairness Hearing.

11.   Settlement Class members who wish to comment or object to the Agreement, the Plan of Allocation or to the Fee Application must do so no later than fourteen (14) days prior to the Fairness Hearing in accordance with the instructions set forth in the Class Notice.

12.   The Parties shall file any written replies to objections submitted in accordance with paragraph 11 no later than seven (7) calendar days before the Fairness Hearing and the Parties may separately or jointly file motions for final approval of the Settlement no later than seven days before the Fairness Hearing.

13.   If the Settlement does not receive Final Approval either Party shall have the right to declare the Settlement and Agreement null and void with no further force and effect, and the Action shall resume without prejudice to the rights (including, but not limited to, appeal rights) of any Party, unless the Parties successfully renegotiate the settlement and obtain final approval of the renegotiated settlement.  In the event a Party declares the Settlement and this Agreement null and void in accordance with this Paragraph, the Action and any orders entered in connection with the application for approval of the Settlement shall be restored to the *status quo ante* as it existed on February 12, 2015, including the Court's class certification order dated November 20, 2012 and the Court's November 27, 2013 summary judgment order.  In such event, any statements made by any Party in any documents in any documents, settlement documents, court appearance or drafts in connection with this Agreement shall not be admissible in any proceeding or otherwise used in connection with this litigation.

14.   The Court reserves the right to continue or adjourn the date of the Fairness Hearing and any adjournment thereof without further notice to Settlement Class members, and retains exclusive jurisdiction to consider all further matters arising out of or connected with the proposed settlement.

9003/35670-041 current/48540915v2

# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT

FOR DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas G. Frazier, a married man,<br><br>Plaintiffs,<br><br>vs.<br><br>Honeywell International, Inc., a Delaware corporation; Honeywell Retirement Earnings Plan; Salaried Employees Pension Plan of Allied Corporation; Salaried Employees Pension Plan of AlliedSignal, Inc.; Salaried Employees Pension Plan of the Bendix Corporation; Pension Plan for Salaried Employees of General Aviation Avionics; Plan Administrator of the Honeywell Retirement Earnings Plan; Plan Administrator of the Salaried Employees Pension Plan of Allied Corporation; Plan Administrator of the Salaried Employees Pension Plan of the Bendix Corporation; Plan Administrator of the Pension Plan for Salaried Employees of General Aviation Avionics,<br><br>Defendants. | No. 2:10-cv-01618-DJH<br><br><br>**ORDER APPROVING SETTLEMENT AGREEMENT AND CLASS ACTION JUDGMENT** |

This matter having come before the Court for hearing on _____ pursuant to the Court's Order entered _____, (Doc. ____), now upon application of the parties for approval of the Class Action Settlement ("Settlement") set forth in the

Settlement Agreement ("Agreement"), and due and adequate notice having been given to the Settlement Class members as required in the Preliminary Approval Order and the Court having considered all papers filed and proceedings had herein, including the Final Approval Hearing held on _____, to determine the fairness of the Settlement and Plaintiff's Motion for Attorneys' Fees and Costs, (Doc. _____), and otherwise being fully informed in the premises and for good cause appearing therefore, the Court finds that the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class and further finds that Plaintiff's application for attorneys' fees and costs is fair and reasonable.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1.      This Order and Judgment Approving the Agreement incorporates by reference the definitions in the Agreement, and all capitalized terms herein shall have the same meanings as set forth in the Agreement.

2.      This Court has jurisdiction over the subject matter of this Action and over all members of the Settlement Class.

3.      After consideration of the evidence, the Court further finds that the mailing of the Notice constituted the best notice practicable under the circumstances, and that such individual notice to all Settlement Class members constituted valid, due, and sufficient notice to all persons entitled thereto, complying fully with the requirements of Fed. R. Civ. P. 23 and due process.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement as set forth in the Agreement, finds that said Settlement is, in all respects, fair, reasonable, adequate and in the best interests of Settlement Class members, directs that the Settlement be consummated in accordance with the terms and conditions set forth in the Agreement, and orders all Parties to take the necessary steps to effectuate the Settlement as set forth in the Agreement.

5.      Defendants have complied with the Class Action Fairness Act of 2005, PL 109-2 (2005) and 28 U.S.C. § 1715 and its notice obligations by providing appropriate federal and state officials with information about the Settlement.

6.      The Court hereby approves the following findings of fact:

A.      Class Counsel has vigorously prosecuted this case and conducted extensive investigation of the governing law, relevant facts and relevant documents. During the prosecution of the Action, Class Counsel undertook substantial discovery efforts and the parties have exchanged hundreds of thousands of pages of documents and electronic data.  Throughout the Action, Class Counsel has worked with actuarial experts to determine damages and has abundant information on which to make an informed decision about the Settlement.

B.      Class Counsel and Class Counsel's actuaries worked diligently and reasonably to create the Plan of Allocation, which was submitted to this Court in redacted form and served on Defendants on April 8, 2015, and the Plan of Allocation is fair, reasonable and equitable.

C.      The Settlement provides for a Gross Settlement Amount, including Settlement Benefits and Class Counsel's Fee Award, in an aggregate value of $7,625,000.  After adjustment for the Fee Award, all Settlement Benefits will be allocated to Eligible Participants, Eligible Beneficiaries, surviving spouses and estate representatives as set forth in the Plan of Allocation.

D.      The Settlement eliminates the risks inherent in continuing the litigation in this case, including the risk that there could eventually be no monetary recovery for Settlement Class members.

E.      Given the complexity of the issues remaining and the risks to the Settlement Class and the further delay that would be entailed in continued litigation, including potential trials, and the subsequent appeal of any judgment after

such trials, the Settlement is fair, reasonable and in the best interests of the Settlement Class.

F.    Considering the rulings to date and considering the uncertainty of the outcome of the pending motion to decertify the class, the possibility of trial and appeal and the expected duration of litigation, the amount offered in the Settlement is highly favorable.

G.    Class Counsel has extensive experience in ERISA litigation and Class Counsel is therefore well equipped to negotiate a fair settlement for Named Plaintiff and the Settlement Class. Class Counsel's opinion merits great weight both because of Class Counsel's familiarity with the Action and because of their extensive experience in similar actions.

H.    The Settlement is the result of an extensive arm's length adversarial negotiation and mediation process. The parties engaged in mediation with Robert Meyer, Esquire, a nationally recognized and highly experienced mediator with substantial complex class action knowledge.

I.    All counsel represented the interests of their clients vigorously and devoted a considerable amount of time, effort and resources to secure the terms of the Settlement, including the Plan of Allocation to ensure a fair, adequate and equitable distribution of Settlement Benefits.

J.    As set forth in Plaintiff's Motion for Attorneys' Fees and Costs and supporting documentation, (Docs. _____), Class Counsel's Fee Application, which consisted of a request for $_____ in costs and an amount for attorney's fees of _____, is fair, reasonable and appropriate in accordance with the standards set forth in this Circuit and Local Rule 54.2(c)(3), and the Fee Award, to be deducted from the Settlement Amount and paid from the Retirement Plan as an administrative expense of the Retirement Plan, represents attorney's fees and costs reasonably expended in prosecuting the Action.

7.      The terms and provisions of the Settlement as embodied by the parties' Agreement have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure and the Rules of this Court and any other applicable law or due process requirements. The Parties are hereby directed to comply with the terms of the Agreement and this Order and Final Judgment.

8.      The Court hereby approves the Retirement Plan Amendment and awards Settlement Benefits to the members of the Settlement Class consistent with the Plan of Allocation and the terms of the Agreement.

9.      The Plan of Allocation is hereby approved as fair and reasonable. The distribution to Settlement Class members as set forth in the Plan of Allocation is final and non-appealable. As set forth in the Agreement, Defendants shall take all reasonable and diligent steps to pay all eligible Settlement Class members by the Initial Payment Date and to provide interest at the Applicable Interest Rate in accordance with the terms of the Agreement.

10.     In accordance with the Agreement, Defendants shall take all reasonable and diligent steps to pay all benefits due after the Effective Date to the Grandfathered Group that, in accordance with the Code, can be paid from the Retirement Plan rather than from the Supplemental Executive Retirement Plan (to the extent such benefits were being paid or were scheduled to be paid from the Supplemental Executive Retirement Plan). To the extent necessary, Honeywell shall amend the Retirement Plan to pay such benefits to the Grandfathered Group, such benefits shall be in addition to the Gross Settlement Amount and shall not reduce the Settlement Amount.

11.     In accordance with the Agreement, Defendants shall not be liable to any person for any determinations made by Class Counsel on the Plan of Allocation or for any mistakes, incorrect or incomplete data relied upon by Named Plaintiff and Class Counsel in preparing and producing the Plan of Allocation.

12.     Named Plaintiff's request for a Case Contribution Award in the amount of $20,000.00 is granted.  Defendants are hereby ordered to pay Named Plaintiff a Case Contribution Award in the amount of $20,000.00 from the Retirement Plan as an administrative expense of the Plan.  Such payment shall be made within thiry (30) days of Final Approval.

13.     Plaintiff's Motion for an Award of Attorneys' Fees and Costs is granted. Defendants are hereby ordered to pay Class Counsel attorneys' fees in the amount of $_____.     Further, Defendants are hereby ordered to pay Class Counsel an additional amount of $_____ in costs, for a total payment of $_____ as attorneys' fees and costs.  Such fees and costs shall be paid to Class Counsel within thirty (30) days of Final Approval as set forth in the Agreement.

14.     Named Plaintiff, and each of the Settlement Class members, on behalf of themselves, their successors, assigns, and any other person claiming (now and in the future) through or on behalf of them, and regardless of whether any such Named Plaintiff or Settlement Class member ever obtains by any means any distribution from the Settlement, are deemed to have, and by operation of the Final Judgment have fully, finally and forever settled, released, relinquished, waived and discharged all Released Claims against all Released Parties and shall have covenanted not to sue all such Released Parties with respect to all such Released Claims, and are permanently barred and enjoined from instituting, commencing, or prosecuting a separate action with respect to any such Released Claim against any Released Parties, even if any member of the Settlement Class may hereafter discover facts in addition to or different from those which the members of the Settlement Class now know or believe to be true with respect to the Action and the Released Claims.

15.     The Court retains exclusive jurisdiction over this matter, and the Parties submit to such exclusive jurisdiction, with respect to effectuating and supervising the interpretation, implementation, and enforcement of the Agreement and any disputed questions of law or fact related thereto as provided in the Agreement.

16.     The Action is hereby dismissed with prejudice as to the Settlement Class, without additional cost to any of the Parties other than as provided for in the Agreement and herein.

17.     The Classes certified by the Court on November 20, 2012 are hereby decertified with respect to any Class Member who is not a Settlement Class member, subject to Final Approval, and the Action is hereby dismissed without prejudice as to Class Members not in the Settlement Class.  The statute of limitations and other time based defenses shall be tolled from March 11, 2011 through the Effective Date (the "Tolled Period") and Defendants are barred from including the Tolled Period in the time period calculation used in the assertion of any defense based on the statute of limitations or other time based defenses asserted in any administrative claim or new litigation commenced by a dismissed class member to the extent any such new litigation or claim asserts a claim being dismissed.

18.     Defendants' Motion to Vacate the Court's November 27, 2013 summary judgment order is granted subject to Final Approval as defined in the Agreement.

19.     The Clerk shall enter Final Judgment pursuant to Fed. R. Civ. P. 54(b) and Fed. R. Civ. P. 58(a).

# EXHIBIT G

## Exhibit G to Settlement Agreement

## List of Pension Plans In Which A Settlement Class Member Participated

AlliedSignal Inc. Retirement Growth Plan

AlliedSignal Inc. Retirement Program (Provisions Relating to Allied Salaried Employees)

AlliedSignal Inc. Retirement Program (Provisions Relating to Covered Employees at the Company's Signal Locations)

Honeywell Retirement Benefit Plan

Honeywell Retirement Earnings Plan

Kansas City Division (Honeywell International Inc.) Hourly Employees Pension Plan

Novar USA Pension Plan

Pension Equity Plan of AlliedSignal Inc.

Pension Plan for Salaried Employees of General Aviation Avionics