# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas G. Frazier,<br><br>              Plaintiff,<br><br>v.<br><br>Honeywell Retirement Earnings Plan, et al.,<br><br>              Defendants. | No. CV-10-01618-PHX-DJH<br><br>**ORDER AND JUDGMENT** |

On April 28, 2015, this Court, among other things, preliminarily approved a Class Action Settlement ("Settlement"). *See* Doc. 317. Pursuant to that Order, on July 21, 2015, this Court conducted a Fairness Hearing where it considered, *inter alia*, "Plaintiff's Motion for Final Approval of Class Action Settlement Agreement" (Doc. 324); "Plaintiff's Motion for Award of Attorneys' Fees, Costs, and Case Contribution Award" (Doc. 322); and a "Joint Motion to Vacate Order on Summary Judgment" (Doc. 319). After considering the foregoing, all papers filed and proceedings had herein, including counsels' comments during the Fairness Hearing, the Settlement Agreement ("Agreement"), and due and adequate notice having been given to the Settlement Class members as required in the Preliminary Approval Order (Doc. 317), and "Plaintiff's Notice Regarding Absence of any Objections to the Settlement Agreement, the Plan of Allocation or the Fee Application (Doc. 327), the Court finds that the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class and further finds that Plaintiff's award sought for attorneys' fees, costs and the case contribution award is

fair and reasonable.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. This Order and Judgment Approving the Agreement incorporates by reference the definitions in the Agreement, and all capitalized terms herein shall have the same meanings as set forth in the Agreement.

2. This Court has jurisdiction over the subject matter of this Action and over all members of the Settlement Class.

3. After consideration of the evidence, the Court further finds that the mailing of the Notice constituted the best notice practicable under the circumstances, and that such individual notice to all Settlement Class members constituted valid, due, and sufficient notice to all persons entitled thereto, complying fully with the requirements of Fed. R. Civ. P. 23 and due process.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement as set forth in the Agreement, finds that said Settlement is, in all respects, fair, reasonable, adequate and in the best interests of Settlement Class members, directs that the Settlement be consummated in accordance with the terms and conditions set forth in the Agreement, and orders all Parties to take the necessary steps to effectuate the Settlement as set forth in the Agreement.

5. Defendants have complied with the Class Action Fairness Act of 2005, PL 109-2 (2005) and 28 U.S.C. § 1715 and its notice obligations by providing appropriate federal and state officials with information about the Settlement.

6. The Court hereby approves the following findings of fact:

    A. Class Counsel has vigorously prosecuted this case and conducted extensive investigation of the governing law, relevant facts and relevant documents. During the prosecution of the Action, Class Counsel undertook substantial discovery efforts and the parties have exchanged hundreds of thousands of pages of documents and electronic data. Throughout the Action, Class Counsel has worked with actuarial experts

to determine damages and has abundant information on which to make an informed decision about the Settlement.

  B. Class Counsel and Class Counsel's actuaries worked diligently and reasonably to create the Plan of Allocation, which was submitted to this Court in redacted form and served on Defendants on April 8, 2015, and the Plan of Allocation is fair, reasonable and equitable.

  C. The Settlement provides for a Gross Settlement Amount, including Settlement Benefits and Class Counsel's Fee Award, in an aggregate value of $7,625,000. After adjustment for the Fee Award, all Settlement Benefits will be allocated to Eligible Participants, Eligible Beneficiaries, surviving spouses and estate representatives as set forth in the Plan of Allocation.

  D. The Settlement eliminates the risks inherent in continuing the litigation in this case, including the risk that there could eventually be no monetary recovery for Settlement Class members.

  E. Given the complexity of the issues remaining and the risks to the Settlement Class and the further delay that would be entailed in continued litigation, including potential trials, and the subsequent appeal of any judgment after such trials, the Settlement is fair, reasonable and in the best interests of the Settlement Class.

  F. Considering the rulings to date and considering the uncertainty of the outcome of the pending motion to decertify the class, the possibility of trial and appeal and the expected duration of litigation, the amount offered in the Settlement is highly favorable.

  G. Class Counsel has extensive experience in ERISA litigation and Class Counsel is therefore well equipped to negotiate a fair settlement for Named Plaintiff and the Settlement Class. Class Counsel's opinion merits great weight both because of Class Counsel's familiarity with the Action and because of their extensive experience in similar actions.

  H. The Settlement is the result of an extensive arm's length adversarial

negotiation and mediation process. The parties engaged in mediation with Robert Meyer, Esquire, a nationally recognized and highly experienced mediator with substantial complex class action knowledge.

       I.     All counsel represented the interests of their clients vigorously and devoted a considerable amount of time, effort and resources to secure the terms of the Settlement, including the Plan of Allocation to ensure a fair, adequate and equitable distribution of Settlement Benefits.

       J.     As set forth in Plaintiff's Motion for Attorneys' Fees and Costs and supporting documentation, (Docs. 322, 322-1, 322-5, and 326), Class Counsel's Fee Application, consisting of a request for $416,303.82 in costs and expenses and an amount for attorneys' fees of $2,211,250.00, is fair, reasonable and appropriate in accordance with the standards set forth in this Circuit and Local Rule 54.2(c)(3), and the Fee Award, to be deducted from the Settlement Amount and paid from the Retirement Plan as an administrative expense of the Retirement Plan, represents attorneys' fees and costs reasonably expended in prosecuting the Action.

7. The terms and provisions of the Settlement as embodied by the parties' Agreement have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure and the Rules of this Court and any other applicable law or due process requirements. The Parties are hereby directed to comply with the terms of the Agreement and this Order and Final Judgment.

8. The Court hereby approves the Retirement Plan Amendment and awards Settlement Benefits to the members of the Settlement Class consistent with the Plan of Allocation and the terms of the Agreement.

9. The Plan of Allocation is hereby approved as fair and reasonable. The distribution to Settlement Class members as set forth in the Plan of Allocation is final and non-appealable. As set forth in the Agreement, Defendants shall take all reasonable and

1  diligent steps to pay all eligible Settlement Class members by the Initial Payment Date
2  and to provide interest at the Applicable Interest Rate in accordance with the terms of the
3  Agreement.

4       10.    In accordance with the Agreement, Defendants shall take all reasonable and
5  diligent steps to pay all benefits due after the Effective Date to the Grandfathered Group
6  that, in accordance with the Code, can be paid from the Retirement Plan rather than from
7  the Supplemental Executive Retirement Plan (to the extent such benefits were being paid
8  or were scheduled to be paid from the Supplemental Executive Retirement Plan).  To the
9  extent necessary, Honeywell shall amend the Retirement Plan to pay such benefits to the
10 Grandfathered Group, such benefits shall be in addition to the Gross Settlement Amount
11 and shall not reduce the Settlement Amount.

12       11.    In accordance with the Agreement, Defendants shall not be liable to any
13 person for any determinations made by Class Counsel on the Plan of Allocation or for
14 any mistakes, incorrect or incomplete data relied upon by Named Plaintiff and Class
15 Counsel in preparing and producing the Plan of Allocation.

16       12.    Named Plaintiff, and each of the Settlement Class members, on behalf of
17 themselves, their successors, assigns, and any other person claiming (now and in the
18 future) through or on behalf of them, and regardless of whether any such Named Plaintiff
19 or Settlement Class member ever obtains by any means any distribution from the
20 Settlement, are deemed to have, and by operation of the Final Judgment have fully,
21 finally and forever settled, released, relinquished, waived and discharged all Released
22 Claims against all Released Parties and shall have covenanted not to sue all such
23 Released Parties with respect to all such Released Claims, and are permanently barred
24 and enjoined from instituting, commencing, or prosecuting a separate action with respect
25 to any such Released Claim against any Released Parties, even if any member of the
26 Settlement Class may hereafter discover facts in addition to or different from those which
27 the members of the Settlement Class now know or believe to be true with respect to the
28 Action and the Released Claims.

13. The Court retains exclusive jurisdiction over this matter, and the Parties submit to such exclusive jurisdiction, with respect to effectuating and supervising the interpretation, implementation, and enforcement of the Agreement and any disputed questions of law or fact related thereto as provided in the Agreement.

14. Plaintiff's Motion for Final Approval of Class Action Settlement Agreement (Doc. 324) is granted.

15. Plaintiff's Motion for an Award of Attorneys' Fees and Costs, *inter alia*, (Doc. 322) is granted. Defendants are hereby ordered to pay Class Counsel attorneys' fees in the amount of $2,211,250.00. Further, Defendants are hereby ordered to pay Class Counsel an additional amount of $416,303.82 in costs and expenses, for a total payment of $2,627,553.82 as attorneys' fees, costs, and expenses. Such fees, costs, and expenses shall be paid to Class Counsel within thirty (30) days of Final Approval.

16. Named Plaintiff's Motion for a Case Contribution Award, *inter alia*, (Doc. 322) is granted. Defendants are hereby ordered to pay Named Plaintiff a Case Contribution Award in the amount of $20,000.00 from the Retirement Plan as an administrative expense of the Plan. Such payment shall be made within thirty (30) days of Final Approval.

17. The Action is hereby dismissed with prejudice as to the Settlement Class, without additional cost to any of the Parties other than as provided for in the Agreement and herein.

18. The Classes certified by the Court on November 20, 2012 are hereby decertified with respect to any Class Member who is not a Settlement Class member, subject to Final Approval, and the Action is hereby dismissed without prejudice as to Class Members not in the Settlement Class. The statute of limitations and other time based defenses shall be tolled from March 11, 2011 through the Effective Date (the "Tolled Period") and Defendants are barred from including the Tolled Period in the time period calculation used in the assertion of any defense based on the statute of limitations or other time based defenses asserted in any administrative claim or new litigation

commenced by a dismissed class member to the extent any such new litigation or claim asserts a claim being dismissed.

19. The Joint Motion to Vacate Order on Summary Judgment (Doc. 319) is granted subject to Final Approval.

20. The Clerk shall enter Final Judgment pursuant to Fed. R. Civ. P. 54(b) and Fed. R. Civ. P. 58(a).

**Dated** this 22nd day of July, 2015.

Honorable Diane J. Humetewa
United States District Judge